UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS (Boston)

| | | |
|---|---|---|
| In re: Jason Kahan,<br>Debtor | ) | Chapter 7<br>Case No. 24-11592JEB |

**ENTERPRISE BANK AND TRUST COMPANY'S**
**MOTION FOR IN REM RELIEF FROM AUTOMATIC STAY AND CO-DEBTOR AUTOMATIC STAY**

Enterprise Bank and Trust Company ("Enterprise") hereby moves the Court pursuant to Section 362 of the Bankruptcy Code for an order granting **In Rem** relief from the automatic stay and co-debtor stay with respect to certain real estate located at 23 Sagamore Lane, Boxford, Massachusetts and owned by the Debtor, Jason Kahan ("Kahan") and his wife, Olga Bassa ("Bassa") and which is subject to a mortgage and security interests held by Enterprise. As grounds for its Motion, Enterprise states that cause exists for relief from the automatic stay as the mortgage loan arrearages total more than **$200,000.00** and the Debtor does not have any equity in the referenced property. Enterprise seeks **In Rem** relief from the automatic stay given that the instant filing is the Debtor's second filing in the last year and, when coupled with Bassa's 2024 bankruptcy filing, the third bankruptcy filed by Debtor and Bassa within days of three separate foreclosure sales that Enterprise has scheduled as to the subject property in the last year. The multiple bankruptcy filings appear to be part of a scheme to delay or hinder Enterprise's efforts to foreclose the Debtor's primary residence. As further grounds for its Motion, Enterprise states as follows:

1. Enterprise is a duly organized banking institution with a mailing address of 222 Merrimack Street, Lowell, Massachusetts

2. The Debtor and Bassa are the owners of real estate located at 23 Sagamore Lane, Boxford, Massachusetts (the "Property").

3. Debtor and Bassa granted Enterprise a Mortgage (the "Mortgage") on the Property dated February 12, 2019. The Mortgage is recorded with the Essex County (Southern District) Registry of Deeds

in Book 37327, Page 411. A true and accurate copy of the Mortgage is attached hereto as Exhibit "A". The Property is believed to be the Debtor's principal residence.

4. The Mortgage was granted to secure payment of a Note ("Note") by Debtor and Bassa to Enterprise in the amount of $1,280,000.00. A true copy of the Note is attached hereto as Exhibit "B".

5. As of August 12, 2024, $1,255,784.54 is due with regard to Enterprise's Note and Mortgage.

6. There are liens and encumbrances on the Property as follows:

| Holder | Lien/Encumbrance | Amount |
|---|---|---|
| Enterprise | First Mortgage | $1,255,784.54 |
| First Boston Associates, LLC | Second Mortgage | $ 225,000.00** |
| Mass DOR | Tax Lien | $ 32,272.83** |
| IRS | Tax Lien | $ 194,355.50** |
| QL Boston LLC | Attachment | $ 142,202.00** |
| A&M Management Group LLC | Attachment | $ 400,000.00** |
| Northeast Building Supply Co. | Attachment | $ 60,273.83** |
| | Total | $2,309,888.70 |

**Amounts per Registry of Deed records

7. Enterprise states that the Property is worth $1,540,000.00 per the Residential Evaluation (Exterior) that is attached hereto as Exhibit "C". US Bank states that the liquidation value for the Property is no more than $1,446,600.00, said figure representing the fair market value of $1,540,000.00, less a broker's fee of 6% or $92,400.00, less attorney's fees for the closing of $600.00, less recording fees of $400.00. The Debtor does not appear to have equity in the Property if it is sold at a non-consensual sale.

8. Debtor filed for relief under Chapter 7 on August 7, 2024. Enterprise states that no other property secures the loan.

9. Debtor's first post-petition payment to Enterprise will become due on September 1, 2024 and the Debtor's regular monthly payment amount is $8,884.46. The loan arrearages on the Debtor's loan are currently $206,627.86 and the loan is due for the February 1, 2023 through August 1, 2024 payments. Said arrearage amount includes $156,907.58 in delinquent monthly payments, insurance and escrow, late fees of $4,892.90 and $44,827.38 in fees and costs.

10. Enterprise notes that the Debtor previously filed a Chapter 13 case (Case No. 23-11830JEB) on November 7, 2023 and Enterprise filed a Motion for Relief from Stay as part of said action. Said Motion was mooted by the dismissal of the action on March 1, 2024. Prior to the dismissal of the prior action, the Debtor exhibited bad faith by "bouncing" 3 checks to Enterprise totaling $19,500.00 and by misrepresenting to Enterprise that he had wired the full post-petition arrearages to Enterprise when, in fact, he had not wired any funds to Enterprise. The Debtor never "made good" upon any of the 3 bounced checks that he tendered to Enterprise. The Court's dismissal Order as to the Debtor's prior bankruptcy filing is attached hereto as Exhibit "D" and raised issues as to the good faith of the Debtor's prior bankruptcy filing. In particular, the Court dismissed the Debtor's prior case with prejudice and the Order which issued stated in relevant part as follows:

> **"…As set forth more fully on the record at the hearing, the Court and creditors raised concerns regarding the Debtor's good faith, including the Debtor's inaccurate initial filings, with omissions of key creditors, and the Debtor's failure to file complete and accurate schedules and statement of affairs in the over 16 weeks the case has been pending. Such inaccuracies and omissions are particularly troubling given the sophistication of the Debtor...The case is dismissed with prejudice to the Debtor filing a case under Chapter 11 or Chapter 13 of the Code at any time prior to March 1, 2025. This order shall not preclude the Debtor from filing a case under Chapter 7 of the Code." (emphasis supplied)**

11. In addition to the Debtor's two bankruptcy filings, Bassa also filed a Chapter 13 bankruptcy on March 1, 2024 (See Case No. 24-10404). Said case was converted to Chapter 7 on May 2, 2024 and she received a Discharge on August 7, 2024. The Debtor's prior bankruptcy case, Olga's prior bankruptcy case and the instant action were all filed within three days of the three separate foreclosure sales that Enterprise scheduled on November 8, 2023, March 4, 2024 and August 7, 2024. Accordingly, Enterprise suggests that the Debtor's instant filing is not a legitimate effort to reorganize but an effort to stave off Enterprise's efforts to foreclose the subject Property

12. The Debtor also claims to be awash in millions of dollars of bitcoin and shortly before the instant bankruptcy indicated that he would reinstate the subject loan via his bitcoin holdings. His wife, Bassa indicates in Part 8 of her Chapter 13 Plan filed with the Court in her case (24-10404) that the Debtor "…is also the owner of 1807 bitcoins having a current fair market value of $128,322,641.00 (at the market value of $71,014.13 as of March 27, 2024)." The Debtor has been promising to reinstate his loan with Enterprise with

bitcoin for several years but none of his promises have come to fruition. It is unclear why the Debtor hasn't simply liquidated a small portion of his $100 million dollars or so in bitcoin to pay his numerous creditors and stave off the foreclosure of the Property. It is also unclear why a bitcoin king like the Debtor can't assist his wife, Bassa, in making her car payments (she claims to be unemployed) as she is apparently more than 2 years behind on her payments on a 2019 Escalade per an August 7, 2024 Motion for Relief filed by a creditor in Bassa's bankruptcy case.

13. The Debtor's prior conduct warrants In Rem relief because such relief is the only method to protect Enterprise from the misuse of the Bankruptcy Code by the Debtor. The Debtor has demonstrated that his bankruptcy filings are not honest attempts to restructure the debts at issue and/or obtain a fresh start, but rather schemes to delay and hinder Enterprise from the legitimate exercise of its right to foreclose the Mortgage. An Order granting In Rem relief from the automatic stay is an appropriate remedy when a Debtor serially files bankruptcy petitions solely to invoke the automatic stay. <u>In re: Gonzalez-Ruiz</u>, 341 B.R. 371, 384 (BAP 2006). Enterprise seeks relief from stay In Rem as a secured creditor to enforce its rights under the loan documents and applicable law. The In Rem nature of any order which were to issue creates an equitable servitude on the property and affords the movant the right to continue to exercise its rights without the necessity of filing for relief from the automatic stay in any subsequent bankruptcy filings that affect the Property. The serial filings in this matter warrant that the relief be granted In Rem.

14. Enterprise Bank and Trust Company seeks **In Rem** relief from stay:

a) Pursuant to 11 U.S.C. 362(d)(1) and (d)(2) as cause exists, there is no equity in the Property and the action appears to have been filed in bad faith.

WHEREFORE, Enterprise Bank and Trust Company respectfully requests that:

1. The stay against enforcement by Enterprise of its rights and remedies under the Mortgage pursuant to Section 362(a) of the Bankruptcy Code, as well as any other stays imposed by the Bankruptcy Code and the Bankruptcy Rules, including, without limitation, the pursuit of summary process proceedings including use and occupancy and possession by order of this Court be terminated and annulled;

2. That Enterprise be permitted to exercise all of its rights as a Mortgagee and secured

creditor, including exercise of the Statutory Power of Sale or taking a deed from the Debtor in lieu thereof, and bringing such actions, including, without limitation, summary process proceedings, and actions for use and occupancy and possession of the Property as are permissible by law;

3. That the Debtor be restrained from in any way destroying or in any way diminishing the value of any of the Property;

4. That In Rem Relief from the Automatic Stay enter as to the property located at 23 Sagamore Lane, Boxford, Massachusetts;

5. For Relief from the non-filing Co-Debtor automatic stay as to Olga Bassa; and

6. For such other and further relief as the Court determines to be just.

Dated at Natick, Massachusetts this 15th day of August, 2024.

ENTERPRISE BANK AND TRUST COMPANY
By its attorney,

/s/ *Robert F. Tenney*

Robert F. Tenney (BBO#565092)
Cunningham, Machanic, Cetlin
Johnson, Harney & Tenney, LLP
220 North Main Street
Natick, MA 01760
(508) 651-7524
rtenney@cmlaw.net

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS (Boston)

| | |
|---|---|
| In re: Jason Kahan,<br>Debtor | Chapter 7<br>Case No. 24-11592JEB |

## CERTIFICATE OF SERVICE

I, Robert F. Tenney, Esquire, state that on August 15, 2024, I electronically filed the foregoing ENTERPRISE BANK AND TRUST COMPANY'S MOTION FOR IN REM RELIEF FROM AUTOMATIC STAY AND CO-DEBTOR STAY and ORDER GRANTING IN REM RELIEF FROM AUTOMATIC STAY with the United States Bankruptcy Court for the District of Massachusetts using the CM/ECF System. I served the foregoing documents on the following CM/ECF participants:

Barry Levine, Esq.
John Desmond, Esq.
Richard King, Esq.

I certify that I have mailed by first class mail, postage prepaid the documents electronically filed with the Court on the following non CM/ECF participants:

| | |
|---|---|
| Olga Bassa<br>23 Sagamore Lane<br>Boxford, MA 01921 | Jason Kahan<br>23 Sagamore Lane<br>Boxford, MA 01921 |
| Tax Collector's Office<br>Town of Boxford<br>7A Spofford Road<br>Boxford, MA 01921 | First Boston Associates, LLC<br>859 Willard Street<br>One Adam Place #501<br>Quincy, MA 02169 |
| Massachusetts Department of Revenue<br>Attn : Bankruptcy Unit<br>PO Box 7090<br>Boston, MA 02204 | Internal Revenue Service<br>1111 Constitution Avenue Northwest<br>District of Columbia 20090 |
| QL Boston LLC<br>c/o Tim Perry, Esq.<br>Perry Krumsiek LLP<br>One Boston Place, Suite 2600<br>Boston, MA 02108 | A&M Management Group LLC<br>c/o Laurence Richmond, Esq.<br>Richmond & Co. LLC<br>44 Washington Street, Suite 150<br>Wellesley Hills, MA 02481 |
| Northeast Building Supply LLC<br>c/o Carlo Cellai, Esq.<br>268 Summer Street<br>Boston, MA 02210 | First Boston Associates, LLC<br>c/o Riemer & Braunstein, LLP<br>100 Cambridge Street<br>Boston, MA 02114 |

ENTERPRISE BANK AND TRUST COMPANY,
By its attorney,

/s/ *Robert F. Tenney*

Robert F. Tenney (BBO#565092)
Cunningham, Machanic, Cetlin
Johnson, Harney & Tenney, LLP
220 North Main Street
Natick, MA 01760
(508) 651-7524
rtenney@cmlaw.net

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS (Boston)

| | | |
|---|---|---|
| In re: Jason Kahan, | ) | |
| Debtor | ) | Chapter 7 |
| | ) | Case No. 24-11592JEB |

**ORDER GRANTING IN REM RELIEF FROM AUTOMATIC STAY AND CO-DEBTOR STAY**

This matter has come before the Court, and after full consideration, it is hereby ordered that Enterprise Bank and Trust Company's Motion for In Rem Relief from the Automatic Stay and Co-Debtor Stay is hereby granted and it may proceed to foreclose or accept a deed in lieu of foreclosure of the mortgage given by Olga Bassa and Jason Kahan to Enterprise Bank and Trust Company dated February 12, 2019 and recorded with the Essex County (Southern District) Registry of Deeds in Book 37327, Page 411 and which covers the property located at 23 Sagamore Lane, Boxford, Massachusetts and may exercise its rights under said Mortgage, including preserving its rights to seek any deficiency to the extent permitted by state and federal law, including 11 U.S.C. Section 524(a), and may bring such actions, including, without limitation, summary process proceedings, as are permissible by law, all as set forth in its Motion. Relief from the Co-Debtor Stay is also Allowed. The In Rem nature of this order creates an equitable servitude on the Property and affords the movant the right to continue to exercise its rights without the necessity of filing for relief from Automatic Stay in any subsequent bankruptcy filings that affect the property located at 23 Sagamore Lane, Boxford, Massachusetts.

Dated: ______________________________ ______________________________

Honorable ______________________________
United States Bankruptcy Judge