UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

In Re:

JASON M. KAHAN
      Debtor

Chapter 7
Case No. 24-11592-JEB

**DEBTOR'S MOTION FOR DECLARATORY DETERMINATION REGARDING THE RESPECTIVE RIGHTS OF THE DEBTOR AND HIS TRUSTEE WHERE THE DEBTOR'S CREDITORS' CLAIMS ARE <u>FEWER THAN THREE PERCENT OF THE DEBTOR'S TOTAL ESTATE</u>**

To the Honorable Janet E. Bostwick, Chief Bankruptcy Judge:

      Now respectfully represents Jason M. Kahan (herein "Debtor"), Debtor in the above-captioned Chapter 7 proceeding, who moves this Honorable Court for a declaratory determination regarding the respective rights of the Debtor and his Chapter 7 Trustee, Donald Lassman, Esquire (herein "DL') in a unique situation where (i) the Debtor's scheduled claims are approximately $5.0 million, (ii) the Debtor's total estate is approximately $200.0 million, and (iii) the Debtor holds a greater interest in his estate than his creditors whose interest in the Debtor's estate is less than 3%.  In such a situation, the Debtor believes that the Court should impose a set of conditions and standards protecting both the interest of the Debtor and of DL and his creditors.

      In support hereof, the Debtor states the following:

1. That the Debtor's Chapter 7 was commenced on August 7, 2024 with the filing of the instant petition.

2. That DL was appointed successor Chapter 7 Trustee to John Desmond, Esquire on or about September 8, 2024, and has acted as the Chapter 7 Trustee since that time.

3. That at the time of the filing, the Debtor listed as one of his assets on Schedule B an accumulation of 1,810 bitcoin now having a market value of approximately $200.0 million.

3. That since the time of the filing, the Debtor believes that DL has confirmed he is the owner of 1,810 bitcoin having, as noted supra, a current value of approximately $200.0 million.

4.      That DL has now confirmed the existence of the Debtor's bitcoin and is now seeking to appoint Kenneth Cuccinneli, Esquire, as his counsel to assist in the recovery of the Debtor's bitcoin which is not currently held by the Debtor.

5.      That it has been determined that the Debtor's bitcoin is being held by a gentleman having the name of Hunter Penn (herein "Penn"), who is believed to currently reside in Springfield, Massachusetts and claims to be the "custodian" of the Debtor's bitcoin.

6.      That compounding matters is that Penn has refused and continues to refuse to return the bitcoin to its rightful owner, the Debtor.

7.      That the Debtor and DL are both working to secure the bitcoin's freedom and it goes without saying that neither wants to overstep the rights to same from the other.

8.      That the Debtor believes that this may be a case of first impression where the Debtor's interest in the estate is equivalent to if not greater than that of DL and his creditors interest in same.

9.      That in this instance where the Debtor's interest in his bitcoin is $195.0 million, the Debtor believes that this Court's guidance is necessary and needed to provide insight into any number of situations that may arise in seeking the recovery of the Debtor's stash of bitcoin as follows:

    (i)     Does the Debtor have rights independent of DL to seek recovery of his bitcoin interest from the so-called custodian?

    (ii)    Can the Debtor offer up a share his interest in the bitcoin as collateral to undertake the recovery process of same without DL's concurrence?

    (iii)   One thought has been to offer the co-called custodian to give up his wrongful possession of the bitcoin in exchange for a not insignificant payment of let us say $5.0 or $10.0 million.  Who is the person to make that offer?  The Debtor, whose interest in the bitcoin is $195.0 million or DL whose interest in the bitcoin is $5.0 million.  Clearly in such a situation, DL would be offering a sum greater than his interest and presumably would require the Debtor's consent.  How should that situation be addressed and handled?

(iv)   Can the Debtor and DL work simultaneously on two parallel tracks in seeking recovery of the bitcoin from the so-called custodian and, if so, how would that work?

(v)    Given the equities, can DL work solely for his creditors without considering the interests of the Debtor in the horde of bitcoin?

(vi)   Conversely, can the Debtor cut his own deal on the bitcoin without considering the claims of his creditors while leaving bitcoin sufficient to liquidate his creditors' claims in full?

(vii)  Where does DL's interest end and the Debtor's begin?

(viii) Does DL's bond also cover any acts he may take that could impact the Debtor's interest in his bitcoin and, if not, should it?

(ix)   If bitcoin is ultimately recovered, where does it abide?  With the Debtor, DL, or both?

10. That, as the Court can see, it would appear that that which is set forth in Paragraph 8 supra is unique to this situation because In Re: Jason Kahan is not your typical chapter; most Chapter 7s, if there are assets, rarely pay creditors in full, but the $200.0 million in assets held by In Re: Jason Kahan will not only result in payment in full to all scheduled creditors, but there will be a significant surplus back to the Debtor after the payment of all claims.

11. That the Debtor believes that in the first instance supra it goes without saying the debtor's interest in his/her Chapter 7 Trustee's distribution to creditors in non-existent, but that is certainly not the case In Re: Jason Kahan.

12. That historically the Bankruptcy Court has been a bastion of equity and the Debtor urges the Court to utilize those powers in this unique situation.

13. That it is for these reasons that the Debtor seeks guidance from the Court as to how these matters and perhaps any other matter unstated should be dealt with as this proceeding moves forward.

14. That the Debtor not only seeks the return of his bitcoin from Penn but is fervently seeking to liquidate all the legitimate claims existing against him from that recovery.

15. That moreover the Debtor does not wish to run afoul of DL, the Office of the United States Trustee, or this Honorable Court in his quest for the return of his bitcoin.

16. That given this Honorable Court's previously stated skepticism concerning the Debtor's claimed ownership of the bitcoin and the existence of the bitcoin, the Debtor believes that such guidance is necessary and required so that all concerned know where matters stand.

WHEREFORE, the Debtor Jason Kahan requests that this Honorable Court consider the uniqueness of this proceeding and issue instructions to all concerned accordingly deny the motion for relief from stay filed herein by the Enterprise Bank and Trust Company and for such other relief that this Honorable Court deems appropriate and just.

Respectfully submitted
JASON KAHAN
By his attorney

Dated: November 27, 2024

/s/ Barry R. Levine
Barry R. Levine (BBO No. 296500)
100 Cummings Center – Suite 327G
Beverly, MA 01915
978.922.8440 – phone
barry@levineslaw.com

CERTIFICATE OF SERVICE

I, Barry R. Levine, state that on November 26, 2024, I electronically filed the foregoing DEBTOR'S MOTION FOR DECLARATORY DETERMINATION REGARDING THE RESPECTIVE RIGHTS OF THE DEBTOR AND HIS TRUSTEE WHERE THE DEBTOR'S CREDITORS' CLAIMS ARE FEWER

-4-

THAN ONE PERCENT OF THE DEBTOR'S TOTAL ESTATE with the United States Bankruptcy Court for the Eastern District of Massachusetts using the CM/ECF System. I served the foregoing document on the following CM/ECF participants:

    Donald DL, Chapter 7 Trustee
    Richard King, Office of the United States Trustee
    Richard F. Tenney, Enterprise Bank and Trust
    Christine E. Devine, for John Desmond
    Vladimir von Timroth, for A & M Management Group, LLC
    Alan Braunstein, First Boston Association
    Alan M. Cohen, Fidelis Residential
    Kathleen Cruickshank, Harold Murphy, Chapter 7 Trustee

    /s/ Barry R. Levine
    Barry R. Levine