MAR 13 2025 12:19 USBC

**Hunter Penn**
1151A Elm Street Unit 3L
West Springfield, Ma 01089
hunterkellypenn@gmail.com
(860) 492-3620
Feb 27, 2025

**United States Bankruptcy Court**
District of Massachusetts
J.W. McCormack Post Office and Courthouse 5 Post Office Square, 12th Floor
Boston, Ma 02109-3945

**Case No.: 24-11592**
**Debtor: Jason M Kahan**

# OBJECTION TO DEPOSITION REQUEST AND DISCOVERY REQUESTS

To the Honorable Janet E. Bostwick and Parties Concerned:

I, Hunter Penn, respectfully submit this objection to the deposition request and associated discovery demands in the above-captioned matter. This objection is based on the following grounds:

## 1. The Requested Personal Communications are Private and Irrelevant

The deposition request seeks private details about my personal life, specifically communications with Samantha Gravel. These communications are neither relevant to the bankruptcy proceedings nor necessary for resolving any issue before the court.

- **Lack of Relevance:** The requested communications do not pertain to any financial matters, transactions, or assets related to the bankruptcy estate.
- **Invasion of Privacy:** The request amounts to an unjustified intrusion into my personal relationships, violating my right to privacy.

## 2. The Request for Data Transfers and Computer Access is Overly Broad and Undefined

The request for information regarding data transfers and access to my computer is excessively vague and fails to specify what information is being sought.

- **Failure to Define Scope:** The request does not identify particular files, documents, or data relevant to the case, creating a fishing expedition into my personal digital records.
- **Inclusion of Irrelevant and Private Information:** My computer contains personal and proprietary information wholly unrelated to this case, including Personal research engineering data, and personal photos.

## 3. The Request Violates My Fourth Amendment Rights Against Unreasonable Searches

The broad, unspecified request to examine data on my computer constitutes an unreasonable search and seizure under the **Fourth Amendment.**

- **Unlawful Search and Seizure:** Without a clearly defined and legally justified scope, this request effectively demands unrestricted access to my private digital records, which is **unwarranted** and **unconstitutional** in the absence of a compelling reason.
- **Precedent Against Over-broad Digital Searches:** Courts have consistently held that discovery requests for digital evidence must be **narrowly tailored** to avoid unnecessary intrusion. This request fails to meet that standard.

## Request for Relief

Based on the above, I respectfully request that the Court:

1. **Deny or Quash the Deposition Request** regarding personal communications that are irrelevant to the case.
2. **Limit or Deny the Discovery Request** seeking undefined access to my computer and digital records.
3. **Issue a Protective Order** restricting the opposing party from seeking access to private, irrelevant, and constitutionally protected information.
4. **Grant Any Other Relief** the Court deems just and appropriate.

I am willing to comply with any properly limited and relevant discovery requests that do not infringe upon my rights. However, the current requests exceed the bounds of reasonable discovery.

Respectfully submitted,

**Hunter Penn**

hunterkellypenn@gmail.com

(860) 492-3620