UNITED STATES BANKRUPTCY COURT

DISTRICT OF MASSACHUSETTS

MAY 28 2025 14:56 USBC

In re: JASON M. KAHAN, Debtor

Chapter 7

Case No. 24-11592-JEB

**HUNTER PENN'S OBJECTION TO SUBPOENA AND DEPOSITION AND MOTION TO QUASH**

Hunter Penn ("Mr. Penn"), by and through Pro Se, hereby objects to the Subpoena Dated March 5, 2025 (the "Penn Subpoena") and the Rule 2004 Examination, and moves to quash the Penn Subpoena, as further ordered by this Court on April 22, 2025 [1] and May 5, 2025 [2]. This Objection and Motion to Quash is based on the following grounds:

## I. INTRODUCTION

Mr. Penn has been served with a Subpoena and Orders from this Honorable Court requiring his deposition and the production of documents in the above-captioned bankruptcy proceeding [3]. Mr. Penn has consistently sought to cooperate with the Trustee and the Court, providing clarification and information to the best of his ability. However, certain fundamental misunderstandings regarding Mr. Penn's role and capabilities have led to requests that are impossible for him to fulfill.

## II. GROUNDS FOR OBJECTION AND MOTION TO QUASH

### A. Mischaracterization of Mr. Penn's Role: Not a "Conservator" but a Tech Consultant

It has come to Mr. Penn's attention that his role has been consistently mischaracterized to this Court as that of a "conservator" for the Debtor's assets. This is a demonstrably false premise. Mr. Penn has **never** claimed or held the role of a conservator, nor has he ever been appointed or acted in such a capacity. His engagement with the Debtor, Jason M. Kahan, was strictly limited to that of a **tech consultant**. This misrepresentation has perpetuated a false narrative that underpins the scope and demands of the Penn Subpoena, leading to requests that are fundamentally misplaced and based on an inaccurate understanding of Mr. Penn's relationship with the Debtor and his assets.

### B. Inability to Comply with Document Production Due to Established Data Management Procedures

The Penn Subpoena, as modified by this Court's Orders, requests the production of financial account statements, phone records, electronic devices or a list thereof, and email addresses related to the Debtor or the Debtor's Bitcoin[4]. Mr. Penn cannot fully comply with these requests due to his long-established data management procedures.

Since 2016, Mr. Penn has consistently implemented a strict data management policy that includes the routine deletion of data after a specific period. Pursuant to this policy, the information now being requested—including but not limited to the specific account statements, phone records, and electronic device data—was routinely and irretrievably deleted in **November of last year**. This deletion occurred **long before** Mr. Penn received any legal documentation, subpoena, or notification of this bankruptcy proceeding or any reason to preserve such data.

To compel Mr. Penn to produce information that no longer exists due to standard, pre-existing, and legally compliant data retention and deletion practices would impose an impossible burden and would be an exercise in futility. Mr. Penn maintains that he has no access to or control over the requested information because it was deleted in the ordinary course of his business operations.

### C. False Allegations Regarding Refusal to Hand Over Bitcoin

Mr. Penn strongly refutes any assertion or implication that he has "refused to hand over Bitcoin" or any other assets. This statement is demonstrably false. Mr. Penn has **never once refused to hand over anything**. On the contrary, Mr. Penn has consistently and repeatedly made it clear to the Trustee's attorneys, on multiple occasions, that he **cannot give what he does not have**.

Mr. Penn has been transparent that he is not in possession, custody, or control of any of the Debtor's Bitcoin or other assets. To suggest a refusal implies that such assets are within his

ability to provide, which is simply not the case. Mr. Penn has always been willing to cooperate within the bounds of his actual knowledge and possession.

**D. Lack of Produced Evidence and the "Fishing Expedition" Admission**

Despite Mr. Penn's repeated requests for evidence to substantiate the allegations against him and the broad scope of the discovery requests, **no such evidence has been produced to date**. It is telling that in opposing counsel's recent objection, they were compelled to admit that they were engaging in a "fishing expedition" in their pursuit of information. This admission underscores the speculative nature of the Trustee's requests and further demonstrates that the Penn Subpoena is overly broad, unduly burdensome, and seeks information without a foundational basis, which is not permitted under the rules of discovery. The Court itself noted that Request Nos. 3-6 of the March 5, 2025 Rule 2004 Subpoena were "broader than appropriate at this stage of the proceeding"[5].

## III. CONCLUSION

For the foregoing reasons, Mr. Penn respectfully requests that this Honorable Court:

1. Grant this Objection to the Penn Subpoena and Rule 2004 Examination.
2. Grant the Motion to Quash the Penn Subpoena in its entirety.
3. Alternatively, significantly limit the scope of the Penn Subpoena to requests that are actually relevant to Mr. Penn's true role as a tech consultant and within his ability to produce, given his data management policies.
4. Grant such other and further relief as this Court deems just and proper.

Dated: May 20, 2025

Respectfully submitted,

By:

Hunter Penn

1151A Elm Street Unit 3L
West Springfield, Ma 01089

(860) 492-3620

hunterkellypenn@gmail.com