UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>JASON KAHAN,<br><br>       Debtor. | )<br>)<br>)<br>) CHAPTER 7<br>) CASE NO. 24-11592-JEB<br>)<br>) |

## CHAPTER 7 TRUSTEE'S MOTION
## TO COMPEL HUNTER PENN'S ATTENDENCE AT
## <u>RULE 2004 EXAMINATION AND PRODUCTION OF DOCUMENTS</u>

Donald Lassman (the "Trustee"), the duly-appointed Chapter 7 Trustee for the bankruptcy estate of Jason Kahan (the "Debtor"), hereby moves (the "Motion") the Court for an Order compelling Hunter Penn's (the "Examinee") attendance at his Rule 2004 Examination and to produce all documents and things in his possession, custody, and control pursuant to the Court's May 5, 2025 Order Modifying Subpoena Dated March 4, 2025 (the "Subpoena Order"). *See* ECF No. 173. A true and accurate copy of the Subpoena Order is attached hereto as <u>Exhibit A</u>.

In support of the Motion, the Trustee states as follows:

### <u>PROCEDURAL AND FACTUAL BACKGROUND</u>

1. On August 7, 2024, the Debtor filed a voluntary petition pursuant to Chapter 7 of the Bankruptcy Code.

2. On August 27, 2024, the Trustee was appointed as the successor Chapter 7 Trustee of the bankruptcy estate of the Debtor.

3. On January 23, 2025, the Trustee filed the Motion to Conduct Rule 2004 Examination of the Examinee (the "2004 Motion"). *See* ECF No. 121.

4. On February 26, 2025, the Court entered an Order granting the 2004 Motion. *See* ECF No. 145.

5.     On March 5, 2025, the Trustee served a copy of the Rule 2004 Subpoena (the "Rule 2004 Subpoena") on Penn by electronic mail after Penn agreed to accept service by such method. A true and accurate copy of the Rule 2004 Subpoena is attached hereto as <u>Exhibit B</u>.

6.     On March 13, 2025, Penn filed a pleading titled "Objection to Deposition Request and Discovery Requests." *See* ECF No. 150.  On March 18, 2025, the Court entered an Order deeming Penn's pleading a Motion to Quash (the "First Motion to Quash").  *See* ECF No. 151.

7.     On April 8, 2025, the Trustee filed an Objection to the First Motion to Quash.  *See* ECF No. 157.

8.     On April 15, 2025, the Court held a hearing on the First Motion to Quash.  The Examinee failed to appear at the hearing.  After the hearing, on April 17, 2025, the Court entered a Proceeding Memorandum and Order denying the Motion to Quash.  *See* ECF No. 165.  The Proceeding Memorandum and Order also stated that the Court would narrow the scope of the documents requested by the Trustee by separate order and that, expect as modified by the separate order, the Rule 2004 Subpoena remained in effect.

9.     On May 5, 2025, the Court entered the Subpoena Order. The Subpoena Order provided, in pertinent part, as follows:

> i.     The Rule 2004 Subpoena shall remain in full force and effect;
>
> ii.    The Trustee shall provide the Examinee with fourteen (14) days' notice of the Rule 2004 Examination to take place after May 28, 2025;
>
> iii.   The Examinee shall appear on the date and time designed by the Trustee for the Rule 2004 Examination;  and
>
> iv.    The Examinee shall produce the documents things under the Rule 2004 Subpoena, as modified by the Subpoena  Order, to counsel for the Trustee by May 21, 2025.

10.    On May 7, 2025, pursuant to Paragraph 2 of the Subpoena, the Trustee provided notice to the Examinee that he would conduct the Examinee's Rule 2004 Examination on May 29, 2025.  A true and accurate copy of the Trustee's notice to the Examinee is attached hereto as Exhibit C.

11.    The Examinee did not initially respond to the notice of the Rule 2004 Examination.

12.    On May 20, 2025, undersigned counsel contacted the Examinee to confirm his appearance at the rescheduled Rule 2004 Examination and his production of documents and things pursuant to the Subpoena Order by the May 21 deadline.

13.    The same day, the Examinee informed undersigned counsel that he had filed an Objection to the Subpoena Order, that "the primary issue has never been resolved by the court," and that he could not "comply with the subpoena as [he did] not have the information requested." A true and accurate copy of the Examinee's May 20, 2025 email is attached hereto as Exhibit D.

14.    The Examinee did not produce the documents and things as required by the Subpoena Order by the May 21 deadline.

15.    On May 23, 2025, the Trustee's Special Counsel sought further clarification from the Examinee regarding his appearance at the rescheduled Rule 2004 Examination.

16.    In response, the Examinee stated that he did not intend to appear at the Rule 2004 Examination because (i) he would be away for his birthday the day prior to the Rule 2004 Examination, and (ii) he had filed an Objection to the Rule 2004 Subpoena which "addressed the validity and scope of the deposition itself, including the fundamental premise of [his] role and the feasibility of producing the request documents."   The Examinee further stated that "[t]he Court's ruling on [his] objection will determine the path forward for any further proceedings, including

-3-

the deposition." A true and accurate copy of the Examinee's May 23 email to the Trustee's Special

Counsel is attached hereto as <u>Exhibit E</u>.

17.     On May 28, 2025, the Court docketed the Examinee's Objection to Subpoena and

Deposition and Motion to Quash (the "Second Motion to Quash"). *See* ECF No. 184.

18.     As indicated in the Examinee's May 23 email to Special Counsel, the Examinee

refused to appear for this Rule 2004 Examination on May 29.

19.     In pertinent part, the Second Motion to Quash, the Examinee asserted: (i) that he

has been mischaracterized as a "conservator" of the Debtor's assets and that he was engaged by

the Debtor as a "tech consultant," (ii) that he cannot comply with the Subpoena or the Subpoena

Order "due to his long-established data management procedures," namely "the routine deletion of

data after a specific period," and that the information requested "including but not limited to the

specific account statements, phone records, and electronic device data" was deleted in November

of 2024, (iii) that that he is not in possession, custody, or control of any of the Debtor's Bitcoin or

other assets, and (iv) that the Rule 2004 Subpoena is "overly broad, unduly burdensome, and seeks

information without a foundational basis, which is not permitted under the rules of discovery."

20.     As of the date of this Motion, the Examinee has refused to appear for his Rule 2004

Examination or produce the documents and things as ordered by the Court in the Subpoena Order.

## **ARGUMENT**

21.     The Court should enter an Order compelling the Examinee attendance at his Rule

2004 Examination and to produce the documents and things in his possession, custody, and control

as required by the Rule 2004 Subpoena, as modified by the Subpoena Order.

4907-2443-1699.v1

22.     As set forth above, the Examinee has refused to appear for his Rule 2004 Examination or produce any documents or things to the Trustee or his counsel despite the Court's Subpoena Order requiring him to do so.

23.     As such, the Court should issue a further Order requiring the Examinee to appear at the Rule 2004 Examination at a time and place designated by the Trustee and to produce all documents and things responsive to the Rule 2004 Subpoena and the Subpoena Order without delay.

24.      The Examinee's Second Motion to Quash is also without merit and the Court should deny the same.

25.     The Court has already ordered the Examinee to appear for his Rule 2004 Examination and to produce the documents and things that are responsive to the Rule 2004 Subpoena and the Subpoena Order.[1]  Indeed, the Second Motion to Quash is nothing more than a thinly veiled attempt by the Examinee to skirt his obligations under the Court's Subpoena Order and to further delay the Trustee's effort to recover the Debtor's Bitcoin for the benefit of the Debtor's bankruptcy estate.   Accordingly, the Court should deny the Second Motion to Quash outright.

26.     To the extent the Court reaches the merits of the Second Motion to Quash, the Court should not grant any credence to the objections raised by the Examinee.

27.     First, the Examinee's "long-established data management procedures," i.e., "the routine deletion of data after a specific period," run contrary to the positions taken by the Examinee in the First Motion to Quash.  In fact, the Second Motion to Quash is the first time the Examinee

---

[1]      To the extent the Court deems the Second Motion to Quash a request to reconsider the Subpoena Order, the Court should deny such request as the Examinee has not established any grounds for reconsideration of the Subpoena Order.

has raised the issue that any responsive documents and things have been deleted. Rather, in his First Motion to Quash, the Examinee asserted that the documents and communications sought by the Trustee were private, irrelevant, overly broad, and vague. Moreover, the Rule 2004 Subpoena seeks documents and things that existed after the purported date of deletion, i.e., after November of 2024. Accordingly, to the extent any responsive documents and things are in the Examinee's possession, custody, or control, the Court should order that they be produced to the Trustee.

28.     Second, the Examinee's assertion that he served as the Debtor's "tech consultant" and that he is not in possession, custody, or control of the Debtor's Bitcoin[2] are not valid bases to prohibit the Rule 2004 Examination or production of responsive documents and things. Indeed, such issues go to the heart of the Trustee's investigation of the Debtor's Bitcoin and his efforts to recover the Debtor's Bitcoin for the benefit of the Debtor's bankruptcy estate. As such, the Trustee should be provided the opportunity to examine the Examinee under oath regarding all matters relevant to the Debtor's financial affairs and review any documents and things related to the same.

29.     Finally, there is no basis to require the Trustee to provide the Examinee with "evidence to substantiate the allegations against him" before conducting the Rule 2004 Examination or the Examinee's production of documents and things responsive to the Rule 2004 Subpoena and the Subpoena Order.

30.     Given the foregoing, the Court should grant the Motion and deny the Second Motion to Quash.

WHEREFORE, Donald Lassman, the duly-appointed Chapter 7 Trustee for the bankruptcy estate of Jason Kahan, respectfully requests that the Court enter an Order: (i) granting the Motion;

---

[2]     The Second Motion to Quash is the first time that the Examinee has asserted that he is the custodian of the Debtor's Bitcoin or that he is not in possession of the same.

(ii) ordering the Examinee to appear at a Rule 2004 Examination on July 31, 2025 beginning at 9:30 a.m. at the office of Shatz, Schwartz and Fentin P.C., 1441 Main Street, Suite 110, Springfield, MA 01103; (iii) ordering the Examinee to produce to the Trustee's counsel's office all documents and things responsive to the Rule 2004 Subpoena, as modified by the Subpoena Order, within five (5) days of the date of the Court's Order on the Motion; (iv) denying the Second Motion to Quash; (v) prohibiting the Examinee from filing or serving any further Objections to the Rule 2004 Subpoena or the Subpoena Order; and (vi) granting such other relief as the Court deems just and proper.

[SIGNATURE PAGE TO FOLLOW]

Respectfully submitted,


DONALD LASSMAN, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF JASON KAHAN,


By his attorneys,


/s/ *Zachary J. Gregoricus*

Mark G. DeGiacomo, BBO #118170
Zachary J. Gregoricus, BBO #699578
Harris Beach Murtha Cullina PLLC
33 Arch Street, 12th Floor
Boston, MA 02110
617-457-4154 Telephone
617-482-3868 Facsimile
mdegiacomo@harrisbeachmurtha.com
zgregoricus@harrisbeachmurtha.com


and


/s/ *Kenneth T. Cuccinelli, II*

Kenneth T. Cuccinelli, II, Esq.
10007 N. Harris Farm Road
Spotsylvania, VA 22553
ktclaw@proton.me

Dated:  July 11, 2025

## <u>CERTIFICATE OF SERVICE</u>

I, Zachary J. Gregoricus, hereby certify that, on this 11th day of July, 2025, a copy of this document was filed through the ECF system which will be sent electronically to the registered participants identified on the Notice of Electronic Filing (NEF) and served by first class and electronic mail as follows:

Hunter Penn
1153 Elm Street
Apartment 3L
West Springfield, MA 01089
alexcolvin@protonmail.com


*/s/ Zachary J. Gregoricus*

_____
Zachary J. Gregoricus

4907-2443-1699.v1

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:

JASON M KAHAN,

        Debtor

Chapter 7
Case No. 24-11592-JEB

**ORDER MODIFYING SUBPOENA DATED MARCH 5, 2025**

This matter came before the Court on the *Objection to Deposition and Discovery Request*

(the "Objection") filed by Hunter Penn. Pursuant to the Order dated March 18, 2025, the Court

deemed the Objection a motion to quash the subpoena dated March 5, 2025 ("Penn Subpoena")

seeking a Rule 2004 Examination of Mr. Penn and the production of documents by the Chapter 7

Trustee. The Penn Subpoena was authorized by prior order of the Court. The Court scheduled a

hearing on the Objection and the Trustee filed an opposition.

The Court held a hearing on the Objection on April 15, 2025. At the hearing, the Court

denied the request to quash the Penn Subpoena and the request for a protective order, as reflected

in the Order dated April 17, 2025. As set forth on the record, and in the Order dated

April 17, 2025, the Court further orders as follows:

    1.    Except as modified by this Order, the Penn Subpoena remains in full force and

effect.

    2.    The Rule 2004 Examination shall take place as provided in the Penn Subpoena,

except as modified as to date and time as provided in this Order. The Trustee shall send Mr. Penn

a copy of this Order together with notice of the new date and time for the Rule 2004

examination, such date to be no earlier than **May 28, 2025**, and otherwise on at least 14 days'

notice of the date and time. Mr. Penn is required to appear at the new date, time, and place in the notice sent by the Trustee.

      3.     The Document Requests in the Penn Subpoena are modified as follows:

      a.     Request No. 3 is replaced in its entirety with the following:

The most recent account statement for each Financial Account (as defined in this request) where you sent, received, or held the Debtor's money, cryptocurrency, or other assets, directly or indirectly. Financial Account is defined as any account that you held with any financial firm of any kind, including but not limited to banks, cryptocurrency exchanges, cash app providers (by way of examples only, cash app and Venmo), or any other type of firm that deals in the transaction of money, stocks, bonds and/or cryptocurrency. For all such Financial Accounts that are no longer active, the last account statement prior to closing is required to be produced.

      b.     Request No. 4 is replaced in its entirety with the following:

The records of all phone accounts held during the time period for any phone that was used by you during the time period to perform communications, transactions, or processing with, or related to the Debtor or the Debtor's Bitcoin, whether with the Debtor or with any other person.

      c.     Request No. 5 is replaced in its entirety with the following:

Each and every electronic device (including without limitation phones, computers, and tablets) you have owned or used during the time period to perform communications, transactions, or processing with, or related to the Debtor or the Debtor's Bitcoin, whether with the Debtor or with any other person. As an alternative to producing the items, you may provide a detailed list of all such electronic devices.

      d.     Request No. 6 is replaced in its entirety with the following:

One document containing each email address that you used at any time during the time period to communicate with the Debtor or with anyone associated with the Debtor, or used to communicate with any other person about the Debtor or the Debtor's Bitcoin, including but not limited to: AlexColvin@Protonmail.com; hunterkellypenn@gmail.com; alicardjugf@gmail.com; paralaxpenn@gmail.com; soobstorypen@gmail.com; karen_926@yahoo.com; hkpenn@outlook.com; and hunter.draco@protonmail.com.

4.      Except as modified by this Order as to the date and requests 3, 4, 5, and 6

modified above, the Document Requests in the Penn Subpoena remain in full force, including

Requests 1, 2, and 7, the Definitions, Time Period, and Instructions. Mr. Penn is required to

produce the documents and things under the Penn Subpoena, as modified by this Order, to the

office of counsel for the Trustee, Zachary J. Gregoricus, Harris Beach Murtha Cullina, PLLC, at

33 Arch Street, 12th Floor, Boston, Massachusetts 02110, zgregoricus@harrisbeachmurtha.com,

by **May 21, 2025.**

5.      This Order is without prejudice to the Trustee filing a motion seeking a further

Rule 2004 production of additional documents or things.

6.      The Trustee shall by **May 7, 2025,** serve a copy of this Order on Mr. Penn and file

a certificate of service.


Dated: May 5, 2025

_Janet E. Bostwick_
Janet E. Bostwick
United States Bankruptcy Judge

**EXHIBIT B**

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

for the   District of  Massachusetts

In re   Jason W. Kahan
_____
                 Debtor

Case No.  24-11592-JEB

Chapter  7

## SUBPOENA FOR RULE 2004 EXAMINATION

To:   Hunter Penn
_____

*(Name of person to whom the subpoena is directed)*

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE    SHATZ, SCHWARTZ AND FENTIN   1441 Main Street, Suite 1100   Springfield, MA 01103 | DATE AND TIME   March 31, 2025 at 10:00 a.m. |
|---|---|

The examination will be recorded by this method:  stenographic means
_____

☒ *Production*: You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Exhibit A attached hereto.  Documents to be produced on or before March 28, 2025 at 4:30 p.m. to Zachary J. Gregoricus, Harris Beach Murtha Cullina, PLLC, 33 Arch Street, 12th Floor, Boston, MA 02110, zgregoricus@harrisbeachmurtha.com

          The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  3/5/2025
_____

                         CLERK OF COURT

                                                    OR

_____          Kenneth T. Cuccinelli, II
    *Signature of Clerk or Deputy Clerk*          _____
                                                       *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Donald Lassman, Chapter 7 Trustee
_____, who issues or requests this subpoena, are:

Kenneth T. Cuccinelli, II, 10007 N. Harris Farm Road, Spotsylvania, VA 22553, KTCLaw@proton.me, (703) 282-9466

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A
### (Documents and Things Requested)

### DEFINITIONS

1.      "You" or "Your" shall mean Hunter Penn of 1153 Elm Street, Apt. 3L, West Springfield, MA 01089.

2.      The term "Debtor" shall mean Jason M. Kahan, the debtor in the Bankruptcy Case.

3.      "Communication(s)" shall mean every manner of disclosure, exchange, or transmittal, and every disclosure, exchange, or transmittal of information, in the form of facts, ideas, inquiries, or otherwise, whether orally or by document, or whether face-to-face, by telephone, mail, personal delivery, electronically, or otherwise, whether directly or indirectly, in any nature whatsoever, including but not limited to, correspondence, conversations, dialogues, interviews, consultations, agreements, and other understandings, among two or more persons. This definition includes, but is not limited to, letters, notes of conversations, contracts, email (in electronic or hard copy form), telegraph, telex, telecopier, facsimile, Internet, on-line service, and/or phone mail (in electronically recorded or transcribed form).

4.      "Document(s)" shall be given the broadest interpretation and shall include, without limitation, all writings of every kind, source, and authorship, both originals and non-identical copies thereof, whether in draft or final form in your possession, custody, or control. The term "document(s)" also includes handwritten, typewritten, printed, photocopied, photographic, recorded or electronically stored or generated materials, including texts, chats, emails, inclusive of all "back-up" or archival files.  The term "document(s)" also includes Communications in words, symbols, pictures, sound recordings, film, tapes, microfiche, microfilms, foils, slides, videos and information stored in, or accessible through computer, electronic, magnetic, magneto-optical, and optical means, including disks and/or other information storage or retrieval systems, together with codes, and/or programming instructions and other material necessary to understand and use such systems.

5.      The term "identify" as used herein means as follows:

a.      To "identify" a document means (i) to state the name or title of the document; (ii) to provide a description sufficient to identify the document for the purposes of a request to produce or a subpoena duces tecum; (iii) to state the date the document was prepared; (iv) to state the names) of the authors) of the document; (v) to state the addressees) or other recipients) of the document, if any; (vi) to state the name of the person, if any, who provided it to the Debtor, or the means by which the Debtor acquired knowledge of its contents or obtained access to it; (vii) to state a summary of the substance of the document; and (viii) to state the name and address of the persons) having custody and/or control thereof.

15669793.v1

b.  To "identify" a natural person is to provide (i) the person's full name; (ii) the person's occupation, job description, position, and title; (iii) the name and address of the person's employer; (iv) the person's business and residential address and telephone numbers, or, if not known, the last known business and residential address and telephone numbers; and (v) the relationship between the person and any or all of the parties in this action.

c.  To "identify" a person other than a natural person is (i) to provide the full name and present or last known address and telephone number of the principal place of such person, and (ii) to describe its relationship with any or all of the parties in this action.

d.  To "identify" a communication means to provide (i) a statement whether the communication was oral or written and a summary of the substance; (ii) the identification of every document embodying, concerning, indicating or relating in any way to the communication; (iii) the identification of every person who participated or was involved in the communication and the nature of their involvement; (iv) the identification of the date of the communication; and (v) the identification of the place at which the participants to the communication were located at the time of the communication.

e.  To "identify" a place means to state the full name and address, the type of facility (e.g. warehouse, office, file room, storeroom), and the date when any such place or location was used for the activity inquired about.

6.  "Related to" shall mean analyzing, considering, constituting, defining, evidencing, containing, describing, concerning, commenting, discussing, embodying, explaining, reflecting, detailing, identifying, mentioning, demonstrating, alluding to, referencing, comprising, setting forth, proposing, showing, edifying, stating, supporting, summarizing, referring to, dealing with or in any way pertaining to, in whole or in part, that subject.

7.  "Accounting" shall be given the broadest interpretation and shall include, without limitation, all recordings, ledgers, itemizations or calculations of principal, interest, fees or other charges related to the indebtedness owed to or from, or investments or deposits made in, any cryptocurrency exchange.

8.  The word "person" or "individual" as used herein means any natural person, corporation, partnership, firm, trust, group, association, governmental agency or any other organization.

9.  As used herein, the word "and" and the word "or" separately shall, unless the context does not permit such a construction, be construed to mean "and/or."

10.  The term "concerning" means in any way relating to, referring to, describing, evidencing, or constituting.

-2-

11.     The terms "relates" and "relating to" as used herein mean comprising, indicating, concerning, referring, evidencing, discussing, involving or otherwise relating to, directly or indirectly, in any way whatsoever.

12.     The term "Account" shall mean a depository account at a financial institution, brokerage account, exchange or similar financial facility.

13.     The term "Bankruptcy Case" means the Chapter 7 bankruptcy case of Jason M. Kahan, pending in the United States Bankruptcy Court for the District of Massachusetts, Case No. 24-11592-JEB.

14.     The term "Financial Transaction" means any of the following:

   a.   A loan, purchase, sale, lease, gift, deposit, withdrawal or other type of transaction involving the transferor exchange of money, goods, accounts, accounts receivable, other property, or services;

   b.   An agreement regarding a loan, purchase, sale, lease, gift, or other type of transaction involving the transfer or exchange of money, goods, other property or services;

   c.   The receipt, payment, or transfer of money, goods, or other property on behalf of a third party or giving instructions on behalf of a third party with respect to the receipt, payment, or transfer of money, goods, or other property; and/or

   d.   Any other act or instance concerning or relating to money, goods, or other property.

15.     The term "Transfer" shall have the meaning ascribed to it under 11 U.S.C. § 101(54).

## TIME PERIOD

Unless otherwise noted, these requests are for the period from January 1, 2022 to the present, unless otherwise noted.

## INSTRUCTIONS

1.      If any document responsive to this Request has been destroyed or lost, You are to provide copies of said document or state in your response the date of such destruction or loss and the name of the person who ordered, authorized, or was responsible for such destruction or loss, and identify any other person who may have a copy of the document.

15669793.v1

2. If You are requested to produce a document, the request shall be deemed to include any and all relevant documents that are or have been in Your possession, custody, or control, or to which You have access, including without limitation the files of Your agents, employees, attorneys, accountants, management firms and other representatives.

## REQUESTS for DOCUMENT and THINGS

1. Any and all contracts or agreements with the Debtor, or with any other person or entity on matters concerning the Debtor.
2. All records of the delivery and/or receipt of money, property (including but not limited to cryptocurrency) or other valuable consideration to or from the Debtor, or to or from any other person or entity on matters concerning the Debtor (by way of examples only: Samantha Gravel, Marissa Kahan, Chris Sava, Tony Barletta and Taylor Jenkins).
3. The most recent account statement for every account you have held with any financial firm of any kind, including but not limited to banks, cryptocurrency exchanges, cash app providers (by way of examples only, cash app and Venmo), or any other type of firm that deals in the transaction of money, stocks, bonds and/or cryptocurrency. For all accounts that are no longer active, your last account statement prior to closing each such account is demanded.
4. The records of all phone accounts held by you at any time in the time period.
5. Each and every electronic device you have owned during the time period. As an initial alternative to producing the items, you may provide a detailed list of all phones and computers owned or leased during the time period.
6. One document containing each email address that you used at any time during the time period, including but not limited to: AlexColvin@Protonmail.com; hunterkellypenn@gmail.com; alicardjugf@gmail.com; paralaxpenn@gmail.com; soobstorypen@gmail.com; karen_926@yahoo.com; hkpenn@outlook.com; hunter.draco@protonmail.com.
7. Repeat document requests 1-6, above, for all aliases used during the time period, including but not limited to Karen Boyd; Hunter K Penn; Penn Hunter; Hunter Kelly Penn; Josh Lester; Solomon; Solomon Imhran. If any of these names are real people separate from you, please identify them and provide all contact information you have for such person(s).



UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:

JASON M. KAHAN,

        Debtor

Chapter 7
Case No. 24-11592-JEB

**Order**

**MATTER:**

<span style="color:blue">#121 Motion filed by Trustee Donald Lassman for 2004 Examination of Hunter Penn</span>

Having reviewed the Motion, no objections having been filed and good cause being shown, the Motion is granted as follows.

1. The Trustee is authorized to conduct a Rule 2004 examination of Hunter Penn at a date and time as may be agreed, or, if no agreement is reached, then on not less than 14 days' notice of the date, time and place of such examination. If attendance cannot be obtained voluntarily, the Trustee may compel attendance as provided in Bankruptcy Rule 2004(c) and Bankruptcy Rule 9016.

2. The Trustee may compel the production of documents set forth on Exhibit A to the Motion as provided in Bankruptcy Rule 2004(c) and Bankruptcy Rule 9016 on such date as may be agreed, or, if no agreement is reached, then on not less than 14 days' notice of the date, time and place of such production.

3. This Order is without prejudice to the rights of Hunter Penn under Federal Rule 45, made applicable by Bankruptcy Rule 9016, with respect to any subpoena, including the right of

Hunter Penn to serve a written objection to the production of documents or to file a motion to quash or modify a subpoena.

The hearing scheduled for March 5, 2025, is canceled.

Dated: February 26, 2025

By the Court,

Janet E. Bostwick
United States Bankruptcy Judge

**EXHIBIT C**

## Zachary J. Gregoricus

| | |
|---|---|
| **From:** | Zachary J. Gregoricus |
| **Sent:** | Wednesday, May 7, 2025 10:12 AM |
| **To:** | alexcolvin@protonmail.com |
| **Cc:** | Ken Cuccinelli; Mark G. DeGiacomo |
| **Subject:** | In re Jason M. Kahan, Case No.: 24-11592-JEB |
| **Attachments:** | Ltr to H. Penn re Order and Notice of Examination (5.7.25).pdf |

Mr. Penn:

Please see attached, a copy of which is also being sent by mail.  As set forth in the attached, the Trustee hereby gives notice that he shall conduct your Rule 2004 Examination on May 29, 2025, beginning at 9:30 a.m., at the office of Shatz, Schwartz and Fentin P.C., 1441 Main Street, Suite 110, Springfield, MA 01103.  Thank you.

Zach

**EXHIBIT D**

**Zachary J. Gregoricus**

| | |
|---|---|
| **From:** | alexcolvin <alexcolvin@protonmail.com> |
| **Sent:** | Tuesday, May 20, 2025 9:01 PM |
| **To:** | Zachary J. Gregoricus |
| **Subject:** | Re: RE: In re Jason M. Kahan, Case No.: 24-11592-JEB |

An objection has already been put out into the mail One will be sent to you via email as the primary issue has never been resolved by the court is I cannot comply with the subpoena as I do not have the information requested something I have mentioned multiple times two multiple parties within your team so I will be having the objection to you and to the court it has already been mailed out.

-------- Original Message --------
On 5/20/25 6:11 PM, Zachary J. Gregoricus wrote:

Mr. Penn:

I am following up on my emails below.  Pursuant to the Court's Order, which I have attached again for your review, the deadline for the document production to be delivered to my office is tomorrow, May 21.  Please let me know how I can expect the production to arrive, i.e., if you will be emailing the production or will be having it delivered to my office.  As a reminder, the Order requires that the documents actually be produced to my office by tomorrow. I mention this as some people think that as long as the documents are put in the mail by the deadline, they have complied.  That is not the case here – the documents must be delivered to my office by tomorrow's deadline.

Additionally, as you know, and at your request, we have scheduled your Rule 2004 Examination to be conducted in Springfield.  The Examination is scheduled for next Thursday, May 29, at 9:30 a.m.  Please confirm that you will appear at the Examination.

Thank you in advance and I look forward to hearing from you regarding your document production and confirming next week's Examination.

Zach

**Zachary J. Gregoricus** | Associate
Direct: 617.457.4154 | Email: zgregoricus@harrisbeachmurtha.com



HARRISBEACHMURTHA.COM
Boston | 33 Arch Street, 12th Floor, Boston, MA 02110-2320
617.457.4000 | Fax: 617.482.3868



**EXHIBIT E**

## Zachary J. Gregoricus

| | |
|---|---|
| **From:** | Ken Cuccinelli <KTCLaw@proton.me> |
| **Sent:** | Friday, May 23, 2025 5:04 PM |
| **To:** | alexcolvin |
| **Cc:** | Zachary J. Gregoricus; Ken Cuccinelli |
| **Subject:** | Re: Rule 2004 Examination |

Mr. Penn,

First of all, thank you for the courtesy of a timely response.  That is important and appreciated.

Second, if you obtained an attorney as you had mentioned in February, he/she could have educated you on these matters - just pointing out one advantage of doing so.

Third, I will just say that the judge has already decided exactly the objections that you are raising - this is repetitive and wasteful.  While you are not required to produce materials that you do not have, you are required to obtain responsive materials from your agents (e.g., account information from your mobile phone company(ies)), and your factual disputes are one reason for the necessity of the examination under oath.

Which leads me to my fourth and final point: you mentioned a scheduling conflict for the 29th.  That is the first time you have ever mentioned that conflict, despite knowing of this date for a long time.  So that we can be prepared to have a meaningful discussion on scheduling, can you please identify what other days you can or cannot engage in a deposition in June and July?  Including in Boston.  We were "coming to you" in Springfield as a courtesy and convenience for you.  Your treatment of that courtesy now leads me to simply look ahead to scheduling depositions in Boston, so please let me know what days you will be in Boston.  We will provide you your witness fee and mileage fee under the rules prior to the examination, once I actually know you are coming.

I hope you have a pleasant weekend and a happy birthday next week.

Sincerely,
Ken Cuccinelli
On Friday, May 23rd, 2025 at 3:50 PM, alexcolvin <alexcolvin@protonmail.com> wrote:


Dear Mr. Cuccinelli,
Thank you for your email.
I will not be present for the examination under oath on Thursday, May 29, 2025.
There are two primary reasons for my inability to attend. Firstly, I will be away for my birthday the day prior, which makes travel to the location for the examination impossible. Secondly, and more importantly, I have already filed an Objection to the Subpoena and Deposition and Motion to Quash with the Court. My objection directly addresses the validity and scope of the deposition itself, including the fundamental premise of my role and the feasibility of producing the requested documents. Therefore, as this is a matter that directly impacts the deposition, I believe it is appropriate to await the Court's decision on my filed objection. The Court's ruling on my objection will determine the path forward for any further proceedings, including the deposition.
Sincerely,
Hunter Penn



-------- Original Message --------
On 5/23/25 3:25 PM, Ken Cuccinelli wrote:

        Mr. Penn,

I understand from Mr. Gregoricus that you have filed, or plan to file, another objection that basically repeats your same complaints as your last objection that you didn't show up in court to argue and was largely rejected.

My question for you is whether you plan to show up for your 930am examination under oath this coming Thursday, May 29th?

You have an interest in answering this question accurately and immediately, as if I show up, with a court reporter and you do not, I will ask the Court to have you pay every penny of the costs as well as some amount for my time in preparation and travel.

So, will I be seeing you this coming Thursday?

Sincerely,
Ken Cuccinelli