

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>JASON M KAHAN,<br><br>      Debtor | Chapter 7<br>Case No. 24-11592-JEB |

### Order Setting Hearing

**MATTER:**

#137 Order dated February 19, 2025, Re: [118] Application filed by Trustee Donald Lassman to Employ Kenneth T. Cuccinelli, II as Special Counsel

Pursuant to the above order, the Court authorized the Trustee to employ Kenneth T. Cuccinelli as Special Counsel on a contingency fee basis to recover certain bitcoin assets that are property of the estate. The Trustee has not sought, nor has the Court approved, the termination of Special Counsel's employment. Special Counsel has not withdrawn his appearance on behalf of the Trustee in the case. Despite Special Counsel's employment by the Trustee, on January 21, 2026, Special Counsel filed an affidavit in support of a motion filed by the Debtor. The Motion was directly adverse to the Trustee and the estate with respect to the bitcoin, the matter on which Special Counsel was employed by the estate. In the Affidavit, Special Counsel claimed he was now employed by the Debtor and had left the service of the Trustee on January 7, 2026.

The Court will hold a status conference to determine the status of Special Counsel's employment and whether his actions require further orders or sanctions by the Court. The status conference will be held on **May 5, 2026, at 10:30 a.m.** in person at John W. McCormack Post Office and Court House, 5 Post Office Square, 12th Floor, Courtroom #3, Boston, MA.

The Trustee shall by **April 28, 2026,** file a status report regarding the employment of Special Counsel and any purported termination. Special Counsel shall by **April 28, 2026**, file a status report as to his employment by the estate and the basis on which he believes that he can represent the Debtor in matters adverse to the Trustee and estate.

The Trustee is responsible for: 1) serving a copy of this Order upon all parties entitled to notice; and 2) filing a certificate of such service by **April 9, 2026.** If he fails to serve this Order or file a certificate of service, the Court will take such action as is appropriate.

The hearing is scheduled as a Hybrid Hearing. Parties and counsel may participate in person in the Courtroom or by video conference using Zoomgov.com technology. Parties who wish to appear by video must request the link from the Courtroom Deputy Lisa Belanger, at lisa_belanger@mab.uscourts.gov no **later than 10:00 a.m. the business day before the hearing**. **Requests submitted after the deadline may not be accommodated and the Party should plan to attend in person in the Courtroom**. Appearance by video is limited to counsel and parties in interest. Public access will be in person only. A Hybrid Hearing is an official court proceeding and remote attendees are required to act and dress in the same manner as in person hearings. Parties attending remotely must be in a quiet setting and must not be walking, driving, or performing other activities while participating in the hearing. Failure to comply may result in termination of access, sanctions, or other action by the Court.

Dated: April 7, 2026

By the Court,

Janet E. Bostwick
United States Bankruptcy Judge

2