UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In Re:                              )
                                    )
JASON M KAHAN,                      )        Chapter 7
Debtor                              )        Case No. 24-11592-JEB
                                    )

**Status Report**

This Status Report is submitted pursuant to this Court's order of April 7, 2026 [Doc. 248]

that I, Kenneth T. Cuccinelli, II, provide this Court with a status report as to my employment by

the estate and matters related to my return to the employment of the Debtor.

By order of February 19, 2025, [Doc. 137] this Court approved the Application filed by

Trustee Lassman on January 15, 2025 to employ me as special counsel. [Doc. 118].

I believe it helpful to quote from my retainer agreement with the Trustee, from Exhibit A

of Document 118, "Chapter 7 Trustee's Application for Authority to Employ Kenneth T.

Cuccinelli, II, as Special Counsel:"

Fees: My fee will be 5% of the dollar value obtained from the recovered Bitcoin. The U.S.
Dollar value of any Bitcoin recovered will be set for purposes of this agreement at the point in
time when you, as Trustee, monetize (i.e., convert Bitcoin to U.S. Dollars) recovered Bitcoin for
purposes of paying the debts of the bankruptcy estate.
It is understood that this fee arrangement would not apply to any contract approved by
the Court for financing advanced to Jason Kahan/the bankruptcy estate related to rights in the
Bitcoin.

As noted in the Trustee's Retainer Agreement with me, I was engaged for a very specific

purpose: to attempt to recover the Bitcoin that was part of the bankruptcy estate.

Furthermore, I was explicitly not retained to address any effort to obtain financing related to the

Bitcoin (e.g., by selling rights to the Bitcoin).

On January 5, 2026, Trustee Lassman made the decision not to proceed to attempt to recover the Bitcoin of the estate, but instead to attempt to sell the Trustee's rights to such Bitcoin for as much as could be obtained.

Having been retained only to assist in the attempt to recover the Bitcoin, and that effort having been abandoned by the Trustee in favor of an attempt at a financing arrangement, the basis of my engagement was at an end.  That the Trustee's new strategic direction vitiated the basis of my engagement was mutually agreed upon among myself, Trustee Lassman, and his counsel, Mr. DeGiacomo, on January 7, 2026, at which point, I ceased working for the Trustee. In documentation of the foregoing, on January 8, 2025, I submitted to Trustee Lassman and his counsel my mutually agreed resignation from his service.

I would note that at this point, my only basis for pay from the estate is for my costs incurred, as pay for services depended upon recovering the Bitcoin, which has not happened.

If a requirement of this Court exists that required me to inform this Court or seek the permission of the Court to be released from my role as special counsel, I was and am unaware of it.  It certainly would never be my intention to ignore the rules of this Court, and I apologize for any inconvenience this may have caused.

Following my departure from the service of the Trustee, I provided to the Trustee those names with contact information such as were in my possession of parties who may have an interest in purchasing the Trustee's rights in the Bitcoin, as well as all case documents not already provided.

Also following my departure from the service of the Trustee, I was rehired by the Debtor to advise and assist him in matters related to the Bitcoin.

I was requested by bankruptcy counsel for the Debtor to execute what became the affidavit filed on January 21, 2026 (hereafter "the affidavit").  It was my understanding that bankruptcy counsel was seeking an order from the Court declaring that the Bitcoin in the estate had belonged to the Debtor – what I would analogize to a "quiet title" declaration using a real estate analogy.  And that the purpose of such request was to reduce the risk to bidders on the Trustee's rights to the Bitcoin, thus driving up the potential bidding price (i.e., lower risk results in higher price).  Given that the Bitcoin – if recovered – has a value far surpassing the cumulative value of all debts, Debtor has a strong interest in the Trustee obtaining the highest price possible both to cover the value of the debts and to achieve a remainder for the Debtor.

Because my understanding of the purpose of the motion of January 21, 2026 was to maximize the price obtained by the Trustee in the auction/offer for sale being contemplated or executed by the Trustee, it was not my understanding that I was acting in a manner adversarial to the interests of the Trustee by providing bankruptcy counsel the affidavit.

Respectfully submitted,

_____

Kenneth T. Cuccinelli, II, Esquire
Virginia State Bar No. 39,490
Kenneth T. Cuccinelli, II,
Attorney at Law, PLLC
10007 N. Harris Farm Road
Spotsylvania, VA 22553
KTCLaw@proton.me

<u>Certification</u>

On this day, April 27, 2026, I have emailed this document to Courtroom deputy Lisa Belanger at lisa_belanger@mab.uscourts.gov for presentation to Judge Bostick and filing. I have also provided a copy via email this day to counsel for Trustee Donald Lassman, Mark DeGiacomo, at mdegiacomo@murthalaw.com; and counsel for Debtor Jason Kahan, Barry Levine, at barry@levineslaw.com.

_____
Kenneth T. Cuccinelli, II, Esquire