UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| JASON M. KAHAN, | ) | CHAPTER 7 |
| | ) | CASE NO. 24-11592-JEB |
| Debtor. | ) | |
| | ) | |

**CHAPTER 7 TRUSTEE'S RESPONSE TO ORDER DATED APRIL 7, 2026**

Donald Lassman (the "Trustee"), the Chapter 7 Trustee of the bankruptcy estate of Jason M. Kason (the "Debtor"), hereby responds to this Court's Order dated April 7, 2026.

In support of this Response, the Trustee states as follows:

1. On August 7, 2024 (the "Petition Date"), the Debtor filed a voluntary petition pursuant to Chapter 7 of the Bankruptcy Code.

2. On August 27, 2024, the Trustee was appointed as the successor Chapter 7 Trustee of the bankruptcy estate of the Debtor.

3. On November 4, 2024, the Trustee filed his Application to Employ Kenneth T. Cuccinelli, II as Special Counsel ("Cuccinelli") to "provide legal consulting services to the Trustee to allow the Trustee to assess whether the estate has a basis to pursue legal action for the recovery of Bitcoin (i.e. a type of cryptocurrency) which the Debtor has identified as an asset of the bankruptcy estate and which the Debtor has alleged was stolen" (see opening paragraph of the First Application) ( the "First Application").

4. The First Application provided that during the initial phase of Cuccinelli's employment his services would be billed at an hourly rate (subject to Court approval of a fee application) and then "in the event that [Cuccinelli] develops evidence sufficient to proceed with one or more recovery actions, and the Trustee determines such action is appropriate and in the best

-1-

interests of the Estate, then the Trustee will request a modification of the terms of the engagement and expects to request approval of a contingent fee arrangement for [Cuccinelli's] services from that point forward" (see paragraph 11 of the First Application).

5. On December 16, 2024, at this Court's request, the Trustee filed a supplement, which clarified that Cuccinelli would only be entitled to compensation "whether on an hourly basis or on a contingent fee basis" if there was a "recovery by the Estate of cryptocurrency assets which [Cuccinelli] is engaged to pursue and [Cuccinelli] shall not be paid from other Estate assets which are unrelated to said cryptocurrency assets" (the "Supplement").

6. On December 23, 2024, this Court entered an Order granting the First Application as supplemented by the Supplement.

7. On January 15, 2025, the Trustee filed his second Application to Employ Kenneth T. Cuccinelli, II as Special Counsel (the "Second Application").

8. The Second Application sought to employ Cuccinelli "to pursue the recovery of the Bitcoin" since the Trustee had determined that there was an adequate basis to consider litigation to collect the Bitcoin. Cuccinelli's compensation arrangement was converted from hourly to a contingent fee equal to five percent (5%) of the value of any Bitcoin recovered due to his efforts.

9. On February 19, 2025, this Court entered an Order approving the Second Application.

10. Cuccinelli served as special counsel to the Trustee for approximately fourteen (14) months pursuant to the First Application and the Second Application. Cuccinelli performed a substantial amount of work in an effort to determine the location of the wallets that held the Debtor's Bitcoin and the identities of the persons who possessed the keys to such wallets, including

-2-

4905-4753-1685\.v1

conducting of a Rule 2004 Examination of Hunter Penn, an individual believed to have knowledge concerning location of the Debtor's Bitcoin and the keys.

11.    On or about January 7, 2026, the Trustee, Cuccinelli, and the Trustee's general counsel reviewed the status of the effort to recover the Debtor's Bitcoin.  The Trustee determined that, notwithstanding all of the time spent by Cuccinelli, the Trustee still did not have vital information concerning the keys to the wallets containing the Debtor's Bitcoin and, without that knowledge litigation, or any other effort, would be fruitless.

12.     As a result, the Trustee decided (with Cuccinelli's agreement) that there would be no benefit to the bankruptcy estate to continue employing Cuccinelli and that the better course would be to sell the Trustee's rights concerning the Bitcoin.

13.    The Trustee and Cuccinelli are in agreement that no fees are owed to him by the bankruptcy estate.

14.    The Trustee has reached an agreement concerning the sale of his rights in the Bitcoin and hopes to file a motion seeking authority to sell those rights by May 15, 2026.

-3-

4905-4753-1685\.v1

Respectfully submitted,

DONALD LASSMAN, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF JASON M. KAHAN,

By his attorneys,

/s/ *Zachary J. Gregoricus*

Mark G. DeGiacomo, BBO #118170
Zachary J. Gregoricus, BBO #699578
Harris Beach Murtha Cullina PLLC
33 Arch Street, 12th Floor
Boston, MA 02110
617-457-4154 Telephone
617-482-3868 Facsimile
mdegiacomo@harrisbeachmurtha.com
zgregoricus@harrisbeachmurtha.com

Dated:  April 28, 2026

## CERTIFICATE OF SERVICE

I, Zachary J. Gregoricus, hereby certify that, on this 28th day of April, 2026, a copy of the foregoing was filed through the ECF system which will be sent electronically to the registered participants identified on the Notice of Electronic Filing (NEF).

*/s/ Zachary J. Gregoricus*
Zachary J. Gregoricus

-4-

4905-4753-1685\.v1