**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re:<br><br>JASON M. KAHAN,<br><br>                        Debtor. | Chapter 7<br><br>Case No. 24-11592-JEB |

**ORDER (A) APPROVING PROCEDURES GOVERNING TRUSTEE'S PROPOSED
SALE OF CERTAIN OF THE DEBTOR'S ASSETS PURSUANT TO SECTION 363 OF
THE BANKRUPTCY CODE, FREE AND CLEAR OF LIENS, CLAIMS,
ENCUMBRANCES AND OTHER INTERESTS, (B) APPROVING FORM AND
MANNER OF NOTICE OF SALE, AND (C) GRANTING RELATED RELIEF**

This matter coming before the Court upon the motion (the "Sale Motion") [Dkt. No. 260],[1]

pursuant to which Donald Lassman (the "Trustee"), the duly appointed Chapter 7 trustee of the

above-captioned bankruptcy estate, seeks the entry of an order establishing procedures governing

the Trustee's proposed sale (the "Proposed Sale") of certain Assets of the Debtor's estate (the

"Estate"), as set forth on Exhibit A to the Asset Purchase Agreement dated as of May 6, 2026 (the

"APA") between the Trustee and Pioneer Funding Group LLC (the "Buyer"), to Buyer or to such

other entity that submits the highest or otherwise best offer to acquire the Assets as determined

through the sale process to be governed by the proposed sale procedures described herein; no

objections to proposed sale procedures set forth in the Sale Motion having been filed; the Court

having conducted a hearing on proposed sale procedures set forth in the Sale Motion on May 27,

2026; the Court having reviewed the proposed sale procedures set forth in the Sale Motion and

considered the arguments of counsel and the matters addressed at such hearing; the Court having

found and determined that proposed sale procedures set forth in the Sale Motion are in the best

---

[1]    Capitalized terms used but not otherwise defined herein have the meanings given to them
in the Sale Motion, the attached Sale Procedures, or the APA.

interests of the Debtor's estate, its creditors, and all parties in interest and that the legal and factual bases set forth in the Sale Motion establish good cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor; it is hereby

**FOUND AND DETERMINED THAT**:[2]

A.      This Court has jurisdiction to consider the Sale Motion in accordance with 28 U.S.C. §§ 157 and 1334. Venue of the Debtor's Chapter 7 case and the Sale Motion in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Court may enter a final order consistent with Article III of the United States Constitution.

B.      In the Sale Motion and at the hearing to consider approval of proposed sale procedures set forth in the Sale Motion, the Trustee demonstrated that good and sufficient notice of the relief granted by this Order has been given and no further notice is required. A reasonable opportunity to object or be heard regarding the relief granted by this Order has been afforded to those parties entitled to notice and all other interested parties.

C.      The Sale Notice attached as Exhibit C to the Sale Motion is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of this Order, the Sale Procedures (as defined herein), the Auction (as defined herein), the Proposed Sale, and the Sale Approval Hearing (as defined herein), and any and all objection deadlines related thereto, and no other or further notice is required of the foregoing.

---

[2]      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052, made applicable to this proceeding by Fed. R. Bankr. P. 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.

D.      The Sale Procedures attached hereto as Exhibit 1 are fair, reasonable, and appropriate and are designed to maximize recovery with respect to the Assets and the Proposed Sale.

E.      The Trustee's incurrence of the obligations arising under or in connection with the APA, including the provisions related to payment of the Break-Up Fee and the Expense Reimbursement, is: (i) of substantial and material benefit to the Debtor's estate, its creditors and all other parties in interest, because, among other things, such provisions induced Buyer to submit a bid that will serve as a minimum or floor bid for the Assets and increase the likelihood that the highest and best possible purchase price for the Assets will be realized; (ii) the product of good faith and arm's-length negotiations between the Trustee and Buyer; (iii) reasonable and appropriate in light of the size and nature of the Proposed Sale and the efforts that have been and will be expended by Buyer; and (iv) necessary to induce Buyer to enter into and continue to be bound by the APA and to continue to pursue the sale of the Assets.

F.      Entry of this Order is in the best interests of the Debtor's estate and the creditors thereof and all other interested parties.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1.      The Sale Motion's request for approval of sale procedures governing the conduct of the Proposed Sale is GRANTED as provided for herein.  Nothing in this constitutes any approval of any sale of any of the Debtor's assets.

2.      Any objections to the relief granted in this Order that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are hereby overruled and denied on the merits with prejudice.

3.      The following dates and deadlines regarding the proposed sale of the Assets are approved:

| Event | Date |
|---|---|
| Bid and Objection Deadline | June 25, 2026 at 4:00 p.m. (prevailing Eastern Time) |
| Sale Approval Hearing | July 1, 2026 at 10:00 a.m. |

**Approval of Solicitation Procedures and Sale Procedures[3]**

4. The submission of offers to acquire the Assets shall be governed by the procedures attached hereto as Exhibit 1 (the "Sale Procedures"), which Sale Procedures are hereby approved. The Sale Procedures shall govern the Proposed Sale, including, without limitation, with respect to the submission of competing bids, the actions of "Qualified Bidders" (as defined in the Sale Procedures), and the conduct of the Auction (as defined herein).

5. Notwithstanding any limitations provided for in any due diligence information or in the Sale Procedures, the Trustee and the Estate shall be authorized to provide due diligence information to potential bidders or Qualified Bidders. The Trustee and the Estate are not responsible for, and shall have no liability with respect to, any information obtained by, or provided to, any potential bidders or Qualified Bidders in connection with the Sale Procedures and the Proposed Sale, provided that the information was provided in accordance with this Order.

6. The Trustee shall solicit competing bids for the Assets to be submitted utilizing an "Asset Purchase Agreement" (as defined in the Sale Procedures) substantially in the form of the APA attached to the Sale Motion as Exhibit D, and competing bidders are directed to utilize the form of Asset Purchase Agreement made available to them by the Trustee and his advisors to submit competing bids.

---

[3] The failure to specifically include or reference any particular provision of the Sale Procedures in the Sale Motion or in this Order shall not diminish or otherwise impair the effectiveness of such procedures, it being this Court's intent that the Sale Procedures are approved in their entirety, as if fully set forth in this Order.

7. The deadline for the filing of competing bids with the Bankruptcy Court to acquire the Assets eligible for the Trustee's consideration to be "Qualified Bids" (as defined in the Sale Procedures) in accordance with the Sale Procedures is 4:00 p.m. (prevailing Eastern Time) on June 25, 2026 (the "Bid Deadline"). Any party that does not file a bid with this Court by the Bid Deadline will not be allowed to: (a) submit any offer after the Bid Deadline; or (b) participate as a bidder in the Auction.

8. Buyer is hereby deemed a Qualified Bidder and the APA attached as Exhibit D to the Sale Motion is deemed a Qualified Bid in connection with the bidding process, the Auction, and the Proposed Sale, subject to Buyer filing the Qualified Bidder Statement with the Bankruptcy Court.

9. All Qualified Bidders filing a Qualified Bid are deemed to have submitted to the exclusive jurisdiction of this Court with respect to all matters related to the Auction and the terms and conditions of the sale or transfer of the Assets identified under the applicable Asset Purchase Agreement.

10. The Trustee shall have the right as he may reasonably determine to be in the best interests of the Estate to carry out the Sale Procedures, including, without limitation, to: (a) determine which bidders are Qualified Bidders; and (b) determine which bids are Qualified Bids.

11. If one or more Qualified Bids in addition to Buyer's Qualified Bid pursuant to the APA are filed by the Bid Deadline, an auction shall be conducted on July 1, 2026 during the Sale Approval Hearing (the "Auction"). Following the conclusion of the Auction, the Trustee shall designate the Winning Bid and shall seek approval of the Proposed Sale. If no Qualified Bid other than Buyer's Qualified Bid pursuant to the APA is received before the Bid Deadline, no Auction shall be conducted and Buyer shall be deemed the Successful Bidder.

12.     If the Auction is conducted, each Qualified Bidder attending the Auction shall be required to confirm that it has not engaged in any collusion, within the meaning of section 363(n) of the Bankruptcy Code, with respect to the bidding or the Proposed Sale.  Only the Trustee, Buyer, and any other Qualified Bidder that has timely submitted a Qualified Bid, shall be permitted to participate in the Auction.  At the conclusion of the Auction, the Trustee shall determine, subject to court approval, which Qualified Bid is the "Winning Bid" and which Qualified Bid is the "Back-Up Bid" (each as defined in the Sale Procedures), each as it relates to the Auction.

**Break-Up Fee, Expense Reimbursement, and Stalking Horse Protections**

13.     The Break-Up Fee in the amount of 3% of the Stalking Horse Bid ($10,500.00) for the Assets is approved.  The Break-Up Fee shall be payable by the Trustee to the Buyer from the proceeds of the sale of the Assets to a purchaser other than the Buyer, pursuant to the terms of the APA.  The Break-Up Fee (i) shall, if payable, constitute an allowed administrative expense claim against the Debtor's estate, and (ii) shall be paid from the proceeds of the sale, in accordance with the terms of this Order and the APA, without further order of this Court.

14.     The Expense Reimbursement for Buyer's reasonable actual fees and expenses not to exceed Fifty Thousand Dollars ($50,000.00) incurred in connection with acting as the Stalking Horse Bidder is approved, payable from the sale proceeds in the event that the Bankruptcy Court enters an order approving the sale of the Assets to a purchaser other than Buyer, pursuant to the terms of the APA.  Buyer shall provide the Trustee with the amount of its Expense Reimbursement at least one (1) day prior to the Sale Approval Hearing to approve the sale to a Successful Bidder for the Assets other than Buyer.  In the event that the Bankruptcy Court enters an order approving the sale of the Assets to a purchaser other than Buyer, Buyer shall submit evidence of the amount of its Expense Reimbursement to the Court at the Sale Approval Hearing.

**Notice of Proposed Sale; Sale Approval Hearing**

15.    Notice of the Proposed Sale provided in the following manner is reasonably calculated to provide good, effective, and sufficient notice to any affected party of the Proposed Sale and of the opportunity to exercise any rights affected by the Sale Motion as it relates to the Sale Procedures, Auction, Proposed Sale, and Sale Approval Hearing (as defined herein), for purposes of Rules 2002, 6004 and 9007 of the Federal Rules of Bankruptcy Procedure, and such notices are hereby approved.

16.    No later than June 3, 2026, the Trustee will promptly serve a copy of each of (A) this Order, (B) the form of Sale Notice substantially in the form attached to the Sale Motion as Exhibit C, and (C) the Sale Motion (without exhibits) upon (i) the Debtor and his counsel of record, (ii) counsel for the United States Trustee, (iii) any entities known to hold or claim a lien, security interest, or other interest in any of the Assets, including Hunter Penn, Nils Trosterud, Sissel Trosterud, Quantum Resource Group QRG AS, and NordCap Advisors SA, (iv) all entities that have indicated to the Trustee any interest in acquiring any of the Assets, and (v) all parties that have requested notice and service of pleadings in the Debtor's Chapter 7 case. Service to the entities listed in clauses (i) through (v) may be made by email, including through the Court's CM/ECF system to such parties' counsel registered as users of such system in this Chapter 7 case.

17.    Additionally, the Trustee will no later than June 3, 2026, serve a copy of (A) this Order and (B) the Sale Notice, by United States mail upon (i) the Internal Revenue Service, (ii) each of the Debtor's federal and state taxing authorities, and (iii) all other known creditors of the Debtor.  The Sale Notice will inform such parties that a copy of the Sale Procedures and the Sale Motion (without exhibits, unless requested), may be obtained by making a written request to counsel to the Trustee.

18.     Any objections to approval of the proposed sale of the Assets must (a) be in writing, (b) state the basis of such objection with specificity, (c) conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the local rules of the Court, (d) be filed by 4:00 p.m. (prevailing Eastern Time) on June 25, 2026 (the "Sale Approval Objection Deadline") with the Office of the Clerk, United States Bankruptcy Court, John W. McCormack Federal Courthouse, 5 Post Office Square, Boston, MA 02109, and (e) be served so as to be received by the Sale Approval Objection Deadline by the following parties (the "Notice Parties"):

a.      attorneys for the Trustee, Harris Beach Murtha Cullina PLLC, 33 Arch Street, 12th Floor, Boston, MA 02110, Attn: Mark G. DeGiacomo, Esq., Email: mdegiacomo@harrisbeachmurtha.com;

b.      attorneys for the Buyer, Nixon Peabody LLP, Exchange Place, 53 State Street, Boston, MA 02109, Attn: Richard C. Pedone, Esq., Email: rpedone@nixonpeabody.com; and

c.      the Office of the United States Trustee, 5 Post Office Square, Suite 1000, Boston, MA 02109, Attn: Sara Kathryn Jackson, Esq., Email: sara.kathryn.jackson@usdoj.gov.

19.     Failure to file an objection to the Proposed Sale (a "Sale Objection") on or before the Sale Approval Objection Deadline (a) shall forever bar the assertion, whether at any Sale Approval Hearing (as defined herein) or thereafter, of any objection to the Motion, to entry of the Sale Order, and/or to the consummation of the Proposed Sale contemplated by the APA or any Asset Purchase Agreement with the Successful Bidder or the Backup Bidder, and (b) for purposes of section 363(f) of the Bankruptcy Code, shall constitute "consent" to the entry of the Sale Order and consummation of the Proposed Sale and all transactions related thereto.

20.     On July 1, 2026 at 10:00 a.m. (prevailing Eastern Time), a hearing (the "Sale Approval Hearing") will be held before the Honorable Janet E. Bostwick, United States Bankruptcy Judge, John W. McCormack Federal Courthouse, 5 Post Office Square, 12th Floor, Boston, MA 02109 to consider approval of the sale of the Assets to the Successful Bidder.  The

Sale Approval Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court at the Sale Approval Hearing.

## Miscellaneous

21. The Trustee is authorized and empowered to take or perform such actions and expend such funds as may be necessary to implement the sale process authorized by this Order.

22. The Trustee is authorized to conduct the Proposed Sale without the necessity of complying with any state or local bulk transfer laws or requirements.

23. In the event that there is a conflict between this Order or the Sale Procedures, on the one hand, and the Sale Motion, on the other hand, this Order and the Sale Procedures shall control and govern, and this Order shall control in the event of any conflict with the Sale Procedures.

24. This Order shall be effective immediately upon entry, and any stay of orders provided for in Fed. R. Bankr. P. 6004(h) or any other provision of the Bankruptcy Code, the Bankruptcy Rules or the local rules of this Court is expressly waived. The Trustee is not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and may, in his sole discretion and without further delay, take any action and perform any act authorized or approved under this Order.

25. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____, 2026

_____
HONORABLE JANET E. BOSTWICK
UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT 1 TO SALE PROCEDURES ORDER

## SALE PROCEDURES

Set forth below are the sale procedures (the "Sale Procedures") to be employed in connection with the proposed sale of certain assets (the "Assets") of the bankruptcy estate (the "Estate") of Jason M. Kahan (the "Debtor"), in connection with the Debtor's Chapter 7 case pending in the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court"), Case No. 24-11592-JEB.

Donald Lassman, the Chapter 7 trustee (the "Trustee"), entered into that certain Asset Purchase Agreement, dated May 6, 2026 with Pioneer Funding Group LLC ("Buyer") pursuant to which Buyer will acquire the Assets on the terms and conditions specified therein (together with the schedules and related documents thereto, the "APA," a copy of which is attached as Exhibit D to the Sale Motion (defined below)). The sale transaction pursuant to the APA is subject to competitive bidding as set forth herein.

Capitalized terms used herein and not otherwise defined shall have the meanings set forth in the following documents, as applicable:

   i.    the APA;

   ii.   the *Chapter 7 Trustee's Motion For: (I) Entry of An Order (A) Approving Procedures Governing Trustee's Proposed Sale Of Certain Of The Debtor's Assets Pursuant To Section 363 Of The Bankruptcy Code, Free And Clear Of Liens, Claims, Encumbrances And Other Interests, (B) Approving Form And Manner Of Notice Of Sale, And (C) Granting Related Relief; And (II) Authority To Sell Certain Of The Debtor's Assets Pursuant To Section 363 Of The Bankruptcy Code, Free And Clear Of Liens, Claims, Encumbrances And Other Interests* (the "Sale Motion"); and/or

   iii.  the *Order (A) Approving Procedures Governing Trustee's Proposed Sale Of Certain Of The Debtor's Assets Pursuant To Section 363 Of The Bankruptcy Code, Free And Clear Of Liens, Claims, Encumbrances And Other Interests; (B) Approving Form And Manner Of Notice Of Sale; And (C) Granting Related Relief* (the "Sale Procedures Order").

## ASSETS TO BE SOLD

The Trustee seeks to consummate a sale of the Assets, consisting of all of the Debtor's and the Estate's right, title, and interest in: (i) the BTC Wallets and all cryptocurrency therein; (ii) the Estate Bitcoin, including any cryptocurrency transferred out of the BTC Wallets since their

inception; (iii) all legal and equitable rights, interests, title, and standing to pursue the Recovery Actions, including causes of action arising under Chapter 5 of the Bankruptcy Code; (iv) all legal and equitable rights, interests, and title to non-executory contracts, whether known or unknown, which concern or relate to the BTC Wallets; and (v) the Trustee's and the Estate's rights and standing to seek and obtain recognition, domestication, and/or enforcement of the Sale Order in any jurisdiction, as more particularly described in the APA.

The sale of the Assets is on an "as is, where is" basis and without representations or warranties of any kind, nature, or description by the Trustee, the Debtor's creditors or the Estate, except to the extent set forth in the APA or in the asset purchase agreement of the Successful Bidder or Backup Bidder, as the case may be (as defined herein), as approved by the Bankruptcy Court. Except as otherwise provided in such approved asset purchase agreement, all of the Estate's right, title and interest in and to each Asset to be acquired shall be sold free and clear of all liens, claims, interests and encumbrances (collectively, the "Encumbrances"), and such Encumbrances will attach solely to the net proceeds of the sale.

## THE BID PROCEDURES

1.    Bidding Process. The Bankruptcy Court has the sole right to determine whether any person is a Qualified Bidder (as defined below).  To the extent that the Trustee believes in his reasonable business judgment that any person is not a Qualified Bidder, the Trustee shall seek an Order from the Bankruptcy Court for a determination that such person is not a Qualified Bidder within five (5) days from such person's request for due diligence information from the Trustee. The Trustee shall not be required to produce any due diligence information to such person until the entry of an Order of the Bankruptcy Court finding that such person is a Qualified Bidder.

2.    Due Diligence. Each bidder must complete all required due diligence prior to the filing of its bid. The Trustee will continue to provide due diligence information to potential bidders who so request by contacting the attorneys for the Trustee, Harris Beach Murtha Cullina PLLC, 33 Arch Street, 12th Floor, Boston, MA 02110, Attn: Mark G. DeGiacomo, Esq., Email: mdegiacomo@harrisbeachmurtha.com. The Trustee shall not be obligated to furnish any due diligence information after the Bid Deadline or to any person that the Bankruptcy Court determines is not a Qualified Bidder.

3.    Minimum Amount of Competing Bids. The initial overbid must have a value of not less than Four Hundred Fifteen Thousand Five Hundred Dollars ($415,500.00), which is comprised of the Purchase Price ($350,000.00), the Expense Reimbursement (up to $50,000.00), and the Break-Up Fee ($10,500.00), plus an additional Five Thousand Dollars ($5,000.00) (the "Initial Overbid Amount").

4.    Required Bid Documents. Unless otherwise indicated below, all competing bids must include the following information/documents (the "Required Bid Documents"), which must be filed with the Bankruptcy Court by the Bid Deadline:

     a.     a legally-binding offer to purchase the Assets, pursuant to an executed version of the APA in substantially the same form thereof, with any proposed changes marked in a blackline (the "APA Blackline"), providing

for the offeror's purchase of the Assets on an "as is, where is" basis for a purchase price consideration having a value of not less than the Initial Overbid Amount and not subject to any contingencies other than entry of an order of the Bankruptcy Court authorizing the Trustee's sale of the Assets free and clear of liens, claims and interests in form and substance customary for Section 363 asset sales of similar nature;

b.     evidence of the bidder's financial ability to consummate a sale of the Assets, including the source of funds and the disclosure of the identity of any entities or persons who will participate or have an interest in any potential competing bid;

c.     a statement under penalty of perjury stating whether the bidder or any of its affiliates are (x) insiders of the Debtor as defined in Section 101(31) of the Bankruptcy Code, (y) currently hold any of the Assets, including but not limited to the private keys related to the Assets, and (z) have had any prior involvement with any of the Assets (the "Qualified Bidder Statement");

d.     a deposit in the amount of at least Thirty-Five Thousand Dollars ($35,000.00) by cashier's check made payable to the Trustee;

e.     written evidence that the bidder has obtained authorization and approval from its board of directors (or comparable governing body) with respect to the submission of its offer, or a representation that no such authorization and approval is required; and

f.     the bidder's acknowledgement and representation that the bidder: (a) has had an opportunity to conduct any and all required due diligence regarding the Assets prior to making its offer; (b) has relied solely upon its own independent review, investigation and/or inspection of any documents and/or the Assets in making its bid; (c) did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express or implied (by operation of law or otherwise), regarding the Assets or the completeness of any information provided in connection therewith or with the Auction, except as expressly stated in the Asset Purchase Agreement; and (d) is not entitled to any expense reimbursement, break-up fee, or similar type of payment in connection with its bid.

5.     Bid Deadline. To be considered a timely bid, the bid containing the Required Bid Documents **must be filed with the Bankruptcy Court by June 25, 2026 at 4:00 p.m. (prevailing Eastern Time).**

6.     Qualified Bids. To constitute a "Qualified Bid" a competing bid must include each of the Required Bid Documents listed above, be accompanied by the required deposit, and:

a.     be timely filed with the Bankruptcy Court by the Bid Deadline;

b. provide information that the bidder is reasonably likely to be able to consummate the proposed transaction if selected as the Successful Bidder;

c. not be subject to or conditioned upon any financing contingencies;

d. not be conditioned on the outcome of due diligence;

e. be binding on each entity participating in the bid;

f. not request or entitle the bidder to any breakup fee, termination fee, expense reimbursement, or similar type of payment; and

g. provide for the closing of such transaction within a time frame that is no longer than the time frame provided for by the APA, except as may otherwise be agreed to by the Trustee.

7. A bidder that files a Qualified Bid will, subject to the Bankruptcy Court's determination, be a "Qualified Bidder". The offer of Buyer set forth in the APA is deemed to constitute a Qualified Bid and Buyer is deemed to be a Qualified Bidder with respect to any Auction (as defined below), subject to Buyer filing the Qualified Bidder Statement with the Bankruptcy Court. Within two business days of the filing of any competing bid and the Required Bid Documents, the Buyer may object to the designation of any competing offer as a Qualified Bid and the Court will rule on such objection prior to the commencement of the auction.

8. Irrevocability of Qualified Bids. Qualified Bids shall be deemed irrevocable offers to acquire the Assets and shall remain irrevocable and subject to acceptance by the Trustee until the Trustee has designated the Winning Bid and the Back-Up Bid (each described below) and the Bankruptcy Court has approved the Trustee's acceptance of the Winning Bid and designation of the Back-Up Bid, at which time any other bids shall be deemed rejected and such rejected bidders' deposits returned.

9. No Qualified Bids. If the Trustee does not receive any Qualified Bids other than the APA, the Trustee will not hold an Auction, Buyer will be named the Successful Bidder (as defined below) upon the expiration of the Bid Deadline, and the Trustee shall seek approval of the sale of the Assets to Buyer pursuant to the APA at the Sale Approval Hearing.

10. Auction and Sale Approval Hearing. If at least two Qualified Bids (including Buyer's Qualified Bid pursuant to the APA) are filed with the Bankruptcy Court, the Trustee shall conduct the Auction with respect to the Proposed Sale. Each Qualified Bidder shall at the commencement of the Auction be required to confirm that it has not engaged in any collusion, within the meaning of Section 363(n) of the Bankruptcy Code, with respect to any bids submitted or not submitted in connection with the Sale. **The Auction shall take place during the Sale Approval Hearing**. Only the Trustee, the Buyer, and any other Qualified Bidder that has timely submitted a Qualified Bid shall be eligible to participate in the Auction. At the Auction, each Qualified Bidder's auction bid(s) shall be deemed to be on the same terms and conditions as such bidder's Qualified Bid as set forth in its Asset Purchase Agreement, except for the specific changes

stated in any bid (e.g., increased offer price, waiver of conditions, etc.) and otherwise as expressly agreed upon by the Trustee.

11.     <u>Conduct of the Auction.</u> The Trustee may from time to time waive and/or employ and announce at the Auction additional rules that are reasonable under the circumstances for conducting the Auction provided that such rules are: (i) not inconsistent with the Sale Procedures Order, the APA, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the local rules of the Bankruptcy Court, or any order of the Bankruptcy Court entered in connection with the Debtor's Chapter 7 case, and (ii) disclosed to each Qualified Bidder.  In the event the Auction is conducted, each subsequent overbid following the Initial Overbid Amount shall be in additional increments of at least Thirty-Five Thousand Dollars ($35,000.00) above the prior prevailing bid.

12.     <u>Selection of Winning Bid and Back-Up Bid.</u> At the conclusion of the Auction, the Trustee will designate, and then announce, the highest or otherwise best bid for the Assets (the "<u>Winning Bid</u>") and the Qualified Bidder submitting such bid (the "<u>Successful Bidder</u>"). The Trustee will also designate the second-best bid to constitute the back-up bid in case the Successful Bidder fails to consummate the Proposed Sale (the "<u>Back-Up Bid</u>"), and the Qualified Bidder submitting such bid (the "<u>Backup Bidder</u>"). Upon the Trustee's designation of the Successful Bidder at the Backup Bidder, the Auction shall be deemed concluded and the Trustee shall not consider any more offers for the Assets. The Trustee's designation of the Winning Bid, Successful Bidder, Back-Up Bid, and Backup Bidder is subject to approval of the Bankruptcy Court through entry of an order so providing following the conclusion of the Sale Approval Hearing.  Upon entry of an order approving the sale of the Assets to the Successful Bidder, the Proposed Sale shall be consummated as provided by and pursuant to the terms and conditions of the Successful Bidder's Asset Purchase Agreement.  The Back-Up Bid shall remain open for acceptance by the Trustee until the closing under the Successful Bidder's Asset Purchase Agreement.  If the Successful Bidder shall fail to close, (i) the Backup Bidder shall be obligated to close within ten (10) business days of being notified that the Closing with the Successful Bidder has failed to close due to breach by the Successful Bidder; and (ii) the Outside Date shall be extended by thirty (30) calendar days.

13.     <u>Acceptance of Qualified Bid.</u> The Trustee intends to seek approval of the highest or otherwise best Qualified Bid received. At the Sale Approval Hearing, the Trustee shall accept the highest or otherwise best Qualified Bid received and seek the approval of the sale of the Assets to such Qualified Bidder from the Bankruptcy Court pursuant to the Sale Order.

14.     <u>Return of Deposits.</u> All deposits shall be returned to each bidder not selected by the Trustee as the Successful Bidder or the Backup Bidder no later than five (5) business days following the conclusion of the Auction.

## <u>SALE APPROVAL HEARING</u>

The hearing to consider approval of the sale of the Assets to the Successful Bidder will be held on **July 1, 2026 at 10:00 a.m.** (the "<u>Sale Approval Hearing</u>") before the Honorable Janet E. Bostwick, United States Bankruptcy Judge, John W. McCormack Federal Courthouse, 5 Post Office Square, 12th Floor, Boston, MA 02109.  The Sale Approval Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court at the Sale Approval Hearing.

Failure to file an objection to the Proposed Sale on or before June 25, 2026 (the "Sale Approval Objection Deadline") (a) shall forever bar the assertion, whether at the Sale Approval Hearing or thereafter, of any objection to the Sale Motion, to entry of the Sale Order, and/or to the consummation of the Proposed Sale contemplated by the APA or any Asset Purchase Agreement with the Successful Bidder or the Backup Bidder, and (b) for purposes of Section 363(f) of the Bankruptcy Code, shall constitute "consent" to the entry of the Sale Order and consummation of the Proposed Sale and all transactions related thereto.