**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In re:

JASON M. KAHAN,

                Debtor.

Chapter 7
Case No. 24-11592-JEB

**ORDER (A) APPROVING PROCEDURES GOVERNING TRUSTEE'S PROPOSED
SALE OF CERTAIN OF THE DEBTOR'S ASSETS PURSUANT TO SECTION 363 OF
THE BANKRUPTCY CODE, FREE AND CLEAR OF LIENS, CLAIMS,
ENCUMBRANCES AND OTHER INTERESTS, (B) APPROVING FORM AND
MANNER OF NOTICE OF SALE, AND (C) GRANTING RELATED RELIEF**

This matter came before the Court on the Chapter 7 Trustee's Motion For: (I) Entry of an

Order (A) Approving Procedures Governing Trustee's Proposed Sale of Certain of The Debtor's

Assets Pursuant to Section 363 of The Bankruptcy Code, Free and Clear of Liens, Claims,

Encumbrances and Other Interests, (B) Approving Form and Manner of Notice of Sale, And

(C) Granting Related Relief; And (II) Authority to Sell Certain of The Debtor's Assets Pursuant

to Section 363 of the Bankruptcy Code, Free and Clear of Liens, Claims, Encumbrances and

Other Interests (the "Sale Motion"). The Sale Motion was filed by Donald Lassman (the

"Trustee"), the duly appointed Chapter 7 trustee of the bankruptcy estate ("Estate") of the within

debtor, Jason Kahan ("Debtor"). Pursuant to the Sale Motion, the Trustee seeks to sell certain

assets of the Estate, as more fully described below ("Assets"), to Pioneer Funding Group LLC

("Stalking Horse Bidder" or "Buyer") for $350,000, on the terms of the asset purchase agreement

("APA") attached as Exhibit D to the Sale Motion, subject to potential counteroffers and

objections to the sale. The Assets to be sold are more particularly described in Exhibit A to the

APA. In the Sale Motion, the Trustee also seeks approval of certain procedures with respect to

the proposed sale and potential counteroffers. Finally, in the Sale Motion, the Trustee seeks

certain protections for the Buyer if the Court approves the sale to a purchaser other than the Buyer including (i) an expense reimbursement (the "Expense Reimbursement") not to exceed $50,000.00 for the reasonable actual fees and expenses of the Buyer, and (ii) a break-up fee (the "Break-Up Fee") in the amount of $10,500.00, which is three percent of the proposed purchase price by the Buyer.

The Court entered an order scheduling a hearing for May 27, 2026, on the request for approval of the proposed sale procedures. In the order, the Court also set a deadline of May 26, 2026, for the filing of any objections to the proposed sale procedures. As set forth in the order, objections to the sale were specifically reserved and not required to be filed at that time. Due notice of the Sale Motion and the hearing on approval of the proposed sale procedures were given. The Debtor filed an objection to the proposed sale procedures.

The Court held a hearing on the proposed sale procedures on May 27, 2026, and heard the arguments of counsel. After the hearing, the Trustee filed a further proposed order which included revised sale procedures.

Having considered the Sale Motion, the Objection, the revised proposed sale procedures, the arguments of counsel at the hearing, and good cause being shown,

**IT IS FOUND THAT:**

A.      The final sale procedures ("Sale Procedures") attached in Exhibit 1 are fair, reasonable, and appropriate and are designed to maximize recovery with respect to the proposed sale of the Assets.

B.      The payment of the Break-Up Fee and the Expense Reimbursement on the terms of this Order is (i) a substantial and material benefit to the Debtor's estate, its creditors and all other parties in interest, because, among other things, such provisions induced the Stalking Horse

2

Bidder to submit a bid that will serve as a minimum or floor bid for the Assets and increase the likelihood that the highest and best possible purchase price for the Assets will be realized; (ii) the product of good faith and arm's-length negotiations between the Trustee and the Stalking Horse Bidder; (iii) reasonable and appropriate in light of the size and nature of the proposed sale and the efforts that have been and will be expended by the Stalking Horse Bidder; and (iv) necessary to induce Buyer to enter into and continue to be bound by the APA and to continue to pursue the sale of the Assets.

**NOW, THEREFORE, IT IS ORDERED THAT**:

1.     The request to approve sale procedures in the Sale Motion is granted as provided in this Order. Any objections to the request for approval of the sale procedures to the extent not withdrawn or resolved are overruled.

2.     The Sale Procedures are approved and incorporated by reference. The Sale Procedures shall govern the submission of competing bids and further rounds of bidding as provided in this Order. Any capitalized terms not otherwise defined in the Order shall have the meaning set forth in the Sale Procedures.

3.     The deadline for (i) the filing of competing bids with the Bankruptcy Court to acquire the Assets, and (ii) delivery of the related deposit to counsel to the Trustee is **June 26, 2026, at 4:00 p.m.** (the "Bid Deadline"). Except as otherwise ordered by the Court, any party that does not file a bid with this Court by the Bid Deadline will not be allowed to: (a) submit any offer after the Bid Deadline; or (b) participate as a bidder in the Auction.

4.     A competing bid must include the information required in the Sale Procedures to be eligible as a Qualified Bid. As provided in the Sale Procedures, the Trustee shall solicit competing bids for the Assets to be submitted utilizing an "Asset Purchase Agreement" (as defined in the Sale Procedures) substantially in the form of the APA and competing bidders are

3

directed to utilize the form of Asset Purchase Agreement made available to them by the Trustee and his advisors to submit competing bids.

5.     Notwithstanding any limitations provided for in any due diligence information or in the Sale Procedures, the Trustee and the Estate shall be authorized to provide due diligence information to potential bidders or Qualified Bidders. The Trustee and the Estate are not responsible for, and shall have no liability with respect to, any information obtained by, or provided to, any potential bidders or Qualified Bidders in connection with the Sale Procedures and the proposed sale, provided that the information was provided in accordance with this Order.

6.     The Buyer will be deemed a Qualified Bidder and the APA is deemed a Qualified Bid in connection with the bidding process provided that the Buyer files a Qualified Bidder Statement (as defined in the Sale Procedures) with the Bankruptcy Court by **June 26, 2026, at 4:00 p.m**.

7.     All Qualified Bidders filing a Qualified Bid (as defined in the Sale Procedures) are deemed to have submitted to the exclusive jurisdiction of this Court with respect to all matters related to the Auction and the terms and conditions of the sale or transfer of the Assets identified under the applicable Asset Purchase Agreement.

8.     If one or more other Qualified Bids are filed by the Bid Deadline, an auction shall be conducted on **July 1, 2026,** during the hearing on the Sale Motion (the "Auction"). Following the conclusion of the Auction, the Trustee shall designate the Winning Bid and shall seek approval of the proposed sale. If no other Qualified Bid is received before the Bid Deadline, no Auction shall be conducted and Buyer shall be deemed the Successful Bidder (as defined in the Sale Procedures).

9. If the Auction is conducted, each Qualified Bidder attending the Auction shall be required to confirm that it has not engaged in any collusion, within the meaning of section 363(n) of the Bankruptcy Code, with respect to the bidding or the proposed sale. Except as otherwise ordered by the Court, only the Trustee, Buyer, and any other Qualified Bidder that has timely submitted a Qualified Bid, shall be permitted to participate in the Auction. At the conclusion of the Auction, the Trustee shall determine, subject to court approval, which Qualified Bid is the "Winning Bid" and which Qualified Bid is the "Back-Up Bid" (each as defined in the Sale Procedures), each as it relates to the Auction.

10. The Expense Reimbursement and the Break-Up Fee are approved subject to the terms of this Order.

   a. The Expense Reimbursement and Break-Up Fee shall only be due and payable if the Court approves a sale to a purchaser other than the Buyer and the sale to such purchaser closes. Notwithstanding the foregoing, such amounts shall not be due if the Court declined to approve the sale to the Buyer because the Buyer withdrew or defaulted on its obligations under the APA, or because the Court found the Buyer was not a good faith buyer or engaged in collusion within the meaning of Section 363(n) of the Code.

   b. The Court shall determine the amount of the Expense Reimbursement at the Sale Approval Hearing. The Buyer shall provide the Trustee with the amount of its Expense Reimbursement **by June 29, 2026.** The Buyer shall also file with the Court **by June 29, 2026,** appropriate evidence of the amount of the Expense Reimbursement. Such evidence may be in summary fashion, such as an affidavit of counsel attaching the summary of

5

invoices or fees charged, and does not require the submission of detailed time or expense records.

c. If payable, the Break-Up Fee and Expense Reimbursement shall be paid by the Trustee to the Buyer from the proceeds of the sale of the Assets to a purchaser other than the Buyer at the closing without further order of the Court.

11. The Notice of Sale ("Sale Notice") substantially in the form attached as Exhibit 2 (without exhibits) is approved.

12. No later than **June 5, 2026**, the Trustee will promptly serve a copy of each of (A) this Order, (B) the final Sale Notice approved by this Order, and (C) the Sale Motion upon (i) the Debtor and his counsel of record, (ii) counsel for the United States Trustee, (iii) any entities known to hold or claim a lien, security interest, or other interest in any of the Assets, including Hunter Penn, Nils Trosterud, Sissel Trosterud, Quantum Resource Group QRG AS, and NordCap Advisors SA, (iv) all entities that have indicated to the Trustee any interest in acquiring any of the Assets, and (v) all parties that have requested notice and service of pleadings in the Debtor's Chapter 7 case. Service may be made by email if the parties have previously consented to email service with the Trustee, or for any counsel who are registered users of the Court's CM/ECF system.

13. Additionally, the Trustee shall by **June 5, 2026**, serve a copy of (A) this Order and (B) the Sale Notice, by United States mail upon (i) the Internal Revenue Service, (ii) each of the Debtor's federal and state taxing authorities, and (iii) all other known creditors of the Debtor. The Sale Notice will inform such parties that a copy of the Sale Procedures and the Sale Motion

(including exhibits) may be obtained by making a written request (including by email) to counsel to the Trustee.

14.    Any objections to approval of the proposed sale of the Assets must (a) be in writing, (b) state the basis of such objection with specificity, (c) conform to the Federal Rules of Bankruptcy Procedure and the local rules of the Court, (d) be filed by **June 26, 2026, at 4:00 p.m.** with the Office of the Clerk, United States Bankruptcy Court, John W. McCormack Post Office and Court House, 5 Post Office Square, Boston, MA 02109, and (e) be served so as to be received by the Sale Approval Objection Deadline by the following parties (the "Notice Parties"):

i.    attorneys for the Trustee, Harris Beach Murtha Cullina PLLC, 33 Arch Street, 12th Floor, Boston, MA 02110, Attn: Mark G. DeGiacomo, Esq., Email: mdegiacomo@harrisbeachmurtha.com;

ii.    attorneys for the Buyer, Nixon Peabody LLP, Exchange Place, 53 State Street, Boston, MA 02109, Attn: Richard C. Pedone, Esq., Email: rpedone@nixonpeabody.com; and

iii.    the Office of the United States Trustee, 5 Post Office Square, Suite 1000, Boston, MA 02109, Attn: Sara Kathryn Jackson, Esq., Email: sara.kathryn.jackson@usdoj.gov.

15.    The Court will hold a hearing on the Sale Motion on **July 1, 2026, at 10:00 a.m.** The hearing will be in person at John W. McCormack Post Office and Court House, 5 Post Office Square, Courtroom #3, 12th Floor, Boston, MA 02109 to consider approval of the sale of the Assets to the Successful Bidder. The hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court. The Court may take evidence at the hearing. **Any party objecting to Sale Motion or filing a Qualified Bid must be present at the hearing**. **Since the hearing is an evidentiary hearing, remote access will not be permitted.**

16.     The Trustee is authorized and empowered to take or perform such actions and expend such funds as may be necessary to implement the sale process authorized by this Order.

17.     In the event that there is a conflict between this Order or the Sale Procedures, on the one hand, and the Sale Motion, on the other hand, this Order and the Sale Procedures shall control and govern, and this Order shall control in the event of any conflict with the Sale Procedures.

18.     This Order shall be effective immediately upon entry, and any stay of orders provided for in Fed. R. Bankr. P. 6004(h) or any other provision of the Bankruptcy Code, the Bankruptcy Rules or the local rules of this Court is expressly waived

19.     This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: __June 3_____, 2026

Janet E. Bostwick
United States Bankruptcy Judge

8

## Schedule A

### ASSETS

A.    The rights, title and interests of Seller, the Estate and the Debtor in the Bitcoin wallets and Bitcoin addresses, including private keys, in which they hold any interest, including, but not limited to, the below wallets (collectively, the "**BTC Wallets**"):



1.    BTC Address 1 (0.00132677 BTC): ▮▮▮▮▮▮▮▮▮ l0hz
2.    BTC Address 2 (414.99999583 BTC): ▮▮▮▮▮▮▮▮▮ 59df
3.    BTC Address 3 (494.22956166 BTC): ▮▮▮▮▮▮▮▮▮ ej6c
4.    BTC Address 4 (185.10000000 BTC): ▮▮▮▮▮▮▮▮▮ yrlk
5.    BTC Address 5 (100.00010330 BTC): ▮▮▮▮▮▮▮▮▮ gx4x
6.    BTC Address 6 (100.00010330 BTC): ▮▮▮▮▮▮▮▮▮ qssr
7.    BTC Address 7 (0.00010000 BTC): ▮▮▮▮▮▮▮▮▮ st7y
8.    BTC Address 8 (496.89998888 BTC): ▮▮▮▮▮▮▮▮▮ p0ug
9.    BTC Address 9 (0 BTC): ▮▮▮▮▮▮▮▮▮ rz5c
10.   BTC Address 10 (0 BTC): ▮▮▮▮▮▮▮▮▮ u6pN
11.   BTC Address 11 (0 BTC): ▮▮▮▮▮▮▮▮▮ psci

B.    The rights, title and interests of Seller, the Estate and the Debtor in any cryptocurrency in which they hold any interest, including, but not limited to (i) currently located in the BTC Wallets, and/or (ii) which have been transferred out of the BTC Wallets since their inception ((i) and (ii) together, the "**Estate Bitcoin**").

C.    All of Seller's, the Estate's and the Debtor's legal and equitable rights, interests, title, and standing to pursue any and all claims, suits, and causes of action, including but not limited to all causes of arising under Chapter 5 of the Bankruptcy Code including under 11 U.S.C. §§ 542 and 548, relating to recovering the BTC Wallets and the Estate Bitcoin and access thereto from any party, including, but not limited to Hunter Penn, Nils Trosterud, Sissel Trosterud, Quantum Resource Group QRG AS, NordCap Advisors SA and any other third party who may have access and/or control over the BTC Wallets and Estate Bitcoin.

D.    All of the Seller's, the Estate's and the Debtor's legal and equitable rights, interests and title to non-executory contracts, whether known or unknown, which concern or relate to the BTC Wallets.

E.    Seller's and the Estate's rights and standing to seek and obtain recognition, domestication and/or enforcement of the Sale Order in any jurisdiction.

1

4927-5590-9266

## EXHIBIT 1

## SALE PROCEDURES

The following sale procedures (the "Sale Procedures") to be employed in connection with the proposed sale of certain assets (the "Assets") of the bankruptcy estate (the "Estate") of Jason M. Kahan (the "Debtor"), in connection with the Debtor's Chapter 7 case pending in the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court"), Case No. 24-11592-JEB have been approved by Order of the Court dated June 2, 2026 ("Sale Procedures Order").

The Sale Procedures relate to the *Chapter 7 Trustee's Motion For: (I) Entry of An Order (A) Approving Procedures Governing Trustee's Proposed Sale Of Certain Of The Debtor's Assets Pursuant To Section 363 Of The Bankruptcy Code, Free And Clear Of Liens, Claims, Encumbrances And Other Interests, (B) Approving Form And Manner Of Notice Of Sale, And (C) Granting Related Relief; And (II) Authority To Sell Certain Of The Debtor's Assets Pursuant To Section 363 Of The Bankruptcy Code, Free And Clear Of Liens, Claims, Encumbrances And Other Interests* (the "Sale Motion").

As provided in the Sale Motion, Donald Lassman, the Chapter 7 trustee (the "Trustee"), entered into that certain Asset Purchase Agreement, dated May 6, 2026, with Pioneer Funding Group LLC ("Buyer") pursuant to which Buyer will acquire the Assets on the terms and conditions specified therein (together with the schedules and related documents thereto, the "APA," a copy of which is attached as Exhibit D to the Sale Motion (defined below). The sale transaction pursuant to the APA is subject to competitive bidding as set forth herein.

These Sale Procedures supersede and govern over any conflict with the Sale Motion or the APA. Any capitalized terms not otherwise defined herein shall have the meaning set forth in the Sale Procedures Order.

## ASSETS TO BE SOLD

The Trustee seeks to consummate a sale of the certain assets of the Debtor and the Estate comprised of Bitcoin wallets, addresses and related assets as further detailed and defined in the attached Schedule A ("Assets"). As more particularly described and defined in Schedule A, the Assets to be sold consist of all of the Debtor's and the Estate's right, title, and interest in: (i) the BTC Wallets and all cryptocurrency therein; (ii) the Estate Bitcoin, including any cryptocurrency transferred out of the BTC Wallets since their inception; (iii) all legal and equitable rights, interests, title, and standing to pursue certain recovery actions, including causes of action arising under Chapter 5 of the Bankruptcy Code; (iv) all legal and equitable rights, interests, and title to non-executory contracts, whether known or unknown, which concern or relate to the BTC Wallets; and (v) the Trustee's and the Estate's rights and standing to seek and obtain recognition, domestication, and/or enforcement of the any order approving the sale in any jurisdiction.

The sale of the Assets is on an "as is, where is" basis and without representations or warranties of any kind, nature, or description by the Trustee, the Debtor's creditors or the Estate, except to the extent set forth in the APA or in the asset purchase agreement of the Successful Bidder or Backup Bidder, as the case may be (as defined herein), as approved by the Bankruptcy Court. Except as otherwise provided in such approved asset purchase agreement, all of the Estate's right, title and interest in and to each Asset to be acquired shall be sold free and clear of all liens, claims, interests and encumbrances (collectively, the "Encumbrances"), and such Encumbrances will attach solely to the net proceeds of the sale.

## THE BID PROCEDURES

1.     <u>Bidding Process.</u> The Bankruptcy Court has the sole right to determine whether any person is a Qualified Bidder (as defined below). To the extent that the Trustee believes in his reasonable business judgment that any person is not a Qualified Bidder, the Trustee shall seek an Order from the Bankruptcy Court for a determination that such person is not a Qualified Bidder within five (5) days from such person's request for due diligence information from the Trustee. The Trustee shall not be required to produce any due diligence information to such person until the entry of an Order of the Bankruptcy Court finding that such person is a Qualified Bidder.

2.     <u>Due Diligence.</u> Each bidder must complete all required due diligence prior to the filing of its bid. The Trustee will continue to provide due diligence information to potential bidders who so request by contacting the attorneys for the Trustee, Harris Beach Murtha Cullina PLLC, 33 Arch Street, 12th Floor, Boston, MA 02110, Attn: Mark G. DeGiacomo, Esq., Email: mdegiacomo@harrisbeachmurtha.com. The Trustee shall not be obligated to furnish any due diligence information (i) to any person that the Bankruptcy Court determines is not a Qualified Bidder, or (ii) unless otherwise ordered by the Court, after the Bid Deadline.

3.     <u>Minimum Amount of Competing Bids.</u> The initial overbid must have a value of not less than Four Hundred Fifteen Thousand Five Hundred Dollars ($415,500.00), which is comprised of the Purchase Price ($350,000.00), the Expense Reimbursement (up to $50,000.00), and the Break-Up Fee ($10,500.00), plus an additional Five Thousand Dollars ($5,000.00) (the "Initial Overbid Amount").

4.     <u>Required Bid Documents.</u> Unless otherwise indicated below, all competing bids must include the following information/documents (the "Required Bid Documents"):

      a.     a legally-binding offer to purchase the Assets, pursuant to an executed version of the APA in substantially the same form thereof, with any proposed changes marked in a blackline (the "APA Blackline"), providing for the offeror's purchase of the Assets on an "as is, where is" basis for a purchase price consideration having a value of not less than the Initial Overbid Amount and not subject to any contingencies other than entry of an order of the Bankruptcy Court authorizing the Trustee's sale of the Assets free and clear of liens, claims and interests in form and substance customary for Section 363 asset sales of similar nature;

2

b.   evidence of the bidder's financial ability to consummate a sale of the Assets, including the source of funds;

c.   the disclosure of the identity of any entities or persons who will participate or have an interest in any potential competing bid;

d.   a statement under penalty of perjury stating whether the bidder or any of its affiliates are (x) insiders of the Debtor as defined in Section 101(31) of the Bankruptcy Code, (y) currently hold any of the Assets, including but not limited to the private keys related to the Assets, and (z) have had any prior involvement with any of the Assets (the "Qualified Bidder Statement");

e.   a deposit in the amount of at least Thirty-Five Thousand Dollars ($35,000.00) by cashier's check made payable to the Trustee;

f.   written evidence that the bidder has obtained authorization and approval from its board of directors (or comparable governing body) with respect to the submission of its offer, or a representation that no such authorization and approval is required; and

g.   the bidder's acknowledgement and representation that the bidder: (i) has had an opportunity to conduct any and all required due diligence regarding the Assets prior to making its offer; (ii) has relied solely upon its own independent review, investigation and/or inspection of any documents and/or the Assets in making its bid; (iii) did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express or implied (by operation of law or otherwise), regarding the Assets or the completeness of any information provided in connection therewith or with the Auction, except as expressly stated in the Asset Purchase Agreement; and (iv) is not entitled to any expense reimbursement, break-up fee, or similar type of payment in connection with its bid.

5.   Bid Deadline. The Bid Deadline is **June 26, 2026, at 4:00 p.m. Eastern Time.** Any competing bid, together with the documents set forth in paragraphs 4a, 4c, 4d, 4f, and 4g, must be filed with the Court by the Bid Deadline. In addition, any bidder must by the Bid Deadline, submit to counsel to the Trustee, the deposit check in paragraph 4e, and the evidence of financial ability to consummate the transaction in paragraph 4b.

6.   Qualified Bids. To constitute a "Qualified Bid" a competing bid must include each of the Required Bid Documents listed above, be accompanied by the required deposit, and:

a.   timely filed with the Bankruptcy Court by the Bid Deadline the bid and related documents set forth in paragraph 5;

3

b.    timely deliver to counsel to the Trustee by the Bid Deadline the deposit and the evidence of financial ability as required under paragraph 5;

c.    provide information that the bidder is reasonably likely to be able to consummate the proposed transaction if selected as the Successful Bidder;

d.    not be subject to or conditioned upon any financing contingencies;

e.    not be conditioned on the outcome of due diligence;

f.    be binding on each entity participating in the bid;

g.    not request or entitle the bidder to any breakup fee, termination fee, expense reimbursement, or similar type of payment; and

h.    provide for the closing of such transaction within a time frame that is no longer than the time frame provided for by the APA, except as may otherwise be agreed to by the Trustee.

7.    <u>Determination of Qualified Bidders</u>.

a.    A bidder that files a Qualified Bid will, subject to the Bankruptcy Court's determination, be a "Qualified Bidder".

b.    The offer of Buyer set forth in the APA is deemed to constitute a Qualified Bid and Buyer is deemed to be a Qualified Bidder with respect to any Auction (as defined below), subject to Buyer filing the Qualified Bidder Statement with the Bankruptcy Court as required under the Sale Procedures Order.

c.    The Trustee or the Buyer may object to the designation of any competing offer as a Qualified Bid no later than **June 29, 2026, at 5:00 p.m.** and the Court will rule on such objection at the hearing on the Sale Motion prior to the commencement of the auction.

8.    <u>Irrevocability of Qualified Bids.</u> Qualified Bids shall be deemed irrevocable offers to acquire the Assets and shall remain irrevocable and subject to acceptance by the Trustee until the Trustee has designated the Winning Bid and the Back-Up Bid (each described below) and the Bankruptcy Court has approved the Trustee's acceptance of the Winning Bid and designation of the Back-Up Bid, at which time any other bids shall be deemed rejected and such rejected bidders' deposits returned.

9.    <u>No Qualified Bids.</u> If the Trustee does not receive any Qualified Bids other than the APA, the Trustee will not hold an Auction, the Buyer will be named the Successful Bidder (as defined below) upon the expiration of the Bid Deadline, and the Trustee shall seek approval of the sale of the Assets to Buyer pursuant to the APA at the Sale Approval Hearing.

4

10.     Auction and Sale Approval Hearing. If at least one other Qualified Bids is filed with the Bankruptcy Court, the Trustee shall conduct the Auction with respect to the proposed sale. Each Qualified Bidder shall at the commencement of the Auction be required to confirm that it has not engaged in any collusion, within the meaning of Section 363(n) of the Bankruptcy Code, with respect to any bids submitted or not submitted in connection with the sale. **The Auction shall take place during the Sale Approval Hearing (as defined below)**. Unless otherwise ordered by the Court, only the Trustee, the Buyer, and any other Qualified Bidder that has timely submitted a Qualified Bid shall be eligible to participate in the Auction. At the Auction, each Qualified Bidder's auction bid(s) shall be deemed to be on the same terms and conditions as such bidder's Qualified Bid as set forth in its Asset Purchase Agreement, except for the specific changes stated in any bid (e.g., increased offer price, waiver of conditions, etc.) and otherwise as expressly agreed upon by the Trustee.

11.     Conduct of the Auction. The Court may, including upon request of the Trustee, approve additional rules for the Auction and announce such rules and procedures prior to the Auction. In the event the Auction is conducted, each subsequent overbid following the Initial Overbid Amount shall be in additional increments of at least Thirty-Five Thousand Dollars ($35,000.00) above the prior prevailing bid.

12.     Selection of Winning Bid and Back-Up Bid. At the conclusion of the Auction, the Trustee will designate, and then announce, the highest or otherwise best bid for the Assets (the "Winning Bid") and the Qualified Bidder submitting such bid (the "Successful Bidder"). The Trustee will also designate the second-best bid to constitute the back-up bid in case the Successful Bidder fails to consummate the Proposed Sale (the "Back-Up Bid"), and the Qualified Bidder submitting such bid (the "Backup Bidder"). Upon the Trustee's designation of the Successful Bidder and the Backup Bidder, the Auction shall be deemed concluded and the Trustee shall not consider any more offers for the Assets. The Trustee's designation of the Winning Bid, Successful Bidder, Back-Up Bid, and Backup Bidder is subject to approval of the Bankruptcy Court through entry of an order so providing following the conclusion of the Sale Approval Hearing. The Back-Up Bid shall remain open for acceptance by the Trustee until the closing under the Successful Bidder's Asset Purchase Agreement. Unless otherwise ordered by the Court, if the Successful Bidder shall fail to close, (i) the Backup Bidder shall be obligated to close within ten (10) business days of being notified that the Successful Bidder has failed to close due to breach by the Successful Bidder; and (ii) the date for any closing shall be extended by thirty (30) calendar days.

13.     Acceptance of Qualified Bid. The Trustee intends to seek approval of the highest or otherwise best Qualified Bid received. At the Sale Approval Hearing, the Trustee shall accept the highest or otherwise best Qualified Bid received and seek the approval of the sale of the Assets to such Qualified Bidder from the Bankruptcy Court pursuant to the Sale Order.

14.     Return of Deposits. All deposits shall be returned to each bidder not selected by the Trustee as the Successful Bidder or the Backup Bidder no later than five (5) business days following the conclusion of the Auction.

## OBJECTIONS TO SALE MOTION

Any objections to approval of the proposed sale of the Assets must (a) be in writing, (b) state the basis of such objection with specificity, (c) conform to the Federal Rules of Bankruptcy Procedure and the local rules of the Court, (d) be filed by **June 26, 2026, at 4:00 p.m.** with the Office of the Clerk, United States Bankruptcy Court, John W. McCormack Post Office and Court House, 5 Post Office Square, Boston, MA 02109.

## SALE APPROVAL HEARING

The hearing to consider approval of the sale of the Assets to the Successful Bidder will be held on **July 1, 2026, at 10:00 a.m.** (the "Sale Approval Hearing") before the Honorable Janet E. Bostwick, United States Bankruptcy Judge, John W. McCormack Post Office and Court House, 5 Post Office Square, Courtroom #3, 12th Floor, Boston, MA 02109. The Sale Approval Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court at the Sale Approval Hearing. The Court may take evidence at the hearing. **Any party objecting to Sale Motion or filing a Qualified Bid must be present at the hearing**. **Since the hearing is an evidentiary hearing, remote access will not be permitted.**

**EXHIBIT 2**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| In re:<br><br>JASON M. KAHAN,<br><br><div align="center">Debtor.</div> | Chapter 7<br><br>Case No. 24-11592-JEB |

**NOTICE OF (A) PROPOSED SALE OF CERTAIN ASSETS OF THE DEBTOR'S ESTATE PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS, (B) SALE PROCEDURES, (C) DEADLINES FOR SUBMITTING OVERBIDS OR OBJECTIONS, AND (D) HEARING DATE**

**TO CREDITORS AND PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE THAT**, pursuant to section 363 of the Bankruptcy Code, Fed. R. Bankr. P. 2002 and 6004, and MLBR 2002-5 and 6004-1, and pursuant to the *Trustee's Motion For: (I) Entry Of An Order (A) Approving Procedures Governing Trustee's Proposed Sale Of Certain Of The Debtor's Assets Pursuant To Section 363 Of The Bankruptcy Code, Free And Clear Of Liens, Claims, Encumbrances And Other Interests, (B) Approving Form And Manner Of Notice Of Sale, And (C) Granting Related Relief; And (II) Authority To Sell Certain Of The Debtor's Assets Pursuant To Section 363 Of The Bankruptcy Code, Free And Clear Of Liens, Claims, Encumbrances And Other Interests* [Dkt. No. 260] (the "Sale Motion"), Donald Lassman, the Chapter 7 trustee (the "Trustee") of the above-captioned bankruptcy estate of Jason M. Kahan (the "Debtor"), intends to sell certain assets of the Debtor's estate (the "Assets") to Pioneer Funding Group LLC (the "Buyer"), or to such other entity that submits the highest or otherwise best offer to acquire the Assets as determined through the sale process established by the Bankruptcy Court (the "Proposed Sale"). Capitalized terms used herein but not otherwise defined shall have the meanings set forth in the Sale Motion, the Sale Procedures Order, or the APA (as defined herein), as applicable.

**I.    PROPERTY TO BE SOLD, STALKING HORSE BID, AND INITIAL OVERBID AMOUNT**

The Assets to be sold consist of all of the Debtor's and the Estate's rights, title, and interest in: (i) certain Bitcoin wallets and Bitcoin addresses, including private keys (the "BTC Wallets"); (ii) any cryptocurrency currently located in or which has been transferred out of the BTC Wallets since their inception (the "Estate Bitcoin"); (iii) all related legal and equitable rights, interests, title, and standing to pursue claims, suits, and causes of action relating to recovery of the BTC Wallets and Estate Bitcoin (the "Recovery Actions"), including causes of action arising under Chapter 5 of the Bankruptcy Code; (iv) all legal and equitable rights, interests, and title to non-executory contracts, whether known or unknown, which concern or relate to the BTC Wallets; and (v) the Trustee's and the Estate's rights and standing to seek and obtain recognition, domestication, and/or enforcement of the Sale Order in any jurisdiction, all as more particularly described on

Schedule A to the Sale Procedures attached as Exhibit 1 to this Notice. The Assets are also described in the  Asset Purchase Agreement dated May 6, 2026 (the "APA") between the Trustee and the Buyer.  A copy of the APA is attached as Exhibit D to the Sale Motion.

The Proposed Sale is to be made free and clear of all liens, claims, encumbrances, and interests, with any such liens, claims, and interests to attach to the proceeds of sale with equal effect and priority. The Buyer has agreed to purchase the Assets for a purchase price of Three Hundred Fifty Thousand Dollars ($350,000.00) (the "Purchase Price"), subject to adjustment at Auction. The sale of the Assets shall be on an "as is" and "where is" basis.

The initial overbid must have a value of **not less than Four Hundred Fifteen Thousand Five Hundred Dollars ($415,500.00)** (the "Initial Overbid Amount").

The current proposed order approving the sale of the Assets to Buyer  provides that to the extent any third party is in possession, control or in any way interfering with Buyer's access to any of the Assets, including Mr. Hunter Penn, Quantum Resource Group QRG AS, Nils Trosterud, Sissel Trosterud and NordCap Advisors SA, whom the Trustee believes may be involved in interfering with access to certain of the Assets, such third parties shall immediately deliver possession, control, and access to the Assets (and the proceeds thereof) to the Buyer.

## II.   OVERVIEW OF DATES AND DEADLINES

The following dates and deadlines have been approved by the Bankruptcy Court in the Sale Procedures Order:

| Event | Date |
|---|---|
| Deadline to Submit Competing Bids and Objections | **June 26, 2026 at 4:00 p.m.** |
| Sale Approval Hearing | **July 1, 2026 at 10:00 a.m.** |

## III.   OVERBIDS AND SALE APPROVAL OBJECTIONS

The Proposed Sale is to be governed by the procedures (the "Sale Procedures") approved by (and attached as Exhibit 1 to) the *Order (A) Approving Procedures Governing Trustee's Proposed Sale of Certain of the Debtor's Assets Pursuant to Section 363 of the Bankruptcy Code, Free and Clear of Liens, Claims, Encumbrances and Other Interests, (B) Approving Form and Manner of Notice of Sale, and (C) Granting Related Relief* entered by the Bankruptcy Court on June 3, 2026 (the "Sale Procedures Order"). The Sale Procedures, together with Schedule A setting forth the Assets, are attached as Exhibit 1.

If you are interested in submitting a bid to purchase the Assets or any substantial portion thereof, please contact the Trustee's counsel, Mark G. DeGiacomo, Esq., Harris Beach Murtha Cullina PLLC, Telephone: (617) 457-4000, Email: mdegiacomo@harrisbeachmurtha.com, in order (i) to obtain additional information about the Assets and to arrange for execution and delivery to the Trustee of a confidentiality agreement pursuant to which such additional information will be provided, and (ii) to obtain a copy of the Sale Procedures containing the terms and conditions

governing the submissions of bids to purchase the Assets.  Please do not contact the Debtor directly. Offers to purchase the Assets must comply with the Sale Procedures to be considered for acceptance by the Trustee and approval by the Bankruptcy Court.

In accordance with the Sale Procedures, competing purchase offers for the Assets must be submitted by **no later than June 26, 2026 at 4:00 p.m. (prevailing Eastern Time)**.

**ANY OBJECTIONS TO PROPOSED SALE OF THE ASSETS** must (i) be in writing, (ii) state with particularity the grounds for the objection and why the sale of the Assets should not be authorized, (iii) conform to the Federal Rules of Bankruptcy Procedure and the local rules of the Bankruptcy Court, (iv) be filed with the Office of the Clerk, United States Bankruptcy Court, John W. McCormack Federal Courthouse, 5 Post Office Square, Boston, MA 02109, **no later than 4:00 p.m. (prevailing Eastern Time) on June 26, 2026** (the "Sale Approval Objection Deadline"), and (v) be served so as to be received by the Sale Approval Objection Deadline by the following parties (the "Notice Parties"):

a)      attorneys for the Trustee, Harris Beach Murtha Cullina PLLC, 33 Arch Street, 12th Floor, Boston, MA 02110, Attn: Mark G. DeGiacomo, Esq., Email: mdegiacomo@harrisbeachmurtha.com;

b)      attorneys for the Buyer, Nixon Peabody LLP, Exchange Place, 53 State Street, Boston, MA 02109, Attn: Richard C. Pedone, Esq., Email: rpedone@nixonpeabody.com; AND

c)      the Office of the United States Trustee, 5 Post Office Square, Suite 1000, Boston, MA 02109, Attn: Sara Kathryn Jackson, Esq., Email: sara.kathryn.jackson@usdoj.gov.

## IV.     AUCTION AND SALE APPROVAL HEARING:

**PLEASE TAKE NOTICE THAT** a hearing (the "Sale Approval Hearing") will be held before the Honorable Janet E. Bostwick, United States Bankruptcy Judge, John W. McCormack Post Office and Court House, 5 Post Office Square, Courtroom #3, 12th Floor, Boston, MA 02109 **on July 1, 2026 at 10:00 a.m. (prevailing Eastern Time)** to consider approval of the sale of the Assets to the Successful Bidder. The Sale Approval Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court at the Sale Approval Hearing. The Court may take evidence at the hearing. **Any party objecting to Sale Motion or filing a Qualified Bid must be present at the hearing**. **Since the hearing is an evidentiary hearing, remote access will not be permitted.**

**PLEASE TAKE FURTHER NOTICE THAT** if competing one or more Qualified Bids are received by the Bid Deadline, the Auction shall be conducted at the Sale Approval Hearing. The Auction shall be governed by the Sale Procedures Order.  It is anticipated that this Court will permit the Trustee to accept sealed bids, conduct a live auction, or a combination of the two at the Sale Approval Hearing.

**PLEASE TAKE FURTHER NOTICE THAT** any interested party requesting additional information with respect to the Proposed Sale or with respect to submitting a bid to purchase the

Assets may contact counsel to the Trustee, Mark G. DeGiacomo, Harris Beach Murtha Cullina PLLC, 33 Arch Street, 12th Floor, Boston, MA 02110, Phone (617) 457-4000, Email: mdegiacomo@harrisbeachmurtha.com, provided that notwithstanding any information which may be provided, all entities submitting an offer shall be relying upon their own independent due diligence and analysis.

**PLEASE TAKE FURTHER NOTICE THAT** copies of the Sale Motion, the Sale Procedures Order, and the APA may be obtained from the Office of the Clerk, United States Bankruptcy Court, John W. McCormack Federal Courthouse, 5 Post Office Square, Boston, MA 02109, or by making a written request to undersigned counsel to the Trustee.

Dated: June 3, 2026

DONALD LASSMAN, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF JASON M. KAHAN,

By his attorneys,

/s/ Zachary J. Gregoricus
Mark G. DeGiacomo, BBO #118170
Zachary J. Gregoricus, BBO #699578
Harris Beach Murtha Cullina PLLC
33 Arch Street, 12th Floor
Boston, MA 02110
617-457-4154 Telephone
617-482-3868 Facsimile
mdegiacomo@harrisbeachmurtha.com
zgregoricus@harrisbeachmurtha.com