**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re:<br><br>JASON M. KAHAN,<br><br>Debtor. | Chapter 7<br><br>Case No. 24-11592-JEB |

# ***EXPEDITED*** **MOTION OF PIONEER FUNDING GROUP LLC TO CONDUCT RULE 2004 EXAMINATION OF DEBTOR REGARDING RECENT MOVEMENT OF ESTATE BITCOIN SUBJECT TO SALE PROCESS**

Pioneer Funding Group LLC ("Pioneer") hereby files this expedited motion (this "Motion") pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking the entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing Pioneer to conduct a Rule 2004 examination of Jason M. Kahan (the "Debtor"), and compelling the production of documents related thereto, regarding the recent movement of Estate Bitcoin that are the subject of *Trustee's Motion for Entry of an Order Approving Procedures Governing the Proposed Sale of Certain of the Debtor's Assets Pursuant to Section 363 of the Bankruptcy Code* [Docket No. 260] (the "Sale Motion") and the *Order (A) Approving Procedures Governing Trustee's Proposed Sale Of Certain Of The Debtor's Assets Pursuant To Section 363 Of The Bankruptcy Code, Free And Clear Of Liens, Claims, Encumbrances And Other Interests, (B) Approving Form And Manner Of Notice Of Sale, And (C) Granting Related Relief* [Docket No. 274] (the "Sale Procedures Order").[1] In support of the Motion, Pioneer respectfully states as follows:

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Sale Motion or the Sale Procedures Order.

## PRELIMINARY STATEMENT

1. Pioneer is the designated Stalking Horse Bidder under the Asset Purchase Agreement dated May 6, 2026 (the "APA") between Pioneer and the Chapter 7 Trustee. Pursuant to the Sale Motion and the Sale Procedures Order, the APA serves as the opening bid for the sale of certain Assets of the estate of the Debtor, including certain Bitcoin wallets and Bitcoin addresses, associated private keys, and any cryptocurrency currently located in such wallets.

2. Pioneer brings this Motion on an expedited basis due to a deeply alarming development. Through a review of publicly available blockchain data, Pioneer has discovered that on or about June 2, 2026—just days after the Court held its hearing on May 27, 2026 on the Sale Motion—approximately 494.23 Bitcoin were transferred ***out of*** Bitcoin wallet ending in ej6c (the "ej6c Wallet"), which is one of the Assets subject to the upcoming auction and sale. The Bitcoin in the ej6c Wallet represents approximately 28% of the Bitcoin Assets subject to the pending sale.[2] Further, (i) competing bids are due by June 26, 2026 and (ii) an auction (if there are qualified competing bids) and hearing to approve the sale are scheduled for July 1, 2026. The timing of this transfer, its magnitude, and the circumstances surrounding it demand immediate investigation through a Rule 2004 examination of the Debtor and production of documents.

## JURSIDICTION AND VENUE

3. The United States Bankruptcy Court for the District of Massachusetts (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a

---

[2] A review of the blockchain explorer also reveals that the Bitcoin in the wallets subject to the pending sale have been previously moved during the pendency of the Debtor's bankruptcy case. Specifically, on January 31, 2026, exactly one day after Pioneer submitted an indicative offer to counsel for the Trustee, approximately 496.899 Bitcoin were transferred out of Bitcoin wallet ending in 35ga and those Bitcoin were transferred again on March 22, 2026.

core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory and legal predicates for the relief requested herein are section 105(a) of the Bankruptcy Code and Rule 2004 of the Bankruptcy Rules.

## BACKGROUND

5. On August 7, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code, commencing the above-captioned case. On August 8, 2024, Donald Lassman (the "Trustee") was appointed as the Chapter 7 Trustee in the Case.

6. In his schedules, the Debtor listed approximately $110,400,000.00 worth of Bitcoin as of the Petition Date in Schedule A/B, reflecting the substantial cryptocurrency holdings of the Estate.

7. On or about May 6, 2026, Pioneer entered into the APA to serve as the Stalking Horse Bidder for the purchase of certain Assets of the estate. The Assets subject to the proposed sale include, among other things, the Debtor's and the Estate's right, title, and interest in certain Bitcoin wallets and Bitcoin addresses, including associated private keys, any cryptocurrency currently located in such wallets, and all related Recovery Actions.

8. As described in Exhibit A to the APA, the Assets include the ej6c Wallet.

**EXHIBIT A TO AGREEMENT**

**ASSETS**

A. The rights, title and interests of Seller, the Estate and the Debtor in the Bitcoin wallets and Bitcoin addresses, including private keys, in which they hold any interest, including, but not limited to, the below wallets (collectively, the "***BTC Wallets***"):

1. BTC Address 1 (0.00132677 BTC): [redacted]l0hz
2. BTC Address 2 (414.99999583 BTC): [redacted]59df
3. BTC Address 3 (494.22956166 BTC): [redacted]ej6c

*See* APA, Ex. A.

9. On May 8, 2026, the Trustee filed the Sale Motion which contemplates a sale process pursuant to which Pioneer's $350,000 bid under the APA serves as the Stalking Horse Bid. On May 23, 2026, the Debtor filed the *Debtor's Objection to the Trustee's Proposed Sale Procedure* [Docket No. 269]. On May 27, 2026, the Court held a hearing on the Sale Motion (the "Sale Hearing").

10. On June 3, 2026, the Court overruled the Debtor's objection, entered the Sale Procedures Order, and set June 26, 2026 as the deadline for the submission of competing bids. Further, the Court set July 1, 2026 as the date of the auction (if there are qualified competing bids) and the hearing to approve the sale.

11. On June 16, 2026, through review of publicly available blockchain data, Pioneer discovered that approximately 494.23 Bitcoin associated with the ej6c Wallet were transferred out of that wallet on or about June 2, 2026 (the "Moved Bitcoin"). The ej6c Wallet is among the Assets subject to the APA, as set forth on Exhibit A thereto.

12. Specifically, a review of the blockchain explorer for the ej6C Wallet reflects that the address received 494.23 BTC on December 4, 2025, and that **all 494.23 BTC were then moved out of that wallet on June 2, 2026.**

13. The timing of this transfer is deeply concerning. The Moved Bitcoin were transferred on June 2, 2026—less than one week after the Sale Hearing and several weeks after the Trustee noticed the Sale Motion to all creditors and parties in interest. *See* Certificate of Service [Docket No. 264]. The Moved Bitcoin are significant assets of the estate that are the subject of a pending Court-supervised sale process.

14. By letter dated June 18, 2026, a copy of which is attached hereto as **Exhibit B**, Pioneer's counsel asked the Trustee and Debtor's counsel to provide information regarding: (a) the identity of the party or parties responsible for, or involved in, the transfer of the Moved Bitcoin; and (b) any steps that have been taken or are being taken to investigate, recover, or otherwise address such transfer. Pioneer also demanded immediate preservation of all documents, electronically stored information, communications, transaction records, logs, and other data or materials relating to the ej6c Wallet and the Moved Bitcoin. On June 19, 2026, Trustee's counsel sent a letter, a copy of which is attached hereto as **Exhibit C**, indicating that that the Trustee has no knowledge regarding the Moved Bitcoin and only learned about the Moved Bitcoin via Pioneer's June 18, 2026 letter. **As of the date hereof, Pioneer has not received any response from the Debtor.**

## RELIEF REQUESTED

15. Pioneer respectfully requests that this Court enter an order:

a) Authorizing Pioneer to conduct a Rule 2004 examination of the Debtor regarding the Moved Bitcoin, the circumstances of their transfer, and all related matters;

b) Compelling the Debtor to produce all documents relating to the ej6c Wallet, the Moved Bitcoin, all transfers of Bitcoin from or to the ej6c Wallet, all communications regarding the same, all wallet addresses and private keys in the Debtor's possession or control, all cryptocurrency exchange account records, and all transaction records;



4908-1437-2533.4

c) Directing the Debtor to appear for examination under oath at a time and place to be designated by Pioneer; and

d) Granting such other and further relief as this Court deems just and proper.

16. Bankruptcy Rule 2004 provides that, "on motion of any party in interest," the Court may order an examination of, and the production of documentary evidence by, any entity concerning any matter relating "to the acts, conduct, or property or to the liabilities and financial condition of the debtor." FED. R. BANKR. P. 2004(a)-(b).

17. The scope of a Rule 2004 examination is "unfettered and broad." *In re Wash. Mutual, Inc.*, 408 B.R. 45, 49 (Bankr. D. Del. 2009); *see also In re Bennett Funding Grp., Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996) (noting that a Rule 2004 examination is "even broader than a civil discovery deposition under Fed. R. Civ. P. 30"). A Rule 2004 examination "may relate to the acts, conduct, or property or to the liabilities and financial condition of the debtor" and is "designed to allow for discovery of the nature and extent of the estate and for unearthing of potential claims of the debtor's estate." *In re GHR Energy Corp.*, 33 B.R. 451, 454 (Bankr. D. Mass. 1983).

18. Courts have consistently recognized that the purpose of a Rule 2004 examination includes "discovering assets and unearthing frauds." *In re Table Talk, Inc.*, 51 B.R. 143, 145 (Bankr. D. Mass. 1985); *see also In re Duratech Industries, Inc.*, 241 B.R. 283, 289 (E.D.N.Y. 1999) ("The purpose of the rule is to allow an examination regarding the debtor's acts, conduct, and financial condition").

19. Pioneer is a party in interest in this case by virtue of its status as the designated Stalking Horse Bidder under the APA and its substantial investment in the sale process. The movement of estate Assets that are the subject of a pending sale process is directly relevant to the administration of the estate and the integrity of the sale. Pioneer is therefore entitled to conduct

an examination of the Debtor under Rule 2004 to determine the circumstances surrounding the transfer of the Moved Bitcoin.

20. The information sought, including the identity of the party or parties responsible for the transfer of the Moved Bitcoin, the Debtor's knowledge of and involvement in the transfer, and all documents and communications relating thereto, relates directly to "the acts, conduct, or property" of the Debtor and the "liabilities and financial condition" of the estate. FED. R. BANKR. P. 2004(b). This is precisely the type of inquiry contemplated by Rule 2004.

**RESERVATION OF RIGHTS**

21. Pioneer expressly reserves all rights and remedies, whether at law or in equity, including, without limitation, the right to seek additional discovery, examinations of other parties, expedited relief, and any other relief that may be appropriate in connection with the Moved Bitcoin and the protection of its interests under the APA.

**NOTICE**

22. This Motion is filed on an expedited basis. Notice of this Motion has been provided (a) by email to counsel for the Debtor, the Trustee and counsel to the Trustee, and (b) upon filing by CM/ECF to all parties that have requested notice in this Case. Pioneer respectfully submits that no further notice of this Motion is necessary or required.

**NO PRIOR REQUEST**

23. No prior request for the relief sought herein by Pioneer has been made to this Court or any other court.

WHEREFORE, Pioneer Funding Group LLC respectfully requests that this Court grant this Motion, enter the Proposed Order attached hereto as **Exhibit A**, and grant such other and further relief as this Court deems just and proper.

Dated: June 24, 2026

Respectfully submitted,

/s/ *Morgan Nighan*
Morgan Nighan (BBO # 679546)
Richard C. Pedone (BBO # 630716)
NIXON PEABODY LLP
Exchange Place
53 State Street
Boston, MA 02109
Telephone: (617) 345-1000
Email: mnighan@nixonpeabody.com
rpedone@nixonpeabody.com

-and-

Christopher J. Fong (*pro hac vice* forthcoming)
55 West 46th Street
New York, NY 10036
Telephone: (212) 940-3000
Email: cfong@nixonpeabody.com

*Counsel to Pioneer Funding Group LLC*

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re:<br><br>JASON M. KAHAN,<br><br>Debtor. | Chapter 7<br><br>Case No. 24-11592-JEB |

**ORDER GRANTING EXPEDITED MOTION OF PIONEER FUNDING GROUP LLC**
**<u>TO CONDUCT RULE 2004 EXAMINATION OF DEBTOR</u>**

Upon consideration of the *Expedited Motion Of Pioneer Funding Group LLC To Conduct Rule 2004 Examination Of Debtor Regarding Recent Movement Of Estate Bitcoin Subject To Sale Process* (the "<u>Motion</u>"),[1] filed by Pioneer Funding Group LLC ("<u>Pioneer</u>"); a hearing having been held on the Motion; no objections having been filed; and the Court having reviewed the Motion; and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. Pioneer is authorized to conduct a Rule 2004 examination of the Debtor, Jason M. Kahan, regarding the movement of approximately 494.23 Bitcoin from the ej6c Wallet on or about June 2, 2026, and all matters related thereto.

3. The Debtor shall produce to Pioneer all documents and electronically stored information relating to the ej6c Wallet, the approximately 494.23 Bitcoin transferred therefrom on or about June 2, 2026, all transfers of Bitcoin from or to said wallet, all communications regarding the same, all wallet addresses and private keys in the Debtor's possession or control,

---

[1] Capitalized terms used but not defined in this Sale Order shall have the meanings ascribed to such terms in the Motion.

all cryptocurrency exchange account records, and all transaction records, within three (3) days of service of a document subpoena upon the Debtor.

4. The Debtor shall appear for examination under oath at a time and place to be designated by Pioneer, within three (3) days of service of a deposition subpoena upon the Debtor.

5. Pioneer is authorized to issue subpoenas for the production of documents and for the Debtor's appearance for examination in accordance with this Order and applicable rules.

6. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: ___________________

_______________________________________
JANET E. BOSTWICK
UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT B**

NIXON PEABODY

Nixon Peabody LLP
Tower 46
55 West 46th Street
New York, NY 10036-4120
Attorneys at Law
nixonpeabody.com
@NixonPeabodyLLP

**Christopher J. Fong**
Counsel

T / 212.940.3724
F / 855.900.8613
cfong@nixonpeabody.com

June 18, 2026

***Via Electronic Mail***

Donald Lassman, Chapter 7 Trustee
Law Offices of Donald Lassman
P. O. Box 920385
Needham, MA 02492
Email: don@lassmanlaw.com

Jesse I. Redlener, Counsel to the Debtor
Ascendant Law Group LLC
2 Dundee Park Drive, Suite 102
Andover, MA 01810
Email: jredlener@ascendantlawgroup.com

Barry R. Levine, Counsel to the Debtor
Law Office of Barry R. Levine
100 Cummings Center, Suite 327G
Beverly, MA 01915
Email: barry@levineslaw.com

RE: ***In re Jason M. Kahan*, Case No. 24-11592 (Bankr. D. Mass.)**
**Movement of Estate Bitcoin Assets Subject to Pending Auction**

All:

We write on behalf of Pioneer Funding Group LLC ("Pioneer"), in its capacity as Buyer and designated Stalking Horse Bidder under the Asset Purchase Agreement dated May 6, 2026 (the "APA"). The APA serves as the opening bid for the sale of certain Assets of the estate of Jason M. Kahan (the "Debtor"), as more particularly described in the *Trustee's Motion for Entry of an Order Approving Procedures Governing the Proposed Sale of Certain of the Debtor's Assets Pursuant to Section 363 of the Bankruptcy Code* [Dkt. No. 260] (the "Sale Motion"),[1] filed in *In re Jason M. Kahan*, Case No. 24-11592 pending before the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court").

The assets subject to the proposed sale (the "Assets") include, among other things, the Debtor's and the Estate's right, title, and interest in certain Bitcoin wallets and Bitcoin addresses, including

[1] Capitalized terms used but not defined in this Sale Order shall have the meanings ascribed to such terms in the Sale Motion.

Attorneys at Law
nixonpeabody.com
@NixonPeabodyLLP

associated private keys, any cryptocurrency currently located in such wallets or transferred from such wallets since their inception (the "Estate Bitcoin"), and all related Recovery Actions.

As described on Exhibit A to the APA, the Assets include the Bitcoin wallet ending in **ej6c** (the "Bitcoin Wallet").

**EXHIBIT A TO AGREEMENT**

**ASSETS**

A. The rights, title and interests of Seller, the Estate and the Debtor in the Bitcoin wallets and Bitcoin addresses, including private keys, in which they hold any interest, including, but not limited to, the below wallets (collectively, the "***BTC Wallets***"):

1. BTC Address 1 (0.00132677 BTC): [redacted]l0hz
2. BTC Address 2 (414.99999583 BTC): [redacted]59df
3. BTC Address 3 (494.22956166 BTC): [redacted]ej6c

Pioneer has become aware, through a review of publicly available blockchain data, that approximately 494 Bitcoin associated with the Bitcoin Wallet ending in ej6c were transferred on or about June 2, 2026 (the "Moved Bitcoin"). Specifically, a blockchain explorer for that address (https://blockchair.com/bitcoin/address/bc1qw29r6t7u500uffxe2584f7uvxytwv3v4xzej6c) reflects that the address received 494.23 BTC on December 4, 2025, and that **all 494.23 BTC were then moved on June 2, 2026.**

The Moved Bitcoin are included as Assets under the APA, as set forth on Exhibit A thereto. The apparent movement of Assets that are the subject of the pending sale process is of significant concern to Pioneer in its capacity as stalking horse bidder, as well as to any other potential bidders.

Accordingly, given Pioneer's status as Stalking Horse Bidder and its substantial investment in the sale process, Pioneer hereby requests that the Chapter 7 Trustee and Debtor's counsel promptly provide Pioneer with any and all information in their possession relating to the Moved Bitcoin, including, without limitation: (a) any knowledge regarding the identity of the party or parties responsible for, or involved in, the transfer of the Moved Bitcoin; and (b) any steps that have been taken or are being taken to investigate, recover, or otherwise address such transfer or any other transfers of the Estate Bitcon. Pioneer respectfully requests that this information be provided **by 5:00 p.m. (ET) on June 19, 2026.**

In addition, Pioneer hereby demands that the Chapter 7 Trustee and the Debtor take immediate steps to preserve all documents, electronically stored information, communications, transaction records, logs, and other data or materials relating in any way to the Bitcoin Wallet, the Moved Bitcoin, or any transfers thereof. This preservation obligation includes, without limitation, information maintained in electronic, cloud-based, or third-party systems, and requires the suspension of any routine or automatic deletion, overwriting, or destruction policies.

Further, to the extent the Moved Bitcoin, or any portion thereof, remain within the possession, custody, or control of the Debtor or the Estate, or any party acting on their behalf, Pioneer demands that such assets not be further transferred, dissipated, encumbered, or otherwise disposed of, and that all

Attorneys at Law
nixonpeabody.com
@NixonPeabodyLLP

necessary steps be taken to preserve and safeguard such assets pending further order of the Bankruptcy Court.

Pioneer expressly reserves all legal and equitable rights and remedies, including the right to seek immediate relief from the Bankruptcy Court, and nothing herein shall be deemed or construed as a waiver of any such rights or remedies.

Sincerely,

NIXON PEABODY LLP

/s/*Christopher J. Fong*
Christopher J. Fong
*Counsel to Pioneer Funding Group LLC*

CC:
Richard C. Pedone, Esq.
Mark G. DeGiacomo, Counsel to the Chapter 7 Trustee
Zachary J. Gregoricus, Counsel to the Chapter 7 Trustee

**EXHIBIT C**

HARRIS BEACH MURTHA
ATTORNEYS AT LAW

June 19, 2026

33 ARCH STREET
12TH FLOOR
BOSTON, MA 02110
617.457.4000

ZACHARY J. GREGORICUS
SENIOR COUNSEL
DIRECT: 617.457.4154
FAX: 617.482.3868
ZGREGORICUS@HARRISBEACHMURTHA.COM

**VIA ELECTRONIC MAIL ONLY (cfong@nixonpeabody.com)**

Christopher J. Fong
Nixon Peabody LLP
Tower 46
55 West 46th Street
New York, NY 10036

RE: In re Jason W. Kahan, Case No.: 24-11592-JEB

Dear Chris:

As you know, my law firm represents Donald Lassman (the "Trustee"), the duly appointed Chapter 7 Trustee of the above-referenced bankruptcy estate. We are in receipt of your letter dated June 18, 2026 alleging that "approximately 494 Bitcoin associated with the Bitcoin Wallet ending in ej6c were transferred on or about June 2, 2026." (the "June Transfer").

Your letter is the first that either the Trustee or my office has heard about the June Transfer. As such, the Trustee does not currently possess "any knowledge regarding the identify of the party or parties responsible for, or involved in" the June Transfer. Similarly, the Trustee has not taken "any steps . . . to investigate, recover, or otherwise address such transfer," as he only learned about the June Transfer through your letter.

To be clear, and as set forth in the Sale Motion and the APA, neither the Moved Bitcoin nor any other of the Debtor's Bitcoin is now, or has ever been, in the possession, custody, or control of the Trustee or the bankruptcy estate. Accordingly, at this time, the Trustee does not possess the ability to enjoin any further transfer, dissipation, encumbrance, or other disposal of the Moved Bitcoin as demanded in your letter. Your letter also requests that "all necessary steps be taken to preserve and safeguard" the Moved Bitcoin "pending further order of the Bankruptcy Court." The Trustee is not currently aware of any such action that can be taken.

If you would like to discuss this matter further, please let me know a convenient time for us to speak.

Very truly yours,

*/s/ Zachary J. Gregoricus*

Zachary J. Gregoricus

cc: Donald Lassman, Chapter 7 Trustee
Mark G. DeGiacomo
Richard C. Pedone