**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| In re:<br><br>JASON M. KAHAN,<br><br>                      Debtor. | Chapter 7<br><br>Case No. 24-11592-JEB |

**NOTICE OF (I) ASSIGNMENT OF BUYER'S RIGHTS UNDER ASSET PURCHASE
AGREEMENT TO PBTC RECOVERY PARTNERS, LLC AND (II)
QUALIFIED BIDDER STATEMENT OF PBTC RECOVERY PARTNERS, LLC**

**PLEASE TAKE NOTICE THAT** on May 6, 2026, Pioneer Funding Group LLC

("Pioneer") and Donald Lassman, as Chapter 7 Trustee ("Trustee") appointed in the Chapter 7

case of *In re Jason M. Kahan*, Case Number 1:24-bk-11592 (the "Bankruptcy Case") pending in

the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court")

entered into that certain Asset Purchase Agreement, dated May 6, 2026 (the "APA") pursuant to

which Pioneer agreed to serve as the Stalking Horse Bidder in connection with the sale of certain

Assets (as defined in the APA).

**PLEASE TAKE FURTHER NOTICE THAT** on June 3, 2026, the Bankruptcy Court

entered the *Order (A) Approving Procedures Governing Trustee's Proposed Sale Of Certain Of*

*The Debtor's Assets Pursuant To Section 363 Of The Bankruptcy Code, Free And Clear Of Liens,*

*Claims, Encumbrances And Other Interests, (B) Approving Form And Manner Of Notice Of Sale,*

*And (C) Granting Related Relief* [Docket No. 274] (the "Sale Procedures Order").

**PLEASE TAKE FURTHER NOTICE THAT** pursuant to Section 7.8 of the APA,

Pioneer is prohibited from assigning its rights or obligations under the APA without the prior

written consent of the Trustee.

4910-7049-5670.2

**PLEASE TAKE FURTHER NOTICE THAT** Pioneer has assigned to PBTC Recovery Partners, LLC, a Delaware limited liability company ("PBTC" or the "Assignee"), all of Pioneer's right, title, interest, and obligations as Buyer under the APA, pursuant to that certain Assignment and Assumption Agreement (the "Assignment Agreement").  A copy of the Assignment Agreement is attached hereto as **Exhibit A**.  On June 25, 2026, the Trustee provided his consent in writing to the Assignment Agreement.

**PLEASE TAKE FURTHER NOTICE THAT** as a result of the Assignment Agreement, PBTC is now the Buyer and Stalking Horse Bidder under the APA for all purposes in connection with the sale process approved by this Court pursuant to the Sale Procedures Order.  Except for the substitution of PBTC as Buyer, the APA remains in full force and effect and is otherwise unchanged.

**PLEASE TAKE FURTHER NOTICE THAT i**n accordance with paragraph 6 of the Sale Procedures Order, attached hereto as **Exhibit B** is the Qualified Bidder Statement of PBTC.

Dated: June 26, 2026

Respectfully submitted,

/s/  *Morgan C. Nighan*
Morgan C. Nighan (BBO # 679546)
Richard C. Pedone (BBO # 630716)
NIXON PEABODY LLP
Exchange Place
53 State Street
Boston, MA 02109
Telephone: (617) 345-1000
Email: rpedone@nixonpeabody.com
        mnighan@nixonpeabody.com

*Counsel to PBTC Recovery Partners, LLC*

4910-7049-5670.2

## EXHIBIT A

Docusign Envelope ID: B7435BF6-A022-806A-8241-56A8D5B...

## ASSIGNMENT AND ASSUMPTION AGREEMENT

THIS ASSIGNMENT AND ASSUMPTION AGREEMENT (the "*Assignment Agreement*") is made as of June 24, 2026 (the "*Effective Date*") by and between Pioneer Funding Group LLC, a Delaware limited liability company and its successors and assigns ("*Assignor*") and PBTC Recovery Partners, LLC, a Delaware limited liability company ("*Assignee*", and together with Assignor, the "*Parties*," and each, a "*Party*").

## RECITALS

**WHEREAS**, Assignor is the "Buyer" under that certain Asset Purchase Agreement, dated as of May 6, 2026 (the "*APA*"), by and between Donald Lassman, as Chapter 7 Trustee of the bankruptcy estate of Jason M. Kahan, Case No. 1:24-bk-11592 (the "*Seller*"), and Assignor. Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the APA.

**WHEREAS**, pursuant to the APA and subject to approval of the United States Bankruptcy Court for the District of Massachusetts (the "*Bankruptcy Court*"), Assignor offered to acquire, subject to higher or better offers, all of Seller's and the Estate's right, title, and interest in the Assets (as defined in the APA), including all rights to pursue the Recovery Actions.

**WHEREAS**, Section 7.8 of the APA provides that the APA and rights thereunder may not be assigned without the prior written consent of the Parties to the APA.

**WHEREAS**, Assignor desires to assign to Assignee, and Assignee desires to assume from Assignor, all of Assignor's right, title, interest, and obligations as Buyer under the APA, subject to all required consents and approvals.

**NOW, THEREFORE**, in consideration of the mutual covenants and agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

Section 1      Assignment. Subject to Section 4 of this Assignment Agreement, Assignor hereby assigns, transfers, conveys, and sets over to Assignee all of Assignor's right, title, and interest as Buyer under the APA, including without limitation:

(a)      all rights to acquire, own, and enforce rights in the Assets;

(b)      all rights to pursue, control, and recover proceeds from the Recovery Actions;

(c)      all rights to expense reimbursement, break-up fees, deposits, refunds, and proceeds under the APA; and

(d)      all other rights, benefits, and interests of Assignor arising under or related to the APA.

1

Docusign Envelope ID: B7435BF6-A022-806A-8241-56A8D5B68660

Section 2      Assumption. Assignee hereby accepts the foregoing assignment and assumes and agrees to perform all duties, obligations, and liabilities of Assignor as Buyer under the APA arising from and after the Effective Date, to the same extent as if Assignee were the original Buyer thereunder.

Section 3      No Novation. This Assignment Agreement is not intended to, and shall not, operate as a novation or release of Assignor or Seller from any obligations under the APA.

Section 4      Required Consent. This Assignment Agreement is expressly subject to and conditioned upon the prior written consent of Seller to the assignment contemplated hereby, to the extent required under Section 7.8 of the APA. If such consent or approval is not obtained, this Assignment Agreement shall be null and void ab initio and of no further force or effect.

Section 5      Representations and Warranties. Each Party represents and warrants to the other that:

(a)      it is duly organized, validly existing, and in good standing under the laws of its jurisdiction of formation;

(b)      it has full power and authority to execute and deliver this Assignment Agreement and to perform its obligations hereunder; and

(c)      this Assignment Agreement constitutes a valid and binding obligation of such Party, enforceable against it in accordance with its terms.

Section 6      Governing Law; Venue. This Assignment Agreement shall be governed by and construed in accordance with the laws of the State of Massachusetts, without regard to conflicts of law principles. The Parties consent to the jurisdiction of the United States Bankruptcy Court for the District of Massachusetts with respect to any dispute arising hereunder, and thereafter as provided in the APA.

Section 7      Entire Agreement. This Assignment Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior discussions or agreements relating thereto.

Section 8      Counterparts; Electronic Signature. This Assignment Agreement may be executed in counterparts, each of which shall be deemed an original, and all of which together shall constitute one instrument. Electronic signatures shall be deemed originals.

Section 9      Further Assurances. Each Party agrees to execute and deliver such further documents and take such further actions as may be reasonably necessary to effectuate the intent of this Assignment Agreement.

*[Remainder of Page Intentionally Left Blank]*

Docusign Envelope ID: B7435BF6-A022-806A-8241-56A8D5EC6930

IN WITNESS WHEREOF, the Parties hereto have caused this Assignment Agreement to be fully executed as of the day and year first above written.

PIONEER FUNDING GROUP LLC,
AS ASSIGNOR

By: _____
Name: _____
      Adam Steinsapir
Title: _____
      Managing Member

PBTC RECOVERY PARTNERS, LLC,
AS ASSIGNEE

By: _____
      Tim Babich
Name: _____
      Tim Babich
Title: _____
      Managing Member

CONSENTED TO BY:

DONALD LASSMAN, CHAPTER 7 TRUSTEE
OF THE BANKRUPTCY ESTATE OF JASON
M. KAHAN, AND NOT INDIVIDUALLY,
AS SELLER

By: /s/ Donald Lassman
Name: Donald Lassman
Title: Chapter 7 Trustee of the bankruptcy estate of Jason M. Kahan, and not individually

3

**EXHIBIT B**

4910-7049-5670.2

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In re:

JASON M. KAHAN,

                    Debtor.

Chapter 7

Case No. 24-11592-JEB

**QUALIFIED BIDDER STATEMENT OF PBTC RECOVERY PARTNERS, LLC**

I, Tim Babich, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury as follows:

1.      I am the Authorized Signatory of the Manager of PBTC Recovery Partners, LLC, a Delaware limited liability company ("PBTC") with its principal place of business at 800 Miramonte Drive, Suite 380, Santa Barbara, CA 93109.

2.      PBTC is the assignee of all of the rights and obligations of Pioneer Funding Group LLC ("Pioneer") under that certain Asset Purchase Agreement, dated May 6, 2026 (the "APA") by and between Pioneer and Donald Lassman, as Chapter 7 Trustee ("Trustee") appointed in the Chapter 7 case of In re Jason M. Kahan, Case Number 1:24-bk-11592 (the "Bankruptcy Case") pending in the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court").

3.      I submit this statement on behalf of PBTC pursuant to paragraph 6 of the *Order (A) Approving Procedures Governing Trustee's Proposed Sale Of Certain Of The Debtor's Assets Pursuant To Section 363 Of The Bankruptcy Code, Free And Clear Of Liens, Claims, Encumbrances And Other Interests, (B) Approving Form And Manner Of Notice Of Sale, And (C) Granting Related Relief* [Docket No. 274] (the "Sale Procedures Order").[1]  I have personal

---

[1]      Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the APA or the Sale Procedures Order, as applicable.

knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto.

4.      Neither PBTC nor any of its affiliates is an "insider" of the Debtor, as that term is defined in section 101(31) of the Bankruptcy Code.

5.      Neither PBTC nor any of its affiliates currently holds, possesses, or controls any of the Assets, including without limitation any Bitcoin wallets, Bitcoin addresses, private keys, or Estate Bitcoin, as those terms are defined in the APA and the Sale Procedures.

6.      Neither PBTC nor any of its affiliates has had any prior involvement with the Assets.

7.      PBTC has full power and authority to submit this Qualified Bidder Statement and to perform its obligations as Buyer under the APA, as assignee of Pioneer.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 24 day of June, 2026.

PBTC RECOVERY PARTNERS, LLC

By: _____
Name:  Tim Babich
Title:  Authorized Signatory of the Manager

2