**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re:<br><br>JASON M. KAHAN,<br><br>Debtor. | Chapter 7<br><br>Case No. 24-11592-JEB |

**_EMERGENCY_ MOTION FOR SUBSTITUTION OF PBTC RECOVERY PARTNERS, LLC AS MOVANT IN THE EXPEDITED MOTION OF PIONEER FUNDING GROUP LLC TO CONDUCT 2004 EXAMINATION OF DEBTOR REGARDING RECENT MOVEMENT OF ESTATE BITCOIN SUBJECT TO SALE PROCESS**

***(Request for Emergency Hearing on June 29, 2026 In Conjunction With Hearing on Expedited Motion Of Pioneer Funding Group LLC To Conduct Rule 2004 Examination Of Debtor Regarding Recent Movement Of Estate Bitcoin Subject To Sale Process)***

PBTC Recovery Partners, LLC ("PBTC") hereby files this *emergency* motion (this "Motion") pursuant to Rule 25 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable pursuant to Rules 7025 and 9014(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking the entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), substituting PBTC as the movant in the *Expedited Motion Of Pioneer Funding Group LLC To Conduct Rule 2004 Examination Of Debtor Regarding Recent Movement Of Estate Bitcoin Subject To Sale Process* [Docket No. 279] (the "Rule 2004 Motion") filed by Pioneer Funding Group LLC ("Pioneer") and currently scheduled for hearing on June 29, 2026 [Docket No. 281]. **PBTC requests that this emergency Motion be scheduled for hearing at that time as well.** In support of this Motion, PBTC respectfully states as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Massachusetts (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a

core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief requested herein are Federal Rule 25 and Bankruptcy Rules 7025 and 9014(c).

**BACKGROUND**

3. On August 7, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code, commencing the above-captioned case. On August 8, 2024, Donald Lassman (the "Trustee") was appointed as the Chapter 7 Trustee in the Case.

4. On or about May 6, 2026, Pioneer entered into that certain Asset Purchase Agreement dated May 6, 2026 (the "APA") between Pioneer and the Chapter 7 Trustee to serve as the Stalking Horse Bidder for the purchase of certain Assets of the estate. Pursuant to Section 7.8 of the APA, Pioneer is permitted to assign its rights and obligations under the APA with the prior written consent of the Trustee.

5. On June 3, 2026, the Court entered the *Order (A) Approving Procedures Governing Trustee's Proposed Sale Of Certain Of The Debtor's Assets Pursuant To Section 363 Of The Bankruptcy Code, Free And Clear Of Liens, Claims, Encumbrances And Other Interests, (B) Approving Form And Manner Of Notice Of Sale, And (C) Granting Related Relief* [Docket No. 274] (the "Sale Procedures Order").

6. Pursuant to that certain Assignment and Assumption Agreement (the "Assignment Agreement", a copy of which is attached hereto as **Exhibit B**) between Pioneer and PBTC, Pioneer assigned to PBTC all of Pioneer's right, title, interest, and obligations as Buyer under the APA. As a result of the Assignment Agreement, PBTC is now the Buyer and Stalking Horse

Bidder under the APA for all purposes in connection with the sale process approved by this Court pursuant to the Sale Procedures Order. The Assignment Agreement is expressly subject to Section 7.8 of the APA and was consented to by the Trustee on June 25, 2026.

7. On June 24, 2026—one day before the Trustee provided his consent to the Assignment Agreement—Pioneer filed the *Expedited Motion Of Pioneer Funding Group LLC To Conduct Rule 2004 Examination Of Debtor Regarding Recent Movement Of Estate Bitcoin Subject To Sale Process* [Docket No. 279] (the "Rule 2004 Motion") in which Pioneer seeks to conduct a Bankruptcy Rule 2004 examination of the Debtor regarding the recent movement of certain Bitcoin Assets subject to the pending sale and for which Pioneer serves as Stalking Horse Bidder:

> Pioneer is a party in interest in this case by virtue of its status as the designated Stalking Horse Bidder under the APA and its substantial investment in the sale process. The movement of estate Assets that are the subject of a pending sale process is directly relevant to the administration of the estate and the integrity of the sale. Pioneer is therefore entitled to conduct an examination of the Debtor under Rule 2004 to determine the circumstances surrounding the transfer of the Moved Bitcoin.

Rule 2004 Motion, ¶ 20. The Rule 2004 Motion is currently set for hearing on June 29, 2026 at 10:30 a.m.

## BASIS FOR RELIEF REQUESTED

8. Bankruptcy Rule 9014(c)(1) provides that Bankruptcy Rule 7025 applies in contested matters unless a rule or court order provides otherwise. FED. R. BANKR. P. 9014(c). In turn, Bankruptcy Rule 7025 provides that Federal Rule 25 applies in adversary proceedings. FED. R. BANKR. P. 7025. Federal Rule 25 provides that: "If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." FED. R. CIV. P. 25.

9. Because PBTC has assumed all of Pioneer's right, title, interest, and obligations as Buyer under the APA and is now the Stalking Horse Bidder (as defined in the APA), PBTC respectfully requests that it be substituted as the movant in the Rule 2004 Motion. PBTC, as the current Stalking Horse Bidder, now has a direct interest in investigating the recent movement of the Estate Bitcoin, as described in the Rule 2004 Motion.

10. Since the hearing on the Rule 2004 Motion is set for hearing on June 29, 2026 at 10:30 a.m., PBTC requests that this emergency Motion be scheduled for hearing at that time as well. Unless this Motion is heard in conjunction with the Rule 2004 Motion, the current Stalking Horse Bidder will not be the party prosecuting the Rule 2004 Motion at the June 29, 2026 hearing.

## NOTICE

11. This Motion is filed on an emergency basis. Notice of this Motion has been provided (a) by email to counsel for the Debtor, the Trustee and counsel to the Trustee, and (b) upon filing by CM/ECF to all parties that have requested notice in this Case. PBTC respectfully submits that no further notice of this Motion is necessary or required.

## NO PRIOR REQUEST

12. No prior request for the relief sought herein by PBTC has been made to this Court or any other court.

**WHEREFORE**, PTBC respectfully requests that the Court grant this Motion, enter the Proposed Order attached hereto as **Exhibit A**, and grant such further relief as this Court deems just and proper.

Dated: June 26, 2026

Respectfully submitted,

/s/ *Morgan C. Nighan*
Morgan C. Nighan (BBO # 679546)
Richard C. Pedone (BBO # 630716)

NIXON PEABODY LLP
Exchange Place
53 State Street
Boston, MA 02109
Telephone: (617) 345-1000
Email: rpedone@nixonpeabody.com
mnighan@nixonpeabody.com

*Counsel to PBTC Recovery Partners, LLC*

**CERTIFICATE OF SERVICE**

I, Morgan C. Nighan, hereby certify that on June 26, 2026, I caused a copy of the EMERGENCY MOTION FOR SUBSTITUTION OF PBTC RECOVERY PARTNERS, LLC AS MOVANT IN THE EXPEDITED MOTION OF PIONEER FUNDING GROUP LLC TO CONDUCT 2004 EXAMINATION OF DEBTOR REGARDING RECENT MOVEMENT OF ESTATE BITCOIN SUBJECT TO SALE PROCESS to be served:

i. by email to counsel for the Debtor (barry@levineslaw.com, jredlener@ascendantlawgroup.com), the Trustee (don@lassmanlaw.com) and counsel to the Trustee (zgregoricus@harrisbeachmurtha.com, mdegiacomo@harrisbeachmurtha.com); and

ii. on all parties requesting service via the Court's Electronic Case Filing system.

Respectfully submitted,

/s/ *Morgan C. Nighan*

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re:<br><br>JASON M. KAHAN,<br><br>Debtor. | Chapter 7<br><br>Case No. 24-11592-JEB |

**ORDER GRANTING *EMERGENCY* MOTION FOR SUBSTITUTION OF PBTC RECOVERY PARTNERS, LLC AS MOVANT IN THE *EXPEDITED* MOTION OF PIONEER FUNDING GROUP LLC TO CONDUCT 2004 EXAMINATION OF DEBTOR REGARDING RECENT MOVEMENT OF ESTATE BITCOIN SUBJECT TO SALE PROCESS**

Upon consideration of the *Emergency Motion For Substitution Of PBTC Recovery Partners, LLC As Movant In The Expedited Motion Of Pioneer Funding Group LLC To Conduct Rule 2004 Examination Of Debtor Regarding Recent Movement Of Estate Bitcoin Subject To Sale Process* (the "Motion"), filed by PBTC Recovery Partners, LLC ("PBTC"); the Court having reviewed the Motion; and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. PBTC Recovery Partners, LLC is hereby substituted as the movant in the *Expedited Motion Of Pioneer Funding Group LLC To Conduct Rule 2004 Examination Of Debtor Regarding Recent Movement Of Estate Bitcoin Subject To Sale Process* [Docket No. 279] (the "Rule 2004 Motion") filed by Pioneer Funding Group LLC.

3. PBTC Recovery Partners, LLC shall assume all rights and obligations as movant with respect to the Rule 2004 Motion, including, without limitation, prosecuting the Rule 2004 Motion at the hearing scheduled for June 29, 2026 [Docket No. 281].

4. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: ____________________

______________________________________
JANET E. BOSTWICK
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT B**

# ASSIGNMENT AND ASSUMPTION AGREEMENT

THIS ASSIGNMENT AND ASSUMPTION AGREEMENT (the "***Assignment Agreement***") is made as of June 24, 2026 (the "***Effective Date***") by and between Pioneer Funding Group LLC, a Delaware limited liability company and its successors and assigns ("***Assignor***") and PBTC Recovery Partners, LLC, a Delaware limited liability company ("***Assignee***", and together with Assignor, the "***Parties***," and each, a "***Party***").

## RECITALS

**WHEREAS**, Assignor is the "Buyer" under that certain Asset Purchase Agreement, dated as of May 6, 2026 (the "***APA***"), by and between Donald Lassman, as Chapter 7 Trustee of the bankruptcy estate of Jason M. Kahan, Case No. 1:24-bk-11592 (the "***Seller***"), and Assignor. Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the APA.

**WHEREAS**, pursuant to the APA and subject to approval of the United States Bankruptcy Court for the District of Massachusetts (the "***Bankruptcy Court***"), Assignor offered to acquire, subject to higher or better offers, all of Seller's and the Estate's right, title, and interest in the Assets (as defined in the APA), including all rights to pursue the Recovery Actions.

**WHEREAS**, Section 7.8 of the APA provides that the APA and rights thereunder may not be assigned without the prior written consent of the Parties to the APA.

**WHEREAS**, Assignor desires to assign to Assignee, and Assignee desires to assume from Assignor, all of Assignor's right, title, interest, and obligations as Buyer under the APA, subject to all required consents and approvals.

**NOW, THEREFORE**, in consideration of the mutual covenants and agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

Section 1 Assignment. Subject to Section 4 of this Assignment Agreement, Assignor hereby assigns, transfers, conveys, and sets over to Assignee all of Assignor's right, title, and interest as Buyer under the APA, including without limitation:

(a) all rights to acquire, own, and enforce rights in the Assets;

(b) all rights to pursue, control, and recover proceeds from the Recovery Actions;

(c) all rights to expense reimbursement, break-up fees, deposits, refunds, and proceeds under the APA; and

(d) all other rights, benefits, and interests of Assignor arising under or related to the APA.

Docusign Envelope ID: B7435BF6-A022-806A-8241-56A8D6B09880

Section 2 Assumption. Assignee hereby accepts the foregoing assignment and assumes and agrees to perform all duties, obligations, and liabilities of Assignor as Buyer under the APA arising from and after the Effective Date, to the same extent as if Assignee were the original Buyer thereunder.

Section 3 No Novation. This Assignment Agreement is not intended to, and shall not, operate as a novation or release of Assignor or Seller from any obligations under the APA.

Section 4 Required Consent. This Assignment Agreement is expressly subject to and conditioned upon the prior written consent of Seller to the assignment contemplated hereby, to the extent required under Section 7.8 of the APA. If such consent or approval is not obtained, this Assignment Agreement shall be null and void ab initio and of no further force or effect.

Section 5 Representations and Warranties. Each Party represents and warrants to the other that:

(a) it is duly organized, validly existing, and in good standing under the laws of its jurisdiction of formation;

(b) it has full power and authority to execute and deliver this Assignment Agreement and to perform its obligations hereunder; and

(c) this Assignment Agreement constitutes a valid and binding obligation of such Party, enforceable against it in accordance with its terms.

Section 6 Governing Law; Venue. This Assignment Agreement shall be governed by and construed in accordance with the laws of the State of Massachusetts, without regard to conflicts of law principles. The Parties consent to the jurisdiction of the United States Bankruptcy Court for the District of Massachusetts with respect to any dispute arising hereunder, and thereafter as provided in the APA.

Section 7 Entire Agreement. This Assignment Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior discussions or agreements relating thereto.

Section 8 Counterparts; Electronic Signature. This Assignment Agreement may be executed in counterparts, each of which shall be deemed an original, and all of which together shall constitute one instrument. Electronic signatures shall be deemed originals.

Section 9 Further Assurances. Each Party agrees to execute and deliver such further documents and take such further actions as may be reasonably necessary to effectuate the intent of this Assignment Agreement.

***[Remainder of Page Intentionally Left Blank]***

Docusign Envelope ID: B7435BF6-A022-806A-8241-56A8D5B0638C

IN WITNESS WHEREOF, the Parties hereto have caused this Assignment Agreement to be fully executed as of the day and year first above written.

**PIONEER FUNDING GROUP LLC,**
**AS ASSIGNOR**

DocuSigned by:

By: ______________________
Name: Adam Steinsapir
Title: Managing Member

**PBTC RECOVERY PARTNERS, LLC,**
**AS ASSIGNEE**

Signed by:

By: Tim Babich
9B8736DB65EC401
Name: Tim Babich
Title: Managing Member

**CONSENTED TO BY:**

**DONALD LASSMAN, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF JASON M. KAHAN, AND NOT INDIVIDUALLY, AS SELLER**

By: /s/ Donald Lassman
Name: Donald Lassman
Title: Chapter 7 Trustee of the bankruptcy estate of Jason M. Kahan, and not individually