**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re:<br><br>JASON M. KAHAN,<br><br>Debtor. | Chapter 7<br><br>Case No. 24-11592-JEB |

**LIMITED OBJECTION OF IRONWOOD RECOVERY HOLDINGS LLC TO THE *EXPEDITED* MOTION OF PIONEER FUNDING GROUP LLC TO CONDUCT RULE 2004 EXAMINATION OF DEBTOR REGARDING RECENT MOVEMENT OF ESTATE BITCOIN SUBJECT TO SALE PROCESS**

Ironwood Recovery Holdings LLC ("Ironwood"), by and through its undersigned counsel, hereby submits this limited objection (the "Limited Objection") to the *Expedited Motion of Pioneer Funding Group LLC to Conduct Rule 2004 Examination of Debtor Regarding Recent Movement of Estate Bitcoin Subject to Sale Process* [Docket No. 279] (the "Motion").[1] In support of this Limited Objection, Ironwood respectfully states as follows:

**BACKGROUND**

1. On August 7, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code, commencing the above-captioned case. On August 8, 2024, Donald Lassman (the "Trustee") was appointed as the Chapter 7 Trustee in the Case.

2. On May 8, 2026, the Trustee filed *Trustee's Motion for Entry of an Order Approving Procedures Governing the Proposed Sale of Certain of the Debtor's Assets Pursuant to Section 363 of the Bankruptcy Code* [Docket No. 260] (the "Sale Motion").

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion or the Sale Procedures Order (as defined herein), as applicable.

3. On June 3, 2026, the Court entered the *Order (A) Approving Procedures Governing Trustee's Proposed Sale Of Certain Of The Debtor's Assets Pursuant To Section 363 Of The Bankruptcy Code, Free And Clear Of Liens, Claims, Encumbrances And Other Interests, (B) Approving Form And Manner Of Notice Of Sale, And (C) Granting Related Relief* [Docket No. 274] (the "Sale Procedures Order").

4. Pursuant to the Sale Procedures Order, Pioneer Funding Group LLC ("Pioneer") was named the designated Stalking Horse Bidder under an Asset Purchase Agreement dated May 6, 2026 (the "APA").

5. On June 24, 2026, the Stalking Horse Bidder filed the Motion, seeking to examine the Debtor regarding the transfer of approximately 494.23 Bitcoin (the "Moved Bitcoin") out of the wallet ending in "ej6c" on or about June 2, 2026, and to compel the production of related documents within three days of service of a subpoena.

6. On June 26, 2026, Pioneer gave notice that it had assigned all of its rights and obligations as Buyer under the APA to PBTC Recovery Partners, LLC ("PBTC"), with the Trustee's written consent [Docket No. 284]. PBTC is now the Stalking Horse Bidder. Pioneer and PBTC are referred to herein, as applicable, as the "Stalking Horse Bidder."

7. On June 26, 2026, Ironwood timely submitted a bid for the assets in accordance with the Sale Procedures Order [Docket No. 289].

## LIMITED OBJECTION

8. Because Ironwood has submitted a bid under the Sale Procedures Order, it has a vital stake in the integrity of the sale process and deserves equal access to information concerning the assets it seeks to acquire.

9. The information the Motion seeks goes to the heart of what is being sold. The recoverability of the Moved Bitcoin—who transferred it, where it went, and whether it can be traced and recovered—directly determines the value of the Assets and the Recovery Actions that every bidder is competing to acquire.

10. Ironwood supports the examination, but not on unequal terms. Information concerning the location, traceability, and recoverability of the Bitcoin should be disclosed to the estate and all Qualified Bidders—not reserved for the Stalking Horse Bidder alone.

11. Accordingly, Ironwood respectfully submits that any order granting the Motion should include a provision requiring equal access to the information produced from the examination. The information sought by the Motion concerns the very assets being sold and should not be obtained through estate discovery only to be placed in the exclusive hands of one bidder. At a minimum, all documents produced, and any transcript of the examination, should be made available to the Trustee and all bidders on the same terms, and at substantially the same time, as they are produced to or used by the Stalking Horse Bidder.

12. Additionally, because the auction is scheduled for July 1, 2026, the order also should account for the possibility that production or examination testimony will occur after the auction. In that event, the resulting materials should be provided to the Successful Bidder and the Backup Bidder, so that the parties whose bids remain live through closing have access to the same material information.

13. Ironwood respectfully submits that its requests are necessary to preserve the integrity of the sale process.

**RESERVATION OF RIGHTS**

14. Ironwood reserves the right to supplement, amend, or modify this Limited Objection and to be heard at the hearing on the Motion and any adjournment thereof.

Dated: June 28, 2026
New York, New York

**MCDERMOTT WILL & SCHULTE LLP**

*<u>/s/ Darren Azman</u>*
Darren Azman (MA BBO# 678530)
One Vanderbilt Avenue
New York, New York 10017
Telephone: (212) 547-5615
E-mail: dazman@mcdermottlaw.com

*Counsel to Ironwood Recovery Holdings LLC*

**CERTIFICATE OF SERVICE**

I certify that on June 28, 2026, a true and correct copy of the foregoing Limited Objection was served by this court's CM/ECF to all parties that are registered to receive such notice in the above case.

*/s/ Darren Azman*
Darren Azman