**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**(Eastern Division)**

|  |  |  |
|---|---|---|
| | **)** | |
| **In re:** | **)** | |
| | **)** | **Chapter 7** |
| **JASON M. KAHAN,** | **)** | |
| | **)** | **Case No. 24-11592 (JEB)** |
| | **)** | |
| **Debtor.** | **)** | |
| | **)** | |

**DEBTOR'S MOTION TO CONTINUE SALE HEARING**
[Emergency Determination Requested]

Jason M. Kahan, debtor in the above captioned proceeding (the "Debtor"), hereby requests that the hearing scheduled for July 1, 2026 at 10:00 A.M, (the "Hearing") on the *Chapter 7 Trustee's Motion for: (I) Entry of an Order (A) Approving Procedures Governing Trustee's Proposed Sale of Certain of the Debtor's Assets Pursuant to Section 363 of the Bankruptcy Code, Free and Clear of Liens, Claims, Encumbrances and Other Interests, (B) Approving Form and Manner of Notice of Sale, and (C) Granting Related Relief; and (II) Authority to Sell Certain of the Debtor's Assets Pursuant to Section 363 of the Bankruptcy Code, Free and Clear of Liens, Claims, Encumbrances and Other Interests* (the "Sale Motion"), be continued to a date that is convenient to the court and provides sufficient time to address the issues raised concerning the sale objections of the Debtor. The Debtor requests that the Sale Hearing be continued on an emergency basis. As grounds for the Motion, the Debtor states as follows:

## BACKGROUND

1.      On August 7, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code and commenced this chapter 7 case in the United States Bankruptcy Court for the District of Massachusetts (the "Court").

2.      Donald Lassman was appointed as Chapter 7 trustee (the "Trustee) for the Debtor's estate (the "Estate") on August 27, 2024.

3.      The Trustee has filed the instant Sale Motion in an effort to liquidate assets of the Estate for the benefit of the Estate's creditors, as is his primary obligation in administering the Estate.

4.      The Sale Motion proposes to sell the Bitcoin Wallets and Bitcoin (the "Assets") to a stalking horse bidder, Pioneer Funding Group LLC ("Stalking Horse Bidder"), for $350,000. For frame of reference, as of the date of this Objection the market value of a single Bitcoin is approximately $60,000.

5.       On June 26, 2026, the Debtor filed an objection to the Sale Motion raising issues concerning the sufficiency of the sale price and possible conflict of interest issues.

6.      Also on June 26, 2026, the Debtor through a single purpose entity, filed a bid pursuant to the approved bid procedures and in that same date, Ironwood Recovery Holdings, LLC ("Ironwood") filed a competing bid.

7.      On June 29, 2026, the Stalking Horse Bidder filed an objection to both competing bids and the Trustee filed an objection to the Ironwood bid.

8.      The Hearing is scheduled to address any objections to the Sale Motion, objections to the qualification of the bids and also to conduct an auction sale of the Debtor's Assets.

9.      It has been brought to the attention of the parties that the Court's calendar will only allow for approximately 1:45 minutes to conduct these matters and that if the matters cannot be completed during that time, the hearing will be continued to July 2, 2026.

10.     As raised during the initial hearing on the Trustee's Sale Motion, counsel to the Debtor is on vacation and has arranged to return to cover this complicated hearing on July 1st. Co-counsel to the Debtor, Atty. Levine has suffered a family loss and is unavailable to provide counsel.

11.     In light of both the issues to be addressed at the hearing and the complexity of the matters to be addressed, the Debtor requests that the Court continue the hearing to a later date or bifurcate the hearing into two separate stages, continuing the auction portion of the Sale Hearing to a later date and time.

12.     Although the Trustee and the Stalking Horse Bidder have each indicated that completing the sale is time sensitive, the Debtor asserts that the urgency has been mitigated with the additional competing offers.

13.     Moreover, the Stalking Horse Bidder is no longer the highest bidder for the Assets and is sufficiently protected by the bid protections that it negotiated for in the Asset Purchase Agreement.

14.     Under these circumstances, a brief continuance or, alternatively, bifurcation of the Hearing to separate the auction from the legal objections, would promote: Fairness to all parties, orderly presentation of evidence without concern for timing; and maximization of value of the Assets for the Estate.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order i) continuing the July 1, 2026 Sale Hearing to another date and time that is convenient to the Court and for all parties, or ii) in the alternative, bifurcate the objection and evidentiary hearing from the Sale Hearing, and iii) for such other relief the Court deems just and proper.

Respectfully submitted,

*/s/ Jesse I. Redlener*
Jesse I. Redlener (BBO #646851)
Ascendant Law Group LLC
2 Dundee Park Drive, Suite 102
Andover, MA 01810
Phone: (978) 409-2038
jr@ascendantlawgroup.com

Dated: June 30, 2026

## CERTIFICATE OF SERVICE

I, Jesse I. Redlener, hereby certify that on June 30, 2026, I served a copy of the foregoing document, in the above-captioned proceeding on all parties via the Court's Electronic Case Filing system or by electronic mail.


Respectfully submitted,

*/s/ Jesse I. Redlener*

Service List:

Darren Azman on behalf of Interested Party Ironwood Recovery Holdings LLC
dazman@mcdermottlaw.com, mco@mwe.com

Alan L. Braunstein on behalf of Creditor First Boston Association LLC
abraunstein@riemerlaw.com, ahall@riemerlaw.com;ndailey@riemerlaw.com

Alan M. Cohen on behalf of Creditor Fidelis Residential Bridge Loan Venture V LP
acohen@collections-law.com

Kathleen R. Cruickshank on behalf of Interested Party Harold Murphy
kcruickshank@murphyking.com,
bankruptcy@murphyking.com;kflynn@murphyking.com;ecf-
f3829d9f3bd3@ecf.pacerpro.com

Mark G. DeGiacomo on behalf of Trustee Donald Lassman
mdegiacomo@harrisbeachmurtha.com, lmulvehill@harrisbeachmurtha.com

Richard N. Gottlieb on behalf of Creditor Mark M. Newberg and Alexis G. Malkin,
Individually and as Trustees of the 5 Wigglesworth Condominium Trust
rnglaw@verizon.net, r39800@notify.bestcase.com

Zachary J. Gregoricus on behalf of Trustee Donald Lassman
zgregoricus@harrisbeachmurtha.com

Sara Kathryn Jackson on behalf of Assistant U.S. Trustee Richard King - B
sara.kathryn.jackson@usdoj.gov

Sara Kathryn Jackson on behalf of Plaintiff William K. Harrington
sara.kathryn.jackson@usdoj.gov

Jay P. Johnson on behalf of Creditor Commonwealth Real Estate Holdings, LLC
Jay.Johnson@Barsh-Cohen.com, Johnson.JayB147131@notify.bestcase.com

Richard King - B
USTPRegion01.BO.ECF@USDOJ.GOV

Donald Lassman
don@lassmanlaw.com, dlassman@ecf.axosfs.com

Barry R. Levine on behalf of Debtor Jason M Kahan
barry@levineslaw.com, kathy@levineslaw.com;r39812@notify.bestcase.com

Barry R. Levine on behalf of Defendant Jason M Kahan
barry@levineslaw.com, kathy@levineslaw.com;r39812@notify.bestcase.com

Jeremy Moskowitz on behalf of Creditor Commonwealth Real Estate Holdings, LLC
jmoskowitz@barsh-cohen.com

Morgan Nighan on behalf of Interested Party PBTC Recovery Partners, LLC
mnighan@nixonpeabody.com

Morgan Nighan on behalf of Interested Party Pioneer Funding Group LLC
mnighan@nixonpeabody.com

Richard C. Pedone on behalf of Interested Party Pioneer Funding Group LLC
rpedone@nixonpeabody.com,
bos.managing.clerk@nixonpeabody.com,rmcmullin@nixonpeabody.com

Robert F. Tenney on behalf of Creditor Enterprise Bank and Trust Company
rtenney@cmlaw.net