**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re:<br><br>JASON M. KAHAN,<br><br>Debtor. | Chapter 7<br><br>Case No. 24-11592-JEB |

**MOTION FOR EMERGENCY STATUS CONFERENCE**
[Emergency Hearing Requested]

Samara CR Holdings, LLC ("Samara") hereby requests that the Court schedule a hearing for July 10, 2026 at 10:00 A.M. (the "Status Conference") regarding the *Chapter 7 Trustee's Motion for: (I) Entry of an Order (A) Approving Procedures Governing Trustee's Proposed Sale of Certain of the Debtor's Assets Pursuant to Section 363 of the Bankruptcy Code, Free and Clear of Liens, Claims, Encumbrances and Other Interests, (B) Approving Form and Manner of Notice of Sale, and (C) Granting Related Relief; and (II) Authority to Sell Certain of the Debtor's Assets Pursuant to Section 363 of the Bankruptcy Code, Free and Clear of Liens, Claims, Encumbrances and Other Interests* (the "Sale Motion"), and a hearing on the concurrently filed *Response of Samara CR Holdings, LLC in Support of Its Bid* (the "Response") concerning the potential disqualification of the bid filed by Samara and its subsequent bid at the auction ("Auction") and sale hearing on July 1, 2026 (the "Sale Hearing"). As a basis for the request, Samara states that consideration of the Response is reasonable under the circumstances and that Samara was not provided adequate time or opportunity to respond or prepare for an evidentiary hearing on the oral motion to reconsider the qualification of Samara's bid raised by PBTC Recovery (the "Stalking Horse"). In further support of the Motion, Samara states as follows:

## BACKGROUND

1. On August 7, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code, commencing the above-captioned case. On August 27, 2024, Donald Lassman (the "Trustee") was appointed as the Chapter 7 Trustee for the Debtor's estate (the "Estate").

2. On May 8, 2026, the Trustee filed the Sale Motion in an effort to liquidate assets of the Estate for the benefit of the Estate's creditors, as is his primary obligation in administering the Estate.

3. The Sale Motion proposes to sell the Bitcoin Wallets and Bitcoin (the "Assets") to a stalking horse bidder, Pioneer Funding Group LLC, for $350,000.

4. On June 3, 2026, the Court entered the *Order (A) Approving Procedures Governing Trustee's Proposed Sale of Certain of the Debtor's Assets Pursuant to Section 363 of the Bankruptcy Code, Free and Clear of Liens, Claims, Encumbrances and Other Interests, (B) Approving Form and Manner of Notice of Sale, and (C) Granting Related Relief* [Docket No. 274] (the "Sale Procedures Order").

5. Pursuant to the Sale Procedures Order, Pioneer Funding Group LLC ("Pioneer") was named the designated Stalking Horse Bidder under an Asset Purchase Agreement dated May 6, 2026 (the "APA"). On June 26, 2026, Pioneer gave notice that it had assigned all of its rights and obligations as Buyer under the APA to PBTC Recovery Partners, LLC ("PBTC"), with the Trustee's written consent [Docket No. 284]. PBTC is now the Stalking Horse Bidder. Pioneer and PBTC are referred to herein, as applicable, as the "Stalking Horse Bidder."

6. On June 26, 2026, the Debtor filed an objection to the Sale Motion raising issues concerning the sufficiency of the sale price and possible conflict of interest issues. Those objections were overruled by this Court at the Sale Hearing.

7. Also on June 26, 2026, Samara filed its bid pursuant to the approved bid procedures and on that same date, Ironwood Recovery Holdings, LLC ("Ironwood") filed a competing bid.

8. On June 29, 2026, the Stalking Horse Bidder filed an objection to both competing bids and the Trustee filed an objection to the Ironwood bid.

9. The Sale Hearing was held on the Sale Motion, and an auction sale of the Debtor's Assets was held with the successful bidder being Samara with a bid of $6,100,000. The Trustee accepted the bid, and the Court approved Samara's $6,100,000 bid as the highest bid, with PBTC's $1,050,000 bid designated as the backup bid.

10. The Court reserved the right to challenge the "good faith" of the bidders at a hearing scheduled for July 8, 2026, as an evidentiary hearing. No other issues were scheduled for that hearing.

11. After hearing testimony from the Debtor and Samara, the Court indicated that it was not prepared to find that Samara is a good faith purchaser entitled to the protections of 11 U.S.C. § 363(m). No order to that effect has been entered on the docket.

12. The Stalking Horse made an oral motion for reconsideration of the Court's determination that Samara was a qualified bidder in accordance with the terms of the Sale Procedures Order dated June 3, 2026. The Court indicated that it would entertain the reconsideration and continued the matter to a further session that same afternoon. To date, no order reconsidering the July 1 Order or disqualifying Samara has been entered on the docket, and no notice of any such reconsideration has been served on creditors or parties in interest.

13. No advance notice of the evidentiary hearing was provided to Samara, the Trustee, or the creditors of the Debtor's Estate.

**RELIEF REQUESTED**

14. Samara requests that this Court schedule an emergency status conference to address the Response and to provide the Estate's creditors and Trustee an opportunity to evaluate the reconsideration of the July 1 Order.

15. This motion is brought on an emergency basis because permitting the sale of the Assets to close with the Stalking Horse, without first allowing meaningful consideration of the harm to the Estate, its creditors, and the Debtor, risks irreparable harm.

16. As set forth in the Response, were Samara given advance notice of the evidentiary hearing concerning the qualification of its bid, it would have demonstrated that both its initial bid and its subsequent bid were reasonably likely to close and that any concerns raised at the hearing by the Stalking Horse and the Court would have been assuaged.

17. As set forth in the Response, Samara's funding is secured by a commitment letter from its funding source, Soda Ventures, committing the full $6,100,000 required to close the sale transaction without any contingencies. The Response further establishes that, as of the Bid Deadline on June 26, 2026, Samara's funding was to be provided by NARG LLC and that the proof-of-funds documents provided to the Trustee were intended as a commitment to fund the purchase price without contingencies.

18. Under these circumstances, Samara believes that a brief status hearing is appropriate to allow an opportunity for the Trustee and the Court to evaluate the Response.

19. Samara asserts that the status conference would allow the Court to determine whether (a) the Response addresses the concerns raised in open court, (b) a further evidentiary

hearing should be scheduled with appropriate notice, and (c) the Estate's creditors should be given an opportunity to participate in the process.

*[Remainder of Page Intentionally Left Blank]*

**WHEREFORE**, Samara respectfully requests that the Court enter an order (i) scheduling a status conference for July 10, 2026, on an emergency basis, (ii) considering the Response filed concurrently herewith and, if appropriate, scheduling a further evidentiary hearing, and (iii) for such other relief the Court deems just and proper.

Dated: July 10, 2026
New York, New York

*/s/ Darren Azman*
Darren Azman (MA BBO# 678530)
McDermott Will & Schulte LLP
One Vanderbilt Avenue
New York, New York 10017
Telephone: (212) 547-5615
E-mail: dazman@mcdermottlaw.com

-and-

Jesse I. Redlener (BBO #646851)
Ascendant Law Group LLC
2 Dundee Park Drive, Suite 102
Andover, MA 01810
Phone: (978) 409-2038
jr@ascendantlawgroup.com

*Counsel for Samara CR Holdings, LLC*

**CERTIFICATE OF SERVICE**

I, Darren Azman, hereby certify that on July 10, 2026, I served a copy of the foregoing document, in the above-captioned proceeding on all parties via the Court's Electronic Case Filing system or by electronic mail.

*/s/ Darren Azman*
Darren Azman