**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re:<br><br>JASON M. KAHAN,<br><br>       Debtor. | Chapter 7<br><br>Case No. 24-11592-JEB |

***EXPEDITED* MOTION OF PBTC RECOVERY PARTNERS, LLC PURSUANT TO
BANKRUPTCY RULE 2004 SEEKING TO COMPEL DEBTOR AND HUNTER PENN
TO PRODUCE HARDWARE RELATED TO ACQUIRED BITCOIN ASSETS**

PBTC Recovery Partners, LLC ("PBTC") hereby files this expedited motion (this

"Motion") pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code")

and Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

seeking the entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed

Order"), authorizing PBTC to:

i.   issue subpoenas to Jason M. Kahan (the "Debtor") and Hunter Penn compelling each of them to produce all computers, laptops, desktops, tablets, mobile phones, hardware wallets, external hard drives, thumb drives, SD cards, network-attached storage devices, backup drives, cloud-storage repositories, encrypted containers, memory storage devices, other electronic storage media, as well as any and all means to access such devices (the "Hardware") within their possession, custody, or control that may contain information relating to the Bitcoin Assets (as defined herein) acquired by PBTC from the estate pursuant to the *Order (I) Authorizing And Approving The Sale Of Certain Of The Debtor's Assets Free And Clear Of Liens, Claims, Encumbrances And Other Interests, And (II) Granting Related Relief* [Docket No. 343] (the "Sale Order"); and

ii.   permitting forensic inspection and imaging of any Hardware produced by the Debtor and/or Mr. Penn.[1]

PBTC also seeks entry of an order prohibiting the Debtor and Mr. Penn from deleting,

destroying, modifying, encrypting, wiping, transferring, concealing, overwriting, or otherwise

---

[1]   Concurrently with the filing of this Motion, counsel for PBTC reached out to counsel for the Debtor and Mr. Penn to discuss any forensic imaging protocol and/or other concerns raised by this Motion.

4908-7928-7234.4

altering any documents, electronically stored information, computer devices, hardware wallets, mobile devices, hard drives, external drives, USB drives, SD cards, backup media, memory storage devices, cloud-storage data, password-manager data, wallet files, private keys, seed phrases, transaction records, logs, communications, or other materials relating to, or that may contain any information or data related to, the Bitcoin Assets acquired by PBTC. In support of this Motion, PBTC respectfully states as follows:

**PRELIMINARY STATEMENT**

1.     On July 17, 2026, this Court entered the Sale Order under which PBTC acquired certain assets of the Debtor's estate, including certain Bitcoin, Bitcoin wallets, and private keys, as well as the right to recover those assets (the "Bitcoin Assets" or the "Purchased Assets").[2] Paragraph LL of the Sale Order provides that to the extent any third party is in possession or control of, or is in any way interfering with, PBTC's access to any of the Bitcoin Assets, including Mr. Hunter Penn, "such third parties shall immediately deliver possession, control, and access to the Purchased Assets (and any proceeds thereof) to the Buyer to the greatest extent permitted by law." Sale Order, ¶ LL.

2.     In the near past, the Debtor and Hunter Penn had (and upon information and belief, still have) possession, custody, or control of Hardware that contains information related to the Bitcoin Assets acquired by PBTC. At this time, PBTC seeks expedited and narrowly tailored

---

[2]     The Bitcoin Assets are more thoroughly described in Exhibit A to the Asset Purchase Agreement dated as of May 26, 2026 (the "APA"), between Donald Lassman, as the Chapter 7 Trustee (the "Trustee"), and Pioneer Funding Group, LLC ("Pioneer"), as assigned to PBTC. *See Chapter 7 Trustee's Motion For: (I) Entry Of An Order (A) Approving Procedures Governing Trustee's Proposed Sale Of Certain Of The Debtor's Assets Pursuant To Section 363 Of The Bankruptcy Code, Free And Clear Of Liens, Claims, Encumbrances And Other Interests, (B) Approving Form And Manner Of Notice Of Sale, And (C) Granting Related Relief; And (II) Authority To Sell Certain Of The Debtor's Assets Pursuant To Section 363 Of The Bankruptcy Code, Free And Clear Of Liens, Claims, Encumbrances And Other Interests* [Docket No. 260] (the "Sale Motion"), at Ex. D.

2

Rule 2004 discovery limited solely to the Hardware so that PBTC can immediately examine and preserve all relevant information. The requested relief is narrowly directed to identifying, preserving, and examining materials relating to the Bitcoin Assets, as well as the means to access those assets. In addition, expedited relief is necessary because digital evidence on the Hardware can be altered, deleted, encrypted, moved, overwritten, or rendered inaccessible without court intervention.

## JURISDICTION AND VENUE

3.      The United States Bankruptcy Court for the District of Massachusetts (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory and legal predicates for the relief requested herein are section 105(a) of the Bankruptcy Code and Rules 2004 and 9016 of the Bankruptcy Rules.

## BACKGROUND

5.      On August 7, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code, commencing the above-captioned case. On August 8, 2024, Donald Lassman was appointed as the Chapter 7 Trustee in the Case.

6.      In his schedules, the Debtor listed approximately $110,400,000.00 worth of Bitcoin as of the Petition Date in Schedule A/B he filed with the Court. *See* Docket No. 36.

7.      On or about May 6, 2026, Pioneer entered into the APA to serve as the Stalking Horse Bidder for the purchase of the Bitcoin Assets, which include, among other things, the Debtor's and the Estate's right, title, and interest in certain Bitcoin wallets and Bitcoin addresses,

3

including associated private keys, any cryptocurrency currently located in such wallets, and all related Recovery Actions. *See* Sale Motion, at Ex. D.

8.      On May 8, 2026, the Trustee filed the Sale Motion, which contemplated a sale process pursuant to which Pioneer's $350,000 bid under the APA serves as the Stalking Horse Bid. On May 23, 2026, the Debtor filed the *Debtor's Objection to the Trustee's Proposed Sale Procedure* [Docket No. 269]. On May 27, 2026, the Court held a hearing on the Sale Motion and on June 3, 2026, the Court overruled the Debtor's objection and entered the *Order (A) Approving Procedures Governing Trustee's Proposed Sale Of Certain Of The Debtor's Assets Pursuant To Section 363 Of The Bankruptcy Code, Free And Clear Of Liens, Claims, Encumbrances And Other Interests, (B) Approving Form And Manner Of Notice Of Sale, And (C) Granting Related Relief* [Docket No. 274] (the "Sale Procedures Order").

9.      Pursuant to that certain Assignment and Assumption Agreement (the "Assignment Agreement") between Pioneer and PBTC, Pioneer assigned to PBTC all of Pioneer's right, title, interest, and obligations as Buyer under the APA. On June 26, 2026, PBTC filed its *Notice of (I) Assignment of Buyer's Rights Under Asset Purchase Agreement to PBTC Recovery Partners, LLC and (II) Qualified Bidder Statement of PBTC Recovery Partners, LLC* [Docket No. 284].

10.     The Court held a hearing on the Sale Motion commencing on July 1, 2026, which was continued to July 8, 2026, and July 10, 2026. On July 17, 2026, the Court entered the Sale Order pursuant to which PBTC acquired the Bitcoin Assets. The Sale Order made the following findings and rulings with respect to the right of PBTC to seek turnover of the Bitcoin Assets:

     i.     "The Trustee acknowledges that some of the Purchased Assets are currently being improperly withheld by third parties. To the greatest extent permitted by law, the Buyer may initiate the Recovery Actions, including claims, causes of action, contested matters, adversary proceedings or other litigation in connection with recovery and access to the Purchased Assets." Sale Order, ¶ KK;

4

ii. "Section 542(a) provides that 'an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title . . . shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.' 11 U.S.C. § 542(a). The Purchased Assets are not of inconsequential value or benefit to the estate. To the extent any third party is in possession, control or in any way interfering with the Buyer's access to any of the Purchased Assets, including Mr. Hunter Penn, Nils Trosterud, Sissel Trosterud, Quantum Resource Group QRG AS and NordCap Advisors SA, such third parties shall immediately deliver possession, control, and access to the Purchased Assets (and any proceeds thereof) to the Buyer to the greatest extent permitted by law. To the extent permitted under applicable law, this Court shall retain jurisdiction over any action, suit or proceeding brought by the Buyer to compel turnover of the Purchased Assets, including but not limited to any action under 11 U.S.C.§ 542, any other provision of Chapter 5 of the Bankruptcy Code or applicable law." *Id.* ¶ LL;

iii. "To the greatest extent permitted by law, the Buyer may initiate Recovery Actions to recover and gain access to the Purchased Assets. The Buyer has the sole right to pursue and prosecute all Recovery Actions, at its own cost, and on its own behalf and as successor-in-interest to the Debtor's estate and the Debtor. Any and all proceeds and recoveries from the Recovery Actions shall be the sole property of the Buyer. The Trustee, the Debtor, the Debtor's estate and its creditors shall have no interest or claim to any proceeds and recoveries from the Recovery Actions." *Id.* ¶ 14;

iv. "The Purchased Assets are not of inconsequential value or benefit to the estate. To the extent any third party is in possession, control or in any way interfering with the Buyer's access to any of the Purchased Assets, including Mr. Hunter Penn, Nils Trosterud, Sissel Trosterud, Quantum Resource Group QRG AS, and NordCap Advisors SA, such third parties shall immediately deliver possession, control and access to the Purchased Assets (and any proceeds thereof) to the Buyer to the greatest extent permitted by law." *Id.* ¶ 15.

11. The Court also retained jurisdiction to "adjudicate, if necessary, any and all actions, suits or proceedings brought by the Trustee or the Buyer to compel turnover of the Purchased Assets from third parties, including but not limited to any action under 11 U.S.C.§

5

4908-7928-7234.4

542, any other provision of Chapter 5 of the Bankruptcy Code or applicable law, to the extent

permitted under applicable law." *Id.*, ¶ RR.

## **RELIEF REQUESTED AND BASIS FOR RELIEF**

12. PBTC respectfully requests that this Court enter an order:

a) Authorizing PBTC to serve subpoenas pursuant to Bankruptcy Rules 2004 and 9016 compelling the Debtor and Hunter Penn to each identify, preserve, and produce for forensic inspection and copying all computers, laptops, desktops, tablets, mobile phones, hardware wallets, external hard drives, thumb drives, SD cards, network-attached storage devices, backup drives, cloud-storage repositories, encrypted containers, memory storage devices, other electronic storage media, as well as any and all means to access such devices, within their possession, custody, or control that contain or may contain information relating to the Bitcoin Assets; and

b) Prohibiting the Debtor and Hunter Penn, and anyone acting in concert with them, from deleting, modifying, encrypting, wiping, transferring, concealing, destroying, overwriting, or otherwise altering any Hardware or any information contained therein.

13. Bankruptcy Rule 2004(a) provides that, "on motion of any party in interest," the

Court may order an examination of, and the production of documentary evidence by, any entity

concerning any matter relating "to the acts, conduct, or property or to the liabilities and financial

condition of the debtor." FED. R. BANKR. P. 2004(a)-(b).

14. The scope of a Rule 2004 examination is "unfettered and broad." *In re Wash.*

*Mutual, Inc.*, 408 B.R. 45, 49 (Bankr. D. Del. 2009); *see also In re Bennett Funding Grp., Inc.*,

203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996) (noting that a Rule 2004 examination is "even broader

than a civil discovery deposition under Fed. R. Civ. P. 30"). A Rule 2004 examination "may

relate to the acts, conduct, or property or to the liabilities and financial condition of the debtor"

and is "designed to allow for discovery of the nature and extent of the estate and for unearthing

6

of potential claims of the debtor's estate." *In re GHR Energy Corp.*, 33 B.R. 451, 454 (Bankr. D. Mass. 1983).

15.     Courts have consistently recognized that the purpose of a Rule 2004 examination includes "discovering assets and unearthing frauds." *In re Table Talk, Inc.*, 51 B.R. 143, 145 (Bankr. D. Mass. 1985); *see also In re Duratech Industries, Inc.*, 241 B.R. 283, 289 (E.D.N.Y. 1999) ("The purpose of the rule is to allow an examination regarding the debtor's acts, conduct, and financial condition").

16.     Bankruptcy Rule 9016 incorporates Federal Rule of Civil Procedure 45, which permits a party to issue a subpoena requiring a person to produce documents, electronically stored information, or tangible things and to permit inspection, copying, testing, or sampling. *See* FED. R. BANKR. P. 9016; FED. R. CIV. P. 45.

17.     PBTC is a party-in-interest in this case by virtue of its status as the successful purchaser under the APA and Sale Order. Moreover, under the Sale Order, PBTC is authorized to "initiate Recovery Actions to recover and gain access to the Purchased Assets." Sale Order, ¶ 14. The relief requested herein is the first step in the process of determining who currently has the Bitcoin Assets and preserving materials and information related thereto, so that PBTC may direct its recovery efforts at the proper parties in the narrowest possible manner.

18.     PBTC requests that the Court permit it to issue subpoenas to the Debtor and Hunter Penn because PBTC believes the Debtor and Mr. Penn have Hardware in their possession that may contain information related to the Bitcoin Assets. The requested discovery falls squarely within Bankruptcy Rule 2004. The Hardware may contain information that directly relates to "the acts, conduct, or property" of the Debtor and/or evidence relating to the estate assets that were sold, i.e., the Bitcoin Assets, including but not limited to the Bitcoin wallets, private keys,

7

wallet access, transfers of Bitcoin, and potential recovery claims. *See* FED. R. BANKR. P. 2004(b);

*see also GHR Energy Corp.,* 33 B.R. at 453 ("In general, a large latitude of inquiry should be

allowed in the examination of persons closely connected with the bankrupt in business dealings,

or otherwise, for the purpose of discovering assets and unearthing frauds, upon any reasonable

surmise that they have assets of the debtor . . . . The examination . . . . is of necessity to a

considerable extent a fishing expedition." (quoting *In re Foerst*, 93 F. 190, 191 (S.D.N.Y. 1899)).

The requested discovery also concerns matters that may affect administration of the estate,

including whether third parties were and/or are unlawfully exercising control over the Bitcoin

Assets and whether they may be recovered. This is precisely the type of inquiry contemplated by

Rule 2004.

19.     Further, the requested forensic access is reasonable and proportional to the needs

of this Rule 2004 investigation. Digital evidence relating to cryptocurrency can be uniquely time-

sensitive. Wallet files, browser sessions, exchange credentials, private keys, seed phrases, logs,

and communications may be stored locally, in cloud backups, in password managers, on external

drives, or on hardware wallets. Such evidence may also be deleted, encrypted, overwritten,

moved, or concealed. The only way to preserve that information is to prohibit the Debtor and Mr.

Penn from deleting, modifying, encrypting, wiping, transferring, concealing, destroying,

overwriting, or otherwise altering any Hardware. PBTC should also be permitted to image the

Hardware so that any information contained therein is preserved. *See In re LYM Development,*

*LLC*, Case No. 23-11435 (Bankr. E.D. Pa.), *Order* [Docket No. 153] (ordering that the "Debtor

and Hayes shall deliver the laptop computer and I-Phone of Hayes together with all necessary

passwords to access all files in those devices to the Chapter 7 Trustee within ten (10) days of the

date of this Order for imaging."); *In re Marc Anthony Correra*, Case No. 16-30728 (Bankr. N.D.

4908-7928-7234.4

Tex.), *Order Granting Motion To Compel Performance Under Order Granting Motion Of New Mexico State Investment Council Pursuant To Bankruptcy Rule 2004 For Rule 2004 Examination Of Anita Gianardi And Production Of Document*, Case No. 16-30728 [Docket No. 225] ("Within ten (10) days of the entry of this order, Ms. Gianardi shall produce the Computer to the Trustee, Mr. Cunningham, or his counsel at a mutually agreed upon location, so a forensic expert approved by the Court may create a forensic image of the hard drive or drives on the Computer."); *In re Helena Perez Reilly*, Case No. 11-20421 (Bankr. D. Ariz.), *Order Under Rule 2004 And 11 U.S.C. §105 Compelling Production Of Debtor's Computer, Authorizing Midling To Make A Copy Of The Hard Drive Of Debtor's Computer, Directing Debtor To Not Erase Electronic Information Pending Production, And Authorizing Examination Of The Debtor Subsequent Thereto* [Docket No. 36] (directing Debtor to make computer available for "purposes of making a copy of the hard drive of such computer . . . .").

20.     Expedited consideration is warranted because digital evidence relating to cryptocurrency can be uniquely time-sensitive and, upon information and belief, portions of the Bitcoin that comprise the Bitcoin Assets have been moved, including within the past two weeks, without the consent of PBTC. Expedited relief is necessary to prevent destruction, deletion, encryption, wiping, concealment, or loss of relevant electronic evidence. Any significant delay may impair PBTC's ability to preserve critical evidence, identify persons with access to wallet credentials, determine the circumstances of any transfers of the Bitcoin Assets, and evaluate potential recovery rights.

## RESERVATION OF RIGHTS

21.     PBTC expressly reserves all rights and remedies, whether at law or in equity, including, without limitation, the right to seek additional discovery, examinations of other

9

4908-7928-7234.4

parties, expedited relief, and any other relief that may be appropriate in connection with the Purchased Assets.

## NOTICE

22.     This Motion is filed on an expedited basis. Notice of this Motion has been provided (a) by email to counsel for the Debtor, the Trustee, and counsel to the Trustee, (b) by overnight mail and email to Hunter Penn, and (c) upon filing by CM/ECF to all parties that have requested notice in this Case. PBTC respectfully submits that no further notice of this Motion is necessary or required.

## NO PRIOR REQUEST

23.     No prior request for the relief sought herein by PBTC has been made to this Court or any other court.

WHEREFORE, PBTC respectfully requests that this Court grant this Motion, enter the Proposed Order attached hereto as **Exhibit A**, and grant such other and further relief as this Court deems just and proper.

Dated: August 10, 2026

Respectfully submitted,

/s/  *Richard C. Pedone*
Richard C. Pedone (BBO # 630716)
Morgan C. Nighan (BBO # 679546)
Daniel P. McMonagle (BBO # 713426)
NIXON PEABODY LLP
Exchange Place
53 State Street
Boston, MA 02109
Telephone: (617) 345-1000
Email: rpedone@nixonpeabody.com

*Counsel to PBTC Recovery Partners, LLC*

10

4908-7928-7234.4

## <u>CERTIFICATE OF SERVICE</u>

I, Richard C. Pedone, hereby certify that on August 10, 2026, I served a copy of the EXPEDITED MOTION OF PBTC RECOVERY PARTNERS, LLC PURSUANT TO BANKRUPTCY RULE 2004 SEEKING TO COMPEL DEBTOR AND HUNTER PENN TO PRODUCE HARDWARE RELATED TO ACQUIRED BITCOIN ASSETS on all parties requesting service via the Court's Electronic Case Filing system and by email and overnight mail on the parties listed below:

1. counsel for the Debtor (barry@levineslaw.com, jredlener@ascendantlawgroup.com; rwhynottlaw@gmail.com)
2. the Trustee (don@lassmanlaw.com)
3. counsel to the Trustee (zgregoricus@harrisbeachmurtha.com; mdegiacomo@harrisbeachmurtha.com)
4. Hunter Penn
   1153 Elm Street
   Apartment 3L
   West Springfield, MA 01089
5. Hunter Penn
   42 South St.
   Plymouth, CT 06782-2315
   soobstorypen@gmail.com
   paralaxpenn@gmail.com
   Alexcolvin@protonmail.com
   HunterKellyPenn@gmail.com
   HunterKellyPenn16@gmail.com

Respectfully submitted,

/s/ *Richard C. Pedone*

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re:<br><br>JASON M. KAHAN,<br><br>               Debtor. | Chapter 7<br><br>Case No. 24-11592-JEB |

**ORDER GRANTING EXPEDITED MOTION OF PBTC RECOVERY PARTNERS, LLC
PURSUANT TO BANKRUPTCY RULE 2004 SEEKING TO COMPEL DEBTOR AND
HUNTER PENN TO PRODUCE HARDWARE RELATED TO
ACQUIRED BITCOIN ASSETS**

Upon consideration of the *Expedited Motion Of PBTC Recovery Partners, LLC Pursuant To Bankruptcy Rule 2004 Seeking To Compel Debtor And Hunter Penn To Produce Hardware Related To Acquired Bitcoin Assets* (the "Motion"),[1] filed by PBTC Recovery Partners, LLC ("PBTC"); a hearing having been held on the Motion; no objections having been filed; the Court having reviewed the Motion; and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED.

2.      PBTC is authorized to serve subpoenas pursuant to Bankruptcy Rules 2004 and 9016 upon Jason M. Kahan and Hunter Penn requiring the production of all computers, laptops, desktops, tablets, mobile phones, hardware wallets, external hard drives, thumb drives, SD cards, network-attached storage devices, backup drives, cloud-storage repositories, encrypted containers, memory storage devices, other electronic storage media, as well as any and all means to access such devices (the "Hardware") within their possession, custody, or control that may

---

[1]     Capitalized terms used but not defined in this Order shall have the meanings ascribed to such terms in the Motion.

4908-7928-7234.4

contain information relating to the Bitcoin Assets acquired by PBTC pursuant to the *Order (I) Authorizing And Approving The Sale Of Certain Of The Debtor's Assets Free And Clear Of Liens, Claims, Encumbrances And Other Interests, And (II) Granting Related Relief* [Docket No. 343].

3.      Jason M. Kahan and Hunter Penn shall provide all passwords, passcodes, decryption keys, access credentials, recovery phrases, two-factor authentication access, and other information necessary to access any Hardware provided in response to any subpoenas issued by PBTC, subject to any applicable privilege, Fifth Amendment, or other rights preserved by law and any further order of this Court.

4.      PBTC is authorized to employ a forensic examiner to inspect, image, copy, and preserve all materials produced by Jason M. Kahan or Hunter Penn in response to the subpoenas issued by PBTC. Unless otherwise agreed or ordered, original devices and storage media shall be returned after forensic imaging is completed, provided that return will not compromise preservation, access, or compliance with this Order.

5.      The forensic examiner may use whatever means are reasonable and necessary to image the Hardware.

6.      Jason M. Kahan and Hunter Penn shall preserve and shall not delete, destroy, modify, encrypt, wipe, transfer, conceal, overwrite, or otherwise alter any documents, electronically stored information, computer devices, hardware wallets, mobile devices, hard drives, external drives, USB drives, SD cards, memory storage devices, backup media, cloud-storage data, password-manager data, wallet files, private keys, seed phrases, transaction records, logs, communications, or other materials relating to the Bitcoin Assets.

2

7.     This Court retains jurisdiction to hear and determine all matters arising from or

related to the implementation of this Order.

Dated: _____

_____
JANET E. BOSTWICK
UNITED STATES BANKRUPTCY JUDGE

3