**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**(Eastern Division)**

| | |
|---|---|
| **In re:** ) | |
| ) | **Chapter 7** |
| **JASON M. KAHAN,** ) | |
| ) | **Case No. 24-11592 (JEB)** |
| ) | |
| **Debtor.** ) | |

**DEBTOR'S OBJECTION TO PBTC 2004 MOTION**

Jason M. Kahan, debtor in the above captioned proceeding (the "Debtor"), hereby submits

the following objection (the "Objection") to the *Expedited Motion of PBTC Recovery Partners,*

*LLC Pursuant to Bankruptcy Rule 2004 Seeking to Compel Debtor and Hunter Penn to Produce*

*Hardware Related to Acquired Bitcoin Assets* (the "Motion") [Dkt. No. 359]. As grounds for the

objection, the Debtor states as follows:

**BACKGROUND**

1.      On August 7, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for

relief under chapter 7 of the Bankruptcy Code and commenced this chapter 7 case in the United

States Bankruptcy Court for the District of Massachusetts (the "Court").

2.      Donald Lassman was appointed as Chapter 7 trustee (the "Trustee") for the

Debtor's estate (the "Estate") on August 27, 2024.

3.      On or about September 11, 2024, the Debtor filed his schedules and statement of

financial affairs (the "Schedules" and "SOFA"). Among the assets listed on the Debtor's Schedule

B was the Debtor's interest in certain Bitcoin wallets and Bitcoin addresses (the "BTC Wallets")

containing or associated with approximately 1,791 Bitcoin (the "Bitcoin"), which at current market prices represent assets valued in excess of $100,000,000.00.

4.      The Trustee filed a motion to sell the BTC Wallets and Bitcoin (the "Sale Motion") to a stalking horse bidder, Pioneer Funding Group LLC who assigned that right to PBTC Recovery ("Stalking Horse Bidder" or "PBTC"), for $350,000.

5.      On July 17, 2026, this Court approved the sale of the assets to the Stalking Horse Bidder pursuant to an order approving the sale (the "Sale Order") and the related asset-purchase agreement (the "APA").

6.      On August 10, 2026, PBTC filed the instant Motion seeking, among many other things, turnover of physical property that "contains *or may contain* information relating to the Bitcoin Assets." (emphasis added)

## OBJECTIONS

7.      The Motion requests an inappropriate use of the process set forth in Fed. Rule Bankr. P. 2004 ("Rule 2004"). Additionally, the Motion on its face is overbroad and lacks a credible basis for emergency relief. Furthermore, to the extent that the Motion seeks information or assets that was developed or acquired after the Petition Date, any such request must be denied out of hand or substantially narrowed.

8.      PBTC has not established that unrestricted turnover of hardware, devices, storage media, accounts, or authentication credentials is necessary to accomplish any legitimate purpose under Rule 2004. At most, the Motion identifies a potential need for targeted information concerning specifically identified prepetition Bitcoin Assets. That potential need does not justify unfettered access to the Debtor's personal property, unrelated financial information, communications, or accounts.

**Inappropriate use of Bankruptcy Rule 2004**

9.      Bankruptcy Rule 2004 is intended to permit a party in interest to examine "an entity…or of a debtor" with regard to certain topics relating to the proceeding. The scope of inquiry, while admittedly broad, is limited to "(A) the debtor's acts, conduct, or property; (B) the debtor's liabilities and financial condition;(C) any matter that may affect the administration of the debtor's estate; or (D) the debtor's right to a discharge." Fed. R. Bankr. P. 2004 (b)(1).

10.      Rule 2004 is not a license for unlimited discovery. Any examination or production must remain relevant to the bankruptcy case, the administration of the Estate, or another matter authorized by the Rule, and must be administered in a manner that protects privilege, privacy, confidentiality, and proportionality.

11.      As a threshold matter, the moving party here, PBTC, has not established that it is entitled to the extraordinary relief sought. Before becoming the successful purchaser of certain assets and entering into the APA with the Trustee, PBTC had no connection to the Debtor's case or the Estate. PBTC's status as a purchaser does not, without more, establish that every device, record, credential, or item of property requested in the Motion was transferred to it or that the requested discovery falls within Rule 2004.

12.      PBTC is not a creditor and has no stake in the outcome of the administration of the case. It purchased assets of the Estate and neither the Estate, nor its creditors will benefit from any recovery that may ultimately result from PBTC's efforts.

13.      Moreover, the Motion appears to concern a substantive dispute over the scope of PBTC's rights under the Sale Order and APA, rather than a permissible, case-administration examination. If PBTC seeks to litigate ownership, possession, turnover, or the scope of the transferred Recovery Actions, it should proceed through the procedural mechanism applicable to

that dispute, with appropriate notice, pleadings, and discovery—not through an unrestricted Rule 2004 examination.

14. To the extent the requested discovery overlaps with an existing adversary proceeding or contested matter, PBTC should be required to use the discovery procedures applicable to that proceeding. Rule 2004 should not be used to obtain a procedural advantage or to circumvent limitations, protections, or sequencing that otherwise would apply. PBTC in its own Motion quotes language referencing the fact that it purchased the "Recovery Actions" and should not be permitted to utilize the tools reserved for exploratory purposes. There is a dispute that is well known and PBTC should not be permitted to short circuit that process.

**Burdensome and Overly Broad Requests**

15. The Motion is unduly burdensome and overly broad. PBTC seeks an extraordinary and disproportionate examination into the Debtor's electronic devices, storage media, cryptocurrency accounts, wallet information, financial records, communications, and authentication credentials. The Motion does not identify the particular information sought, define a reasonable date range, limit the request to particular Bitcoin addresses or transactions, or explain why less intrusive means, such as targeted production, a neutral forensic examination, or a privilege and relevance review, would be inadequate.

16. The requested relief also creates substantial risks of disclosure, alteration, loss, or misuse of sensitive information. Devices and storage media may contain privileged communications, personal information, unrelated financial records, third-party information, and credentials for assets or accounts having no relationship to the transferred Bitcoin Assets. PBTC should not receive unrestricted access to such material merely because a device may "contain or may contain" responsive information.

17.     The Motion makes no distinction between the Debtor's prepetition assets and information and those acquired postpetition. Nor does it distinguish between information concerning the transferred Bitcoin Assets and unrelated postpetition activity or personal property.

18.     The Trustee sold all of the Estate's right, title and interest in and to the Debtor's prepetition Bitcoin Assets to the extent described in the Sale Order and APA. The Trustee did not, and could not have, sold the Debtor's right, title and interest in any property acquired after the Petition Date. See Harris v. Viegelahn, 575 U.S. 510, 513-514 (2015) ("A Chapter 7 trustee is then charged with selling the property in the estate, § 704(a)(1), and distributing the proceeds to the debtor's creditors, § 726. Crucially, however, a Chapter 7 estate does not include the wages a debtor earns *or the assets* he acquires after the bankruptcy filing." emphasis added).

19.     The scope of property of the Estate is governed by 11 U.S.C. § 541(a), including the statutory provisions addressing specified postpetition acquisitions. The Motion cannot be granted based solely on an assumption that every postpetition device, record, account, or asset is part of the sale.

20.     PBTC has no basis upon which to request any of the "Hardware" it identifies in its Motion to the extent it seeks any postpetition asset. Further, PBTC does not have a basis to recover any information acquired after the Petition Date unless PBTC first establishes that the information concerns prepetition Bitcoin Assets, the transferred Recovery Actions, or another matter within the scope of the Sale Order and Rule 2004. Postpetition records concerning prepetition assets may present a different issue from independently acquired postpetition property; the Motion improperly treats both categories as identical.

21.     The Motion is also deficient because it does not attach or adequately address the operative provisions of the Sale Order and APA concerning:

a. the specific Bitcoin Assets transferred;

b. the definition and scope of the Recovery Actions;

c. any transferred hardware, records, storage media, or data;

d. cooperation obligations and their limits; and

e. the treatment of private keys, seed phrases, passwords, and other authentication credentials.

22.     Without those provisions, the Court cannot determine whether the requested relief enforces an existing transfer obligation or improperly expands the sale beyond the property and rights approved by the Court.

**Emergency Relief**

23.     Finally, PBTC asserts that the emergency nature of the Motion is necessary because the Bitcoin Assets have moved. Counsel requested and has not been provided with any evidence of recent movement of the Bitcoin Assets. Furthermore, the last known movement of the Bitcoin Assets was shortly after the Sale Order was entered and the Debtor notified all interested parties immediately upon becoming aware of that movement.

24.     PBTC has not identified a specific imminent transfer, dissipation, or destruction of evidence, nor has it explained why ordinary notice and a prompt hearing are inadequate. General allegations that cryptocurrency assets may have moved do not establish emergency relief without competent evidence connecting the alleged movement to the Debtor and demonstrating a present risk of irreparable harm.

25.     The absence of a demonstrated emergency is particularly significant where PBTC seeks intrusive relief affecting potentially privileged and confidential information. The Court should require PBTC to proceed through a measured process that permits the issues to be resolved without unnecessary disclosure or alteration of unrelated data.

**Alternative Protective Conditions**

26.     If the Court determines that limited production or inspection is appropriate, the Debtor respectfully requests that any relief be subject to a written protocol and the following minimum conditions.

a.  PBTC must identify the specific devices, wallets, records, transactions, and data sought;

b.  the scope must be limited to information concerning the prepetition Bitcoin Assets and the transferred Recovery Actions;

c.  any inspection must be conducted by an agreed neutral forensic examiner, or another examiner approved by the Court;

d.  the examiner must create a forensic image without altering the original device or storage medium and must maintain a documented chain of custody;

e.  the Debtor must have an opportunity to conduct a privilege, privacy, confidentiality, and responsiveness review before production or disclosure;

f.  seed phrases, private keys, passwords, and other authentication credentials must not be disclosed to PBTC except under procedures specifically approved by the Court and limited to the assets adjudged to have been transferred;

g.  PBTC and its agents must be prohibited from accessing unrelated accounts, assets, communications, and personal information;

h.  all produced information must be subject to an appropriate confidentiality and data-security order;

i.  PBTC must bear the reasonable costs of inspection, imaging, review, and production; and

j.  the Debtor must be afforded a reasonable period to comply after the protocol is approved.

**WHEREFORE**, the Debtor respectfully requests that the Court deny the Motion in its entirety. Alternatively, the Debtor requests that the Court deny the Motion without prejudice or limit any production or inspection to a narrowly tailored protocol consistent with the Sale Order, the APA, applicable discovery procedures, privilege and privacy protections, and the limitations of Rule 2004; and grant such other relief as may be just and proper.

Respectfully submitted,

*/s/ Jesse I. Redlener*
Jesse I. Redlener (BBO #646851)
Ascendant Law Group LLC
2 Dundee Park Drive, Suite 102
Andover, MA 01810
Phone: (978) 409-2038
jr@ascendantlawgroup.com

Dated: August 12, 2026

## <u>CERTIFICATE OF SERVICE</u>

I, Jesse I. Redlener, hereby certify that on August 12, 2026, I served a copy of the *Debtor's Objection to 2004 Motion*, in the above-captioned proceeding on all parties via the Court's Electronic Case Filing system.

Respectfully submitted,

*/s/ Jesse I. Redlener*

**Service List:**

Darren Azman on behalf of Interested Party Samara CR Holdings, LLC
dazman@mcdermottlaw.com,
mco@mwe.com;nalindogan@mcdermottlaw.com;dnorthrop@mcdermottlaw.com;nova-alindogan-1363@ecf.pacerpro.com

Alan L. Braunstein on behalf of Creditor First Boston Association LLC
abraunstein@riemerlaw.com, ahall@riemerlaw.com;ndailey@riemerlaw.com

Alan M. Cohen on behalf of Creditor Fidelis Residential Bridge Loan Venture V LP
acohen@collections-law.com

Kathleen R. Cruickshank on behalf of Interested Party Harold Murphy
kcruickshank@murphyking.com, bankruptcy@murphyking.com;kflynn@murphyking.com;ecf-f3829d9f3bd3@ecf.pacerpro.com

Mark G. DeGiacomo on behalf of Trustee Donald Lassman
mdegiacomo@harrisbeachmurtha.com, lmulvehill@harrisbeachmurtha.com

Richard N. Gottlieb on behalf of Creditor Mark M. Newberg and Alexis G. Malkin, Individually
and as Trustees of the 5 Wigglesworth Condominium Trust
rnglaw@verizon.net, r39800@notify.bestcase.com

Zachary J. Gregoricus on behalf of Trustee Donald Lassman
zgregoricus@harrisbeachmurtha.com

Lee Harrington on behalf of Debtor Jason M Kahan
lh@ascendantlawgroup.com

Emily Holt on behalf of Interested Party PBTC Recovery Partners, LLC
eholt@nixonpeabody.com,
rbutters@nixonpeabody.com,Bos.Managing.Clerk@nixonpeabody.com

Sara Kathryn Jackson on behalf of Assistant U.S. Trustee Richard King - B
sara.kathryn.jackson@usdoj.gov

Sara Kathryn Jackson on behalf of Plaintiff William K. Harrington
sara.kathryn.jackson@usdoj.gov

Jay P. Johnson on behalf of Creditor Commonwealth Real Estate Holdings, LLC
Jay.Johnson@Barsh-Cohen.com, Johnson.JayB147131@notify.bestcase.com

Richard King - B
USTPRegion01.BO.ECF@USDOJ.GOV

Donald Lassman
don@lassmanlaw.com, dlassman@ecf.axosfs.com

Barry R. Levine on behalf of Debtor Jason M Kahan
barry@levineslaw.com, kathy@levineslaw.com;r39812@notify.bestcase.com

Barry R. Levine on behalf of Defendant Jason M Kahan
barry@levineslaw.com, kathy@levineslaw.com;r39812@notify.bestcase.com

Jeremy Moskowitz on behalf of Creditor Commonwealth Real Estate Holdings, LLC
jmoskowitz@barsh-cohen.com

Morgan Nighan on behalf of Interested Party PBTC Recovery Partners, LLC
mnighan@nixonpeabody.com

Morgan Nighan on behalf of Interested Party Pioneer Funding Group LLC
mnighan@nixonpeabody.com

Richard C. Pedone on behalf of Interested Party PBTC Recovery Partners, LLC
rpedone@nixonpeabody.com,
bos.managing.clerk@nixonpeabody.com,rmcmullin@nixonpeabody.com

Richard C. Pedone on behalf of Interested Party Pioneer Funding Group LLC
rpedone@nixonpeabody.com,
bos.managing.clerk@nixonpeabody.com,rmcmullin@nixonpeabody.com

Robert F. Tenney on behalf of Creditor Enterprise Bank and Trust Company
rtenney@cmlaw.net