**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re:<br><br>JASON M. KAHAN,<br><br>Debtor. | Chapter 7<br><br>Case No. 24-11592-JEB |

**PBTC RECOVERY PARTNERS, LLC'S SUPPLEMENT TO EXPEDITED MOTION OF PBTC RECOVERY PARTNERS, LLC PURSUANT TO BANKRUPTCY RULE 2004 SEEKING TO COMPEL DEBTOR AND HUNTER PENN TO PRODUCE HARDWARE RELATED TO ACQUIRED BITCOIN ASSETS**

Pursuant to this Court's *Proceeding Memorandum and Order* [Docket No. 366] (the "Order"), PBTC Recovery Partners, LLC ("PBTC"), by and through its undersigned counsel, respectfully submits this supplement (the "Supplement") in support of the *Expedited Motion of PBTC Recovery Partners, LLC Pursuant to Bankruptcy Rule 2004 Seeking to Compel Debtor and Hunter Penn to Produce Hardware Related To Acquired Bitcoin Assets* [Docket No. 359] (the "Motion"). In support of this Supplement, PBTC respectfully states as follows:

**SUPPLEMENT**

1. On August 10, 2026, PBTC filed the Motion and on August 12, 2026, Jason M. Kahan (the "Debtor") filed his *Objection to PBTC 2004 Motion* [Docket No. 365] (the "Objection").

2. On August 12, 2026, the Court held a hearing on the Motion at which the Court granted the Motion in part, and adjourned the hearing to August 27, 2026 to allow PBTC and the Debtor to confer and resolve outstanding issues regarding the scope and protocol for the forensic investigation and analysis requested in the Motion (the "Forensic Protocol").

3. On August 12, 2026, the Court entered the Order and permitted PBTC and the Debtor to each file a supplement to their respective pleading. *See* Order, at 1.

4. On August 12 and August 14, 2026, counsel to PBTC e-mailed Debtor's counsel to obtain a list of storage devices in the Debtor's possession, custody or control that may be subject to the Forensic Protocol. *See* **Exhibit A**. Counsel to PBTC has not yet received the requested information and currently does not know which storage devices may be produced by the Debtor.

5. On August 21, 2026, counsel to PBTC e-mailed the Debtor's counsel a draft of the *Proposed Order (I) Granting Expedited Motion Of PBTC Recovery Partners, LLC Pursuant To Bankruptcy Rule 2004 Seeking To Compel Debtor And Hunter Penn To Produce Hardware Related To Acquired Bitcoin Assets And (II) Approving Protocol For Forensic Investigation And Analysis* (the "Proposed Protocol").

6. On August 25, 2026, counsel for PBTC and counsel for the Debtor met and conferred to discuss the Proposed Protocol, at which the parties were not able to reach agreement on a Forensic Protocol. On August 25, 2026, counsel to PBTC also emailed to Debtor's counsel a revised Proposed Protocol.

7. On August 26, 2026, counsel for PBTC, counsel for the Debtor and representatives from Transperfect Legal, the proposed neutral forensic examiner, met and conferred to discuss the Proposed Protocol.

8. At this point in time, the parties have not agreed to a consensual Proposed Protocol due to, among other things, the failure of the Debtor to reveal the list of storage devices in his possession, custody or control that may be subject to the Forensic Protocol. The parties continue to discuss the Proposed Protocol, but no agreement has been reached at this time.

WHEREFORE, PBTC respectfully requests that the Court enter the Proposed Protocol attached hereto as **Exhibit B**, together with such other and further relief as this Court deems just and proper.

Dated: August 26, 2026

Respectfully submitted,

/s/ *Richard C. Pedone*
Richard C. Pedone (BBO # 630716)
Morgan C. Nighan (BBO # 679546)
Daniel P. McMonagle (BBO # 713426)
NIXON PEABODY LLP
Exchange Place
53 State Street
Boston, MA 02109
Telephone: (617) 345-1000
Email: rpedone@nixonpeabody.com

*Counsel to PBTC Recovery Partners, LLC*

**CERTIFICATE OF SERVICE**

I, Richard C. Pedone, hereby certify that on August 26, 2026, I served a copy of *PBTC RECOVERY PARTNERS, LLC'S SUPPLEMENT TO EXPEDITED MOTION OF PBTC RECOVERY PARTNERS, LLC PURSUANT TO BANKRUPTCY RULE 2004 SEEKING TO COMPEL DEBTOR AND HUNTER PENN TO PRODUCE HARDWARE RELATED TO ACQUIRED BITCOIN ASSETS* on all parties requesting service via the Court's Electronic Case Filing system and by email on the parties listed below:

1. counsel for the Debtor (barry@levineslaw.com; jr@ascendantlawgroup.com; lh@ascendantlawgroup.com; rwhynottlaw@gmail.com)
2. the Trustee (don@lassmanlaw.com)
3. counsel to the Trustee (zgregoricus@harrisbeachmurtha.com; mdegiacomo@harrisbeachmurtha.com)
4. Hunter Penn
   soobstorypen@gmail.com
   paralaxpenn@gmail.com
   Alexcolvin@protonmail.com
   HunterKellyPenn@gmail.com
   HunterKellyPenn16@gmail.com

Respectfully submitted,

/s/ *Richard C. Pedone*

**EXHIBIT A**

**From:** Fong, Christopher <cfong@nixonpeabody.com>
**Sent:** Friday, August 14, 2026 4:55 PM
**To:** Jesse Redlener
**Cc:** Pedone, Richard; Nighan, Morgan; Lee Harrington
**Subject:** RE: In re Kahan - Forensic Protocol

Jesse,

I am following up on my email below. Please let us know when we can expect a response.

In addition, please let us know who we should communicate with while you are out on vacation next week.

Regards,
Chris

---

**From:** Fong, Christopher
**Sent:** Wednesday, August 12, 2026 4:08 PM
**To:** Jesse Redlener <jr@ascendantlawgroup.com>
**Cc:** Pedone, Richard <RPEDONE@nixonpeabody.com>; Nighan, Morgan <mnighan@nixonpeabody.com>; Lee Harrington <lh@ascendantlawgroup.com>
**Subject:** In re Kahan - Forensic Protocol

Jesse,

Pursuant to the Court's directive today, I am reaching out to begin collecting the information we will need to negotiate a forensic protocol.

In order for us determine what protocol is appropriate, we need the Debtor to identify storage devices in his possession, custody or control. Can you please fill out the chart below with respect any of the following "Hardware" that the Debtor currently owns, possesses or controls:

1. Computers
2. laptops
3. desktops
4. Tablets
5. mobile phones
6. hardware wallets
7. external hard drives
8. thumb drives
9. SD cards
10. network-attached storage devices
11. backup drives,
12. cloud-storage repositories
13. encrypted containers
14. memory storage devices

15. any other electronic storage media

| Device Type (Laptop, Tablet, etc) | Brand | Make/Model | Operating System on Device | Storage Capacity |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

Regards,
Chris

**Christopher J. Fong**
**Counsel**
cfong@nixonpeabody.com
T/ +1 212.940.3724 M/ +1 917.969.6795 F/ +1 855.900.8613

Nixon Peabody LLP
Tower 46, 55 West 46th Street, New York, NY 10036-4120
LinkedIn | Subscribe

This email message and any attachments are confidential and may be protected by the attorney/client or other applicable privileges. The information is intended to be conveyed only to the designated recipient(s) of the message. If you are not an intended recipient, please notify the sender immediately and delete the message from your email system. Unauthorized use, dissemination, distribution or reproduction of this message by other than the intended recipient is strictly prohibited and may be unlawful. Thank you.

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re:<br><br>JASON M. KAHAN,<br><br>Debtor. | Chapter 7<br><br>Case No. 24-11592-JEB |

**ORDER (I) GRANTING EXPEDITED MOTION OF PBTC RECOVERY PARTNERS, LLC PURSUANT TO BANKRUPTCY RULE 2004 SEEKING TO COMPEL DEBTOR AND HUNTER PENN TO PRODUCE HARDWARE RELATED TO ACQUIRED BITCOIN ASSETS AND (II) APPROVING PROTOCOL FOR FORENSIC INVESTIGATION AND ANALYSIS**

Upon consideration of the *Expedited Motion of PBTC Recovery Partners, LLC Pursuant to Bankruptcy Rule 2004 Seeking to Compel Debtor and Hunter Penn to Produce Hardware Related To Acquired Bitcoin Assets* (the "Motion")[1] filed by PBTC Recovery Partners, LLC ("PBTC"); a hearing having been held on the Motion; the Court having reviewed the Motion and previously entered the *Proceeding Memorandum and Order* [Docket No. 366] partially granting the Motion; and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED and all objections thereto are overruled.

2. All terms of the *Proceeding Memorandum and Order* remain in full force and effect.

3. PBTC is authorized to serve subpoenas pursuant to Bankruptcy Rules 2004 and 9016 upon Jason M. Kahan and Hunter Penn requiring the production of all computers, laptops, desktops, tablets, mobile phones, hardware wallets, external hard drives, thumb drives, SD cards,

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Motion.

network-attached storage devices, backup drives, cloud-storage repositories, encrypted containers, memory storage devices, other electronic storage media, as well as any and all means to access such devices (the "Hardware") within their possession, custody, or control that may contain information relating to the Bitcoin Assets acquired by PBTC pursuant to the *Order (I) Authorizing And Approving The Sale Of Certain Of The Debtor's Assets Free And Clear Of Liens, Claims, Encumbrances And Other Interests, And (II) Granting Related Relief* [Docket No. 343] (the "Sale Order").

4. The following protocol for forensic investigation and analysis (the "Protocol") shall govern the handling of inspection, imaging, copying, and preservation of all materials produced by Jason M. Kahan (the "Debtor") and Hunter Penn in response to the subpoenas issued by PBTC. This Protocol applies to Hardware and ESI produced by the Debtor and Hunter Penn.

**FORENSIC PROTOCOL**

5. **Scope**. This protocol sets forth the process for the identification, preservation, collection, forensic imaging, processing, search, review, and production of Hardware produced by the Debtor and/or Hunter Penn that may contain information relating to the Bitcoin Assets acquired by PBTC pursuant to the Sale Order.

6. **Third-Party Forensic Investigator**. TransPerfect Document Management, Inc. and/or Chancery Staffing Solutions, LLC (d/b/a TransPerfect Staffing Solutions) (together, "TransPerfect") shall act as the third-party forensic investigator to create forensic images of the Hardware and to conduct forensic evaluations, as described below. TransPerfect shall be jointly engaged by the parties and PBTC shall pay for TransPerfect's services consistent with this Protocol. TransPerfect is engaged specifically for execution of the directives contained within

this Protocol, and is not engaged as an expert for any party. TransPerfect shall not offer or provide any opinions, or offer any analysis of data outside the limited scope of this Protocol, but may be called to testify at a deposition, hearing, or trial to explain those steps performed and those items, if any, uncovered in the course of the analysis. TransPerfect shall receive a copy of this Protocol prior to executing any of the directives contained in this Protocol.

7. **Identification of Hardware Subject to Protocol**. Within three (3) calendar days of Court approval of this Protocol, the Debtor and Hunter Penn shall provide a certification under penalty of perjury (the "Certification") regarding any Hardware in their possession, custody, or control that may contain information relating to the Bitcoin Assets acquired by PBTC pursuant to the Sale Order (the "Protocol Hardware"). The Certification shall contain the following information regarding each item of Protocol Hardware:

| Device Type (Laptop, Tablet, etc) | Brand | Make/Model | Operating System on Device | Storage Capacity |
|---|---|---|---|---|
| | | | | |
| | | | | |

In the Certification, the Debtor and Hunter Penn shall also identify (i) any Hardware in their possession, custody or control that the Debtor and Hunter Penn assert does not contain information relating to the Bitcoin Assets acquired by PBTC pursuant to the Sale Order and thus is not being made available to TransPerfect pursuant to this Protocol; and (ii) any Hardware that may previously have contained information relating to the Bitcoin Assets acquired by PBTC pursuant to the Sale Order, but no longer contains such information or no longer is within the Debtor or Hunter Penn's possession, custody or control, along with a description of the circumstances that resulted in the Hardware no longer containing information relating to the Bitcoin Assets acquired by PBTC pursuant to the Sale Order and/or no longer being within the

Debtor or Hunter Penn's possession, custody or control. The Debtor and Hunter Penn have a continuing obligation to notify PBTC of the discovery of any Hardware that may be subject to this Protocol.

8. **Availability and Certification**. On or before seven (7) days after the Debtor and/or Hunter Penn provide the Certification to PBTC's counsel, the Debtor and/or Hunter Penn shall make the Protocol Hardware available to TransPerfect, which shall provide forensic services to fulfill execution of this Protocol. TransPerfect shall take possession of and create a forensic image of the Protocol Hardware provided by the Debtor and/or Hunter Penn. The imaging shall take place at TransPerfect's Boston Digital Forensics Laboratory at 1 Mill & Main Place, Suite 200, Maynard, MA.

9. **Chain of Custody**. TransPerfect shall, with cooperation by the parties and any courier service, complete proper chain of custody documentation, which shall identify all persons who handled or transported the Protocol Hardware and any component part thereof, and identify the locations and conditions under which the Protocol Hardware were provided to TransPerfect. All forensic images, extracted data, credentials, and productions shall be encrypted at rest and in transit. Access shall be limited to personnel reasonably necessary to perform work under this Protocol. TransPerfect shall maintain access logs and shall promptly notify the Parties of any suspected unauthorized access, disclosure, loss, or compromise.

10. TransPerfect shall return the physical Protocol Hardware to the Debtor and/or Hunter Penn within five (5) business days after completion and verification of the forensic imaging described below, unless continued retention is reasonably necessary to complete collection, address technical issues, or comply with further order of the Court.

11. **Debtor and Hunter Penn Cooperation with TransPerfect**. The Debtor and/or Hunter Penn shall provide all passwords, passcodes, decryption keys, access credentials, recovery phrases, two-factor authentication access, and other information necessary to access any Protocol Hardware provided in response to any subpoenas issued by PBTC, subject to any applicable privilege, Fifth Amendment, or other rights preserved by law and any further order of this Court.

12. Any credentials or authentication information provided by the Debtor and/or Hunter Penn shall be provided to TransPerfect only, shall be maintained in encrypted form, shall be used solely to access and collect data authorized by this Protocol, and shall not be disclosed to PBTC or included in any production absent further Court order or written consent of the Debtor and/or Hunter Penn.

13. **Preparation for Imaging**. Before imaging any Protocol Hardware, TransPerfect shall record the specifications, characteristics, and serial number identifiers (both physical and volume) for the Protocol Hardware to document its current physical condition and operability. Before imaging, TransPerfect shall properly prepare suitable forensic storage media ("Target Media") for receipt of any forensic images created through its execution of any directives under this Protocol by preparing a blank hard drive for receipt of forensic image (container) files.

14. **Forensic Image Specifications**. Where possible, TransPerfect shall make one full forensic bit-stream copy of each piece of Protocol Hardware onto Target Media using a properly functioning forensic write-blocking device or software and an imaging device. For media and devices, TransPerfect shall make a forensic image by making a bit-for-bit evidentiary image (or other comprehensive copy) of the Protocol Hardware using a procedure that is generally

accepted as forensically sound. Generally accepted forensically sound procedures include, but are not limited to:

a. Removing the physical hard drive or other data storage component and attaching it to a forensic acquisition system that is running the operating system via a write blocker which will prevent any writing to the evidence drive.

b. Using a specifically modified boot USB drive which boots the Protocol Hardware into an operating system designed for forensic collection of data.

c. Removing the physical hard drive or other data storage component from Protocol Hardware and attaching it to a hardware-based forensic imager.

d. In limited circumstances due to certain hardware/software restrictions, creating a live forensic image of the Protocol Hardware using forensic acquisition software.

e. The acquired image shall be written to a clean, wiped formatted and encrypted, hard drive. During this process, an MD5 Hash value for each evidence drive image will be computed and saved by the acquisition software.

f. TransPerfect shall conduct forensic verification of all images made. The forensic verification process of the digital data shall be done by processing the evidence files to obtain a new MD5 Hash value for each image file. The MD5 Hash values generated during the verification process must match the MD5 Hash values generated by the acquisition process.

15. For cloud accounts and cloud-based data repositories, TransPerfect shall make an evidentiary copy of the data, by accessing the account using the Debtor and/or Hunter Penn's credentials and two-factor authentication, and using generally accepted forensically sound procedures to download all available data (including available metadata). TransPerfect shall access and collect all data on cloud accounts and cloud-based data repositories, create logical evidence files of the same, and include within the logical evidence file properties any and all information necessary to identify the original source of the virtual repositories. The Debtor and/or Hunter Penn shall provide necessary usernames and passwords to TransPerfect to ensure

prompt and full access to such repositories. TransPerfect shall access cloud repositories solely for collection purposes and shall not send communications, alter settings, delete or move data, mark items as read where avoidable, or enable ongoing synchronization or monitoring, except as necessary to perform a defensible collection.

16. For mobile devices, TransPerfect shall make an evidentiary data acquisition (or other comprehensive copy as available) of the mobile device, using a procedure that is generally accepted as forensically sound for mobile device forensics. The Debtor and/or Hunter Penn shall provide necessary passwords and credentials to TransPerfect to ensure prompt and full access to such mobile devices. Generally accepted forensically sound procedures include, but are not limited to:

a. Utilizing Cellebrite UFED, Cellebrite Premium, Magnet Verakey or similar mobile device forensic software to create the evidentiary acquisition.

b. Conducting forensic verification of all acquisitions via Digital Forensics software as available.

c. Upon completion of the forensic acquisition process, TransPerfect will extract for searching:

   i. All available text messages/iMessages, direct messages, and Chats from native and third-party applications and convert them into Relativity Short Message Format ("RSMF") format, segmented into 24-hour periods.

   ii. Calendar data

   iii. Calls Logs

   iv. Voicemails

   v. Contacts

   vi. Media (Pictures, Audio, Videos)

   vii. Notes

   viii. Documents

17. TransPerfect shall be entitled to make additional copies of any forensic image created under this Protocol for purposes of redundancy and disaster recovery.

18. If TransPerfect identifies encrypted containers, password managers, wallet applications, backup files, or other protected repositories, TransPerfect shall document their existence and request necessary access credentials from the Debtor and/or Hunter Penn, subject to any rights preserved by law and further Court order.

19. **Forensic Imaging Process**. Upon completion of the forensic imaging of any Protocol Hardware provided by the Debtor and/or Hunter Penn, TransPerfect shall provide notification to the parties of completion of imaging, as well as a complete list of the files that are contained in those images along with the file name, file path, date, and other relevant data fields. Such notice may be provided by email (the "Forensic Imaging Notification"). For the avoidance of doubt, the forensic imaging of any Protocol Hardware shall take place on a rolling basis and TransPerfect shall issue a Forensic Imaging Notification upon the completion of the forensic imaging of each item of Hardware.

20. Within fourteen (14) days of receiving the Forensic Imaging Notification, the Debtor and/or Hunter Penn shall notify PBTC and TransPerfect of which files the Debtor and/or Hunter Penn assert should be withheld on the basis of privilege, work-product protection, or on the ground that such file is non-responsive (the "Designated Materials"), along with a log containing a description of the Designated Materials to be withheld, the file name, file path, date, author, recipients, file type, hash value, and basis for withholding (the "Log"). For forensic artifacts or data fragments for which such information is not reasonably available, the Debtor and/or Hunter Penn may provide a categorical log identifying the artifact type, source, and basis for withholding.

21. If PBTC disagrees with the withholding of any Designated Materials, PBTC shall identify any challenge to a withheld item to the Debtor and/or Hunter Penn in writing, and the Parties shall meet and confer within three (3) business days thereafter. If unresolved, any party may submit the dispute via letter motion to the Court within five (5) business days after the meet-and-confer, which letter motion may be heard on an expedited basis. Pursuant to Federal Rule of Evidence 502(d), production of privileged or work-product-protected information, whether inadvertent or otherwise, shall not constitute a waiver in this proceeding or in any other federal or state proceeding.

22. Within a commercially reasonable amount of time after the Debtor and/or Hunter Penn notifies PBTC and TransPerfect of the Designated Materials, TransPerfect shall deliver the forensic image of each item of Protocol Hardware to the parties, but shall not produce any Designated Materials. Any Designated Materials shall only be provided to PBTC upon order of the Court or with the consent of the parties. Productions shall be made in native format where reasonably practicable, together with reasonably available metadata, including source device, file path, file name, file extension, created/modified/accessed dates, hash value, and custodian/source. For artifacts not reasonably producible natively, TransPerfect may produce screenshots, reports, exports, or PDFs sufficient to show the content and relevant metadata.

23. There is no restriction on any party obtaining its own forensic examiner to review, analyze, and report, under protection of any applicable privilege, any materials produced to the parties by TransPerfect under this Protocol. No party’s forensic examiner may access any full forensic image except under the terms of this Protocol, any applicable protective order, and/or any further order of the Court resolving privilege, privacy, relevance, and security issues.

24. **Confidentiality Obligations of TransPerfect**. At all times from and after employment in connection with this Protocol, TransPerfect shall hold all documents and information provided to TransPerfect in connection with this Protocol in strict confidence and shall not divulge, disclose, or be in a position to inevitably disclose, or otherwise communicate, directly or indirectly, to any person or entity, any information, document or image accessed in connection with this Protocol, except as required in compliance with this Protocol or subsequent court order. TransPerfect shall not duplicate, copy, or remove any property or information accessed or obtained in connection with this Protocol, except as set forth under this Protocol or subsequent court order. TransPerfect shall not make or retain any copy, note, or other item intended to memorialize any such data or information, except as set forth under this Protocol.

25. No person, including TransPerfect, PBTC, the Debtor, Hunter Penn, or any forensic examiner, shall use any private key, seed phrase, recovery phrase, passphrase, wallet file, hardware wallet, exchange credential, two-factor authentication method, or other access mechanism discovered or provided under this Protocol to transfer, move, sell, pledge, encumber, conceal, alter, or otherwise exercise control over any digital asset, except upon further order of the Court or written agreement of the parties.

26. **Additional Provisions**.

a. All copies of the forensic images of the Protocol Hardware will be destroyed by TransPerfect at a time which the parties mutually agree that the imaged copies may be destroyed/deleted (the "Expiration Period"), as communicated to TransPerfect by joint written assent of counsel for the parties. When so directed, TransPerfect shall destroy/delete from TransPerfect's systems within thirty (30) days of the Expiration Period. TransPerfect will provide verification of the destruction of the imaged copies of the Protocol Hardware to counsel for the parties.

b. The parties will make all commercially reasonable efforts to facilitate this Protocol. Any party can petition the Court for some relief of fees and costs associated with this Protocol that it believes in good faith are commercially unreasonable or prohibitively expensive.

c. The inadvertent production or disclosure of any document in connection with the forensic examination described in this Order shall be without prejudice to any claim that such material is protected by any legally cognizable privilege or evidentiary protection including, but not limited to the attorney-client privilege, or the work product doctrine, and no party shall be held to have waived any rights by such inadvertent production.

d. Nothing contained in this Protocol shall affect or restrict the rights of any party with respect to its own documents or to information obtained or developed independently.

27. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: ___________________

________________________________________
JANET E. BOSTWICK
UNITED STATES BANKRUPTCY JUDGE