**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | CHAPTER 7 |
| **JASON M. KAHAN,** | ) | CASE NO. 24-11592-JEB |
| | ) | |
| Debtor. | ) | |

## DEBTOR'S MOTION FOR LEAVE TO FILE OBJECTION TO DOCKET NO. 388 AFTER THE DEADLINE

1. I am Jason Kahan, and I am representing myself. I ask for leave under Federal Rule of Bankruptcy Procedure 9006(b)(1) to file my objection to the Trustee's Motion to Approve Stipulation with First Boston Associates, LLC (Docket No. 388) after the deadline. The objection is filed with this motion. No hearing has been held on Docket No. 388, and I understand it is about two weeks away.

2. I missed the October 8, 2026 deadline, and that is on me. I am not going to offer an excuse. I am asking the Court, the Trustee, and First Boston to forgive a mistake made by someone with no lawyer, and to hear me anyway.

3. I do not have a lawyer for this part of the case. Attorney Jesse Redlener withdrew suddenly, and Attorney Barry Levine could give me only limited help because of a death in his family. That left me alone to work through a stipulation with a release and stay-relief terms, and to write an objection, in a short time. I am not a lawyer, and I am doing this while trying to keep my family in our home.

4. I filed this motion and my objection on Tuesday, October 13, 2026, five days after the deadline.

5. Rule 9006(b)(1)(B) lets the Court accept a late filing when the delay was excusable neglect. The Court looks at the risk of prejudice, how long the delay was and what effect it has on the proceedings, the reason for the delay, and whether the party acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

6. The delay is a matter of days, and I am not aware of any harm from it. The hearing has not been held and is still about two weeks away. That gives the Trustee and First Boston time to respond, and the hearing does not need to be moved.

7. The delay came from losing my lawyers at the moment I most needed them, and from trying to do this alone. I am not trying to stall anything. I intend to pay First Boston in full. I have already paid $100,000 and have made monthly payments under our June 2026 agreement. My objection asks the Trustee to explain the balance, the stay relief, and the release. It does not ask the Court to cancel a debt.

8. I ask for the Court's understanding and its mercy. This bankruptcy has been the hardest thing I have been through, and I have already lost a great deal in it. I am trying to protect my family's home and pay what I owe. The Stipulation would call a balance undisputed and release claims without explaining either one, and I did not want my first chance to ask for an explanation to be lost because I was late. I am only asking to be heard.

9. I ask the Trustee and First Boston not to oppose this motion. I ask the Court to grant leave, accept the objection as filed, and consider it at the hearing.

Respectfully submitted,

**Jason M. Kahan, Pro Se**
23 Sagamore Lane
Boxford, Massachusetts 01921
Telephone: 617-633-3533
Email: jk@jasonkahan.com
Date: 10/13/2026

## DECLARATION OF JASON M. KAHAN

I, Jason M. Kahan, declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

1. I am the debtor in this case. I submit this declaration in support of my motion for leave to file my objection to Docket No. 388 after the deadline.
2. Attorney Jesse Redlener withdrew suddenly. Attorney Barry Levine was able to provide only limited assistance. I prepared my objection without a lawyer.
3. The deadline to object to Docket No. 388 was October 8, 2026. I did not file by that date. I am filing this motion and my objection on October 13, 2026.

Executed on: October 13th, 2026

At: 9:25 AM

**Jason M. Kahan**

## CERTIFICATE OF SERVICE

I certify that on October 13th, 2026, I served a copy of the foregoing motion on the following by email and USPS Certified Mail:

Donald R. Lassman, Chapter 7 Trustee
c/o Mark G. DeGiacomo and Zachary J. Gregoricus
Harris Beach Murtha Cullina PLLC
33 Arch Street, 12th Floor, Boston, MA 02110
mdegiacomo@harrisbeachmurtha.com; zgregoricus@harrisbeachmurtha.com

Alan L. Braunstein, Counsel for First Boston Associates, LLC
Riemer & Braunstein LLP
100 Cambridge Street, Boston, MA 02114
abraunstein@riemerlaw.com

Office of the United States Trustee
5 Post Office Square, Suite 1000, Boston, MA 02109

**Jason M. Kahan**

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF MASSACHUSETTS**

**EASTERN DIVISION**

| | |
|---|---|
| **In re:**<br>**JASON M. KAHAN,**<br><br>Debtor. | CHAPTER 7<br>CASE NO. 24-11592-JEB |

**DEBTOR'S PRO SE OBJECTION TO TRUSTEE'S MOTION TO APPROVE STIPULATION WITH FIRST BOSTON ASSOCIATES, LLC AND REQUEST FOR DEFERRED APPROVAL**

## Relief Requested

1. I am Jason Kahan, and I am representing myself. I object to the Trustee's Motion to Approve Stipulation with First Boston Associates, LLC (Docket No. 388, the "Motion"). The stipulation itself is Docket No. 388-1 (the "Stipulation"), and my page citations to it follow the exhibit's own numbering. The property at issue is my home at 23 Sagamore Lane in Boxford (the "Property"). Dkt. 388 ¶ 3. I ask the Court to hold off on approval, or deny the Motion without prejudice, until the Trustee explains the balance First Boston is owed, the stay relief in the Stipulation, and what exactly is being released. My motion for leave to file after the deadline is filed with this objection, and I ask the Court to take that up first.

2. I know this objection is late. The deadline was October 8, 2026, and I filed on October 13. My motion for leave asks the Court's forgiveness for that. The hearing has not been held yet. I ask the Trustee and First Boston not to oppose my being heard, and I ask the Court to consider the objection along with the Motion.

3. If the Court is inclined to approve some settlement, I ask that it be a narrower stipulation limited to what the estate actually owns. It should leave alone any claims and defenses that are not estate property, and it should not decide my personal liability or whether any foreclosure sale is valid.

4. I also ask the Court to request that the Trustee seek First Boston's written agreement not to hold a foreclosure sale until 30 days after the Court rules, or for some other definite period they agree to in writing. I understand that this objection does not stop a foreclosure, and that First Boston would have to agree to wait.

5. I have a direct stake in this. The Stipulation concerns the second mortgage on my home and the loan I signed, and Rule 9019(a) requires that the debtor receive notice of a compromise like this one. Dkt. 388 ¶¶ 7, 11. I speak only for myself, not for Olga Bassa, any company, or the estate.

6. I am not trying to get out of the mortgage or have the debt forgiven. I intend to pay First Boston in full once the amount is reconciled, and I have asked for more time to do it. I am not asking the Court to force First Boston to give me that time. I want the Stipulation explained, and I want a short, voluntary pause while that happens.

## Background

7. I filed this Chapter 7 case on August 7, 2024. First Boston's claim is Claim No. 6 on the claims register, filed November 8, 2024, for $313,824.83. Dkt. 388 ¶¶ 1, 8. The Stipulation calls it Claim No. 6-1. Dkt. 388-1 at 2.

8. The Trustee says he informally objected to the claim on the ground that it is fully secured by the Property. Dkt. 388 ¶ 9. Under the proposed deal, First Boston gives up any distribution from the estate and gets its claim allowed as valid, enforceable, and undisputed against the Property. Dkt. 388 ¶ 10. The Stipulation also contains stay-relief and release terms that paragraph 10 of the Motion never mentions. Dkt. 388-1 at 2–3.

9. The Stipulation says the balance was over $325,000 as of July 31, 2026, yet in the same paragraph it says the balance includes payments made through August 25, 2026. Dkt. 388-1 at 2. Nothing filed with the Motion shows how those later payments were credited or how the figure squares with the $313,824.83 proof of claim.

10. In June 2026 I made an agreement with First Boston. I paid $100,000 up front and have made the monthly payments since. The agreement sets a discounted payoff of $290,000 if its conditions are met. It also deals with the underlying balance, fees, source-of-funds conditions, and a 91-day period before the mortgage is discharged. I am not asking the Court to rewrite it. I want to know how it and my payments fit with the balance in the Stipulation.

11. The Motion says the Trustee abandoned the Property on October 16, 2024. Dkt. 388 ¶ 4 (citing ECF Nos. 54, 56). The Stipulation mentions stay relief First Boston obtained in Olga Bassa's case. Dkt. 388-1 at 2. That was an order entered April 10, 2025 in Case No. 24-10404 (Doc. 95), and it was stayed through April 25, 2025. First Boston has never been granted relief from stay in my case. I am not asking the Court to undo any existing order.

## Settlement Standard

12. Under Rule 9019(a), the Court may approve a trustee's compromise after notice and a hearing, and notice goes to the debtor. Fed. R. Bankr. P. 9019(a); Dkt. 388 ¶ 11. The First Circuit looks at the chance of success in the litigation being settled, the difficulty of collecting, the complexity, cost, inconvenience, and delay of litigating, and the paramount interest of creditors and a proper deference to their reasonable views. *Jeffrey v. Desmond*, 70 F.3d 183, 185 (1st Cir. 1995).

13. I am not asking the Court to resolve every dispute before approving a settlement. I am asking for enough information to judge the trade and to know what approval would settle.

## The Balance and the Payments

14. The gap between $313,824.83 and a balance over $325,000 could come from later interest or charges. Dkt. 388 ¶ 8; Dkt. 388-1 at 2. What I cannot tell is how a July 31 balance can include payments through August 25. Before anyone calls the balance undisputed, the Trustee should say what date the figure is calculated to, what accrued afterward, and how each payment was credited.

15. I would like to see a ledger showing principal, contract and default interest with the rates and dates, late charges, legal and auctioneer fees, and every payment with its date and how it was applied. The Trustee should give a precise balance as of a stated date and separate the real loan balance from the conditional discounted payoff. He should also say which amounts are still disputed or contingent and what in the loan documents allows each charge. A stipulation recording First Boston's waiver of a distribution does not have to fix a larger balance against the Property that nobody has reconciled.

## Errors in the Stipulation

16. The Stipulation says the mortgage and note were given by "the Debtor and Kahan," while the Motion says the second mortgage was granted by me and Bassa. Dkt. 388-1 at 1; Dkt. 388 ¶ 7. The parties should say exactly who signed what.

17. The Stipulation gives the Enterprise first-mortgage balance as $1,225,784.54 as of August 12, 2004, while the Motion says August 12, 2024. Dkt. 388-1 at 1–2; Dkt. 388 ¶ 6. It also lists about $1,192,902.76 and $1,225,784.54 without dating the lower number. Dkt. 388-1 at 1. The year and the components should be checked, and the phrase "the loan balanced" should be fixed. Dkt. 388-1 at 2.

18. The Motion relies on an assessed value of $1,874,700 and a market value above $2,000,000 taken from online brokerage websites. Dkt. 388 ¶ 5. The Stipulation uses those numbers to find a large equity cushion. Dkt. 388-1 at 2. Neither paper gives a current payoff on the first mortgage, a dated valuation, or an equity figure that accounts for accruing charges and other liens.

19. I ask the Trustee to explain what supports finding the claim secured. If the settlement does not need a ruling on value, the Stipulation should say that First Boston asserts it is secured and stop there.

## The Release

20. The release covers known and unknown claims about the loan documents, note, and mortgage, and it protects First Boston and a long list of related persons. Dkt. 388-1 at 2–3. By its terms it covers claims the Trustee has or says he has. It does not name me or Ms.

Bassa as releasing parties. I ask for a clear statement that it reaches only estate claims, so that no one reads it as giving up rights the Trustee does not own. The Motion does not say which claims were investigated or what they were worth. Dkt. 388 ¶¶ 9–10, 15.

21. I ask the Trustee to explain what was looked at, including any payment, charge, project-proceeds, or commission issues, and why giving up a distribution is a fair trade for this release. He should also address the chances of recovery, collection, the cost and delay of litigating, and the effect on creditors.

22. The release should cover only claims the estate owns and the Trustee has authority to settle. Claims and defenses that belong to me, Olga Bassa, or a separate entity should be preserved to the extent they are not estate property. Abandoning the Property does not by itself mean every related claim was abandoned. The release also reaches conduct through the date of the agreement, Dkt. 388-1 at 3, and anything after that date should be preserved. I do not want to litigate anyone else's rights here.

23. Olga Bassa is my wife and a co-owner of the Property. The Motion says we both own it and both granted the second mortgage. Dkt. 388 ¶¶ 3, 7. She signed the original mortgage, but she was excluded from signing the June 2026 workout and forbearance agreement. She is not a party to the Stipulation either, which is between the Trustee and First Boston. Dkt. 388-1 at 1. Any approval should say that it does not bind her to the workout agreement, release claims of hers that the Trustee cannot release, or decide her ownership or other rights. I am not seeking relief for her, and I am not claiming that her absence from the workout agreement makes the original mortgage invalid.

## The Stay-Relief Provision

24. The Stipulation has the Trustee consent to relief from the automatic stay as to the Property, all proceeds, and all payments First Boston has received or receives under the note and mortgage. It also covers interpleader of any foreclosure surplus and payments to the first-mortgage holder and for closing costs. Dkt. 388-1 at 2. That goes well beyond the waiver of distribution described in the Motion. Dkt. 388 ¶ 10.

25. The Trustee should say whether this is new stay relief, recognition of relief that already exists, or protection for past payments, and why it is legally justified. Rule 4001 has its

own requirements for motions for relief from stay and for agreements that modify or end the stay, including a copy of the agreement and a proposed order. Fed. R. Bankr. P. 4001(a), (d). The Court should decide which procedure applies before approving this part.

26. The Trustee should also explain why payments through August 25, 2026 are treated as coming from outside the estate. The Stipulation says they are represented as not from the estate or estate property. Dkt. 388-1 at 2. If approval would settle any estate interest in those payments, in proceeds, or in a foreclosure surplus, that interest should be disclosed and weighed as part of the deal.

**Foreclosure**

27. The Stipulation says First Boston's foreclosure rights are not changed and refers to foreclosure "as presently scheduled," but it gives no sale date. Dkt. 388-1 at 3. That should be clarified or removed. Any order approving a settlement should say that it does not authorize a particular sale, decide whether notice or adjournment requirements were met, set a payoff or redemption amount, or decide the rights of anyone who is not a party. I am asking about the meaning of the order, not for a ruling on a state-law foreclosure dispute.

28. The Property was abandoned from the estate effective October 16, 2024, so the stay of acts against property of the estate no longer applies to it. 11 U.S.C. §§ 362(c)(1), 554(a); Dkt. 388 ¶ 4. No order granting First Boston relief from stay has been entered in my case, and I am not claiming that the automatic stay bars a foreclosure. Filing this objection does not create or reinstate a stay.

29. What I ask is that the Trustee seek a voluntary standstill from First Boston, so the payments can be reconciled, the errors corrected, and a narrower settlement considered before any sale. If First Boston refuses, I ask that its position be put on the record. I am not asking the Court, through this objection, to order a loan extension, a new payment plan, or a waiver of the balloon payment.

30. The Stipulation says Bassa's case closed as a no-asset case. Dkt. 388-1 at 1. The stay-relief order in that case (No. 24-10404, Doc. 95) is an order in her case. It is not an order in mine, and no approved stipulation should treat it as one.

## Conclusion

31. Before approval, I request declarations and documents covering the ledger and payment credits, the disputed dates and party descriptions, the first-mortgage payoff and the basis for value, and the estate claims being released. The Trustee and First Boston should also identify the current mortgage holder and servicer and any scheduled sale date. If material facts are contested, I ask for an evidentiary hearing.

32. For these reasons I ask the Court to defer approval of Docket No. 388 or deny it without prejudice. In the alternative, I ask for a revised stipulation and order limited to the estate's interests, with a clear reservation of the claims and defenses the Trustee cannot release. I also ask that the Trustee seek the voluntary standstill described above. I reserve my own claims and defenses, subject to applicable law and existing orders.

Respectfully submitted,

**Jason M. Kahan, Pro Se**

23 Sagamore Lane
Boxford, Massachusetts 01921
Telephone: 617-633-3533
Email: jk@jasonkahan.com

Date: 10/13/2026

## DECLARATION OF JASON M. KAHAN

I, Jason M. Kahan, declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

1. I am the debtor in this case. This declaration supports my objection to Docket No. 388.
2. I have read the Motion (Docket No. 388) and the Stipulation (Docket No. 388-1). They contain the different balance figures, the date and party descriptions, and the foreclosure language that I describe in my objection.
3. I paid $100,000 up front and have made monthly payments under the June 2026 agreement. I am asking for a full accounting of how those payments were credited.
4. Olga Bassa is my wife and a co-owner of the Property. She signed the original mortgage. She was excluded from signing the June 2026 workout and forbearance agreement.
5. The Property was abandoned from the estate effective October 16, 2024. No order granting First Boston relief from stay has been entered in my case.
6. I ask that the Stipulation be clarified before it is approved and that the Trustee seek a voluntary foreclosure standstill. I understand that filing my objection does not stay a foreclosure sale.

Executed on: October 13th, 2026
At: 9:25 AM

Jason M. Kahan

## CERTIFICATE OF SERVICE

I certify that on October 13th, 2026, I served a copy of the foregoing objection, declaration, and proposed order on the following by email and USPS Certified Mail:

Donald R. Lassman, Chapter 7 Trustee
c/o Mark G. DeGiacomo and Zachary J. Gregoricus
Harris Beach Murtha Cullina PLLC
33 Arch Street, 12th Floor, Boston, MA 02110
mdegiacomo@harrisbeachmurtha.com; zgregoricus@harrisbeachmurtha.com

Alan L. Braunstein, Counsel for First Boston Associates, LLC
Riemer & Braunstein LLP
100 Cambridge Street, Boston, MA 02114
abraunstein@riemerlaw.com

Office of the United States Trustee
5 Post Office Square, Suite 1000, Boston, MA 02109

______________________________
**Jason M. Kahan**

# PROPOSED ORDER

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF MASSACHUSETTS**

**EASTERN DIVISION**

**In re:**

**JASON M. KAHAN,**

Debtor.

Chapter 7

Case No. 24-11592-JEB

## ORDER ON DEBTOR'S OBJECTION TO DOCKET NO. 388

The Debtor's Motion for Leave to File Objection to Docket No. 388 After the Deadline is ALLOWED. After consideration of the Chapter 7 Trustee's Motion to Approve Stipulation with First Boston Associates, LLC, the Debtor's objection, and the record, it is ORDERED:

1. Approval of the Stipulation attached to Docket No. 388 is deferred pending further order of the Court.

2. Within 21 days of this Order, and before further consideration of the Motion, the Trustee shall file a supplemental submission that explains the claimed balance and payment credits, corrects the party and date descriptions, identifies the evidence supporting the secured-claim characterization, and describes the estate claims to be released and the basis for the proposed exchange. The submission shall also explain the proposed stay relief, identify any prior stay-relief order entered in this case, and address the treatment of payments, proceeds, and any foreclosure surplus and the applicable notice procedure.

3. Any revised stipulation shall identify the estate interests being compromised and expressly preserve claims and defenses that are not estate property and that the Trustee lacks authority to release. Approval shall not bind Olga Bassa to the June 2026 workout agreement or adjudicate her ownership or other rights.

4. The Trustee is requested to seek First Boston's written agreement to a voluntary foreclosure standstill through 30 days after disposition of the Motion, or for another definite period agreed to in writing.

5. This Order does not stay or authorize foreclosure, decide the sufficiency of sale notices or procedures, determine personal liability or the loan payoff amount, or modify any prior abandonment or stay-relief order. Further proceedings on the Motion will be scheduled by separate notice.

SO ORDERED.

Date: ____________________

______________________________________

UNITED STATES BANKRUPTCY JUDGE